IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CELGENE CORPORATION, NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS PHARMA AG,<br><br>                Plaintiffs,<br><br>      v.<br><br>ABRIKA PHARMACEUTICALS, INC. and ABRIKA PHARMACEUTICAL, LLLP,<br><br>                Defendants | ) ) ) ) )   C. A. No. 06-741-SLR ) ) ) ) ) ) ) ) ) |

**OPENING BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' ANSWER AND COUNTERCLAIMS OR, ALTERNATIVELY, TO STAY THE PROCEEDINGS**

OF COUNSEL:

Anthony M. Insogna
Lester J. Savit
JONES DAY
12750 High Bluff Drive, Suite 300
San Diego, CA 92130-2083
(858) 314-1200

F. Dominic Cerrito
JONES DAY
222 East 41st Street
New York, New York 10017-6702
(212) 326-3939

*Attorneys for Plaintiff Celgene Corporation*

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiffs*

Robert L. Baechtold
Henry J. Renk
Nicholas N. Kallas
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, New York 10112
(212) 218-2100

*Attorneys for Plaintiffs Novartis
Pharmaceuticals Corporation and
Novartis Pharma AG*


Dated:  December 28, 2006

769715

# TABLE OF CONTENTS

I. NATURE AND STAGE OF THE PROCEEDING AND SUMMARY OF ARGUMENT ............................................................................................... 1

II. BACKGROUND ............................................................................................... 2

III. ARGUMENT ..................................................................................................... 3

    A. The Case Filed In New Jersey Takes Precedence Over This One. .............. 3

        1. New Jersey Is The Dominant Jurisdiction Because It Is The First-Filed Venue. ............................................................................... 4

        2. Plaintiffs' Choice Of The New Jersey Venue Should Be Given Deference Over Defendants' Choice Of Delaware. ........................ 5

        3. Plaintiffs Do Not Lose Their Right To Chose The Venue Simply Because They Filed A Secondary, Protective Suit. ........................ 6

    B. Abrika's Answer And Counterclaim Should Be Stricken To Avoid Unnecessary, Duplicative, And Wasteful Efforts. ....................................... 7

IV. CONCLUSION .................................................................................................. 8

# TABLE OF AUTHORITIES

**CASES**

*Burke v. Quartey*,
  969 F. Supp. 921 (D.N.J. 1997).................................................................................5

*Crosley Corp. v. Hazeltine Corp.*,
  122 F.2d 925 (3rd Cir. 1941), *cert. denied*, 315 U.S. 813 (1942)..............................4

*Exxon Mobil v. Saudi Basic Indus. Corp.*,
  544 U.S. 280 (2005)....................................................................................................6

*Government of Virgin Islands v. Neadle*,
  861 F. Supp. 1054 (M.D. Fla. 1994)...........................................................................7

*Great West Life Assurance Co. v. Levithan*,
  834 F. Supp. 858 (E.D. Penn. 1993)...........................................................................7

*Int'l Nickel v. Barry*,
  204 F.2d 583 (4th Cir. 1953).......................................................................................8

*Kahn v. General Motors Corp.*,
  889 F.2d 1078 (Fed. Cir. 1989)...................................................................................4

*Kohn, Savett, Klein & Graf v. Cheyenne Corp.*,
  1990 U.S. Dist. LEXIS 4150 (E.D. Penn. 1990) ........................................................7

*Landis v. North American Co.*,
  299 U.S. 248 (1936)....................................................................................................8

*Lony v. E.I. Du Pont de Nemours & Co.*,
  935 F.2d 604 (3rd Cir. 1991).......................................................................................5

*Market Transition Facility of New Jersey v. Twena*,
  941 F. Supp. 462 (D.N.J. 1996)..................................................................................5

*Newcomb v. Daniels, Saltz, Mongeluzzi &Barrett, Ltd.*,
  847 F. Supp. 1244 (D.N.J. 1994)................................................................................5

*Rhines v. Weber*,
  544 U.S. 269 (2005)....................................................................................................7

*Union Pacific R. Co. v. Department of Revenue of Ore.*,
  920 F.2d 581 (9th Cir. 1990).......................................................................................7

*United States v. Secord*,
  43 F.3d 1469 (4th Cir. 1994).......................................................................................7

**STATUTES AND RULES**

21 U.S.C. § 355(j)(5)(B)(iii) ..................................................................................................2

35 U.S.C. § 271(e)(2)(A) ......................................................................................................2

Fed. R. Civ. P. 4 ....................................................................................................................1

Fed. R. Civ. P. 12(f) ..............................................................................................................7

Fed. R. Civ. P. 16.2(a) ..........................................................................................................6

I. **NATURE AND STAGE OF THE PROCEEDING AND SUMMARY OF ARGUMENT**

Plaintiffs Celgene Corporation ("Celgene"), Novartis Pharmaceuticals Corporation and Novartis Pharma AG (jointly, "Novartis") seek to strike the Answer and Counterclaims of defendants Abrika Pharmaceuticals, Inc. and Abrika Pharmaceutical, LLLP (collectively "Abrika"), without prejudice to re-filing when and if plaintiffs serve the complaint and summons pursuant to Rule 4 of the Federal Rules of Civil Procedure. Two days *prior* to their filing of the complaint here, Plaintiffs brought an identical patent infringement action against Abrika in the United States District Court for the District of New Jersey. As the earlier-filed action, the New Jersey case takes precedence; Abrika's attempt to prematurely answer the Delaware complaint prior to service, *i.e.*, to choose its own forum and move this case ahead of the first-filed New Jersey action, should be rejected.

Alternatively, plaintiffs seek a short, temporary stay of the proceedings in this Court. This action is a protective suit assuring that certain filing date requirements are met in the unlikely event personal jurisdiction over the defendants is not established in New Jersey. If, as expected, the New Jersey action moves forward, plaintiffs will voluntarily dismiss the Delaware complaint. In the unlikely event that plaintiffs are unable to obtain jurisdiction over the defendants in the forum of the plaintiffs' choice (i.e., New Jersey), the present Delaware action will have been filed within the statutory 45 day period under the Hatch-Waxman Act, and plaintiffs' rights will be preserved.

For the reasons stated herein, plaintiffs' motion to strike, or in the alternative, stay the proceedings, should be granted.

## II. BACKGROUND

On October 23, 2006, Defendant Abrika Pharmaceuticals, Inc. sent letters (the "Notice Letters") notifying plaintiffs that it had filed an Abbreviated New Drug Application ("ANDA") with the FDA seeking approval to market a generic version of Novartis' patented RITALIN LA drug product. (Complaint, at ¶ 14.) Under the Hatch-Waxman Act, plaintiffs' receipt of the notice letters started a 45 day period within which Celgene and Novartis must file suit in order to fully preserve their rights. *See* 21 U.S.C. § 355(j)(5)(B)(iii). If the complaint is filed within the 45 day period, the FDA's approval of the ANDA is barred for 30 months while the dispute is being resolved. *Id.* If the complaint is not filed within this period, plaintiffs can still file an action, but will lose the benefit of the 30 month stay imposed upon the FDA. Under those circumstances, plaintiffs would be forced to move for a preliminary injunction or face the prospect of the presence of an infringing generic competitor on the market before a determination on the merits.[1]

Plaintiffs chose to file their patent infringement action in New Jersey on December 4, 2006, within the 45 day period.[2] Both Celgene and Novartis Pharmaceuticals Corporation are located in the State of New Jersey. (Complaint, at ¶¶ 2-3.) Defendant Abrika Pharmaceuticals, Inc. sells drug products in New Jersey through major outlets such as Walgreens. (Savit Decl., Exh. A, at ¶ 8.) Thus, the United States District Court for the District of New Jersey is the most logical and convenient forum for this dispute.

---

[1] The 30 month period begins to run from the date the Plaintiffs received the Notice Letters, not when the complaint is served. 21 U.S.C. § 355(j)(5)(B)(iii).

[2] The submission of an ANDA to the FDA seeking marketing approval for a drug product prior to expiration of a patent listed with the FDA is an act of infringement. *See* 35 U.S.C. § 271(e)(2)(A).

2

Defendant Abrika Pharmaceuticals, Inc. is incorporated in the State of Delaware. (Complaint, at ¶ 5.) In order to assure that personal jurisdiction would be established over the defendants in an action filed within the 45 day period, plaintiffs filed the present (second) action in this district as a protective measure. The pendency of the New Jersey complaint was clearly indicated on the cover sheet for the Delaware action. Plaintiffs served the New Jersey complaint, but not the Delaware complaint. (Savit Decl., at ¶ 3) The Delaware complaint was to be served, and the dispute resolved in Delaware, if and only if jurisdiction is not established over Abrika in New Jersey. (*Id.*)

On December 7, 2006, plaintiffs provided a courtesy copy of the New Jersey complaint to Abrika's counsel, and it was subsequently served. (Savit Decl., Exh. B.) Abrika's answer is due to be filed in the New Jersey district court on January 8, 2007. However, rather than filing an answer to the first-filed complaint in New Jersey, the venue of plaintiffs' choice, Abrika filed an answer to the unserved Delaware complaint and asserted declaratory judgment counterclaims.[3] The parties should not be required to litigate the same dispute in multiple courts at the same time. In light of well-established rules of priority, this Court should defer to the pre-existing action in the United States District Court for the District of New Jersey.

### III. ARGUMENT

#### A. The Case Filed In New Jersey Takes Precedence Over This One.

There are several reasons why the New Jersey action takes precedence and the case should proceed there and not here. Under the "first-to-file" rule, courts give priority to the case that was filed first. Plaintiffs first filed their complaint in the District of New

---

[3] Abrika's "counterclaims" contain a single declaratory judgment count seeking a declaration of invalidity, noninfringement, and unenforceability.

3

Jersey, and under the first-to-file rule, that case takes precedence over the later one filed in Delaware. Moreover, the plaintiffs' preferred choice of forum is to be given substantial deference. Finally, plaintiffs do not lose their right to select their forum simply because they filed a secondary, protective suit.

        1.    **New Jersey Is The Dominant Jurisdiction Because It Is The First-Filed Venue.**

For more than 60 years, this Circuit has adhered to the first-to-file rule: "In all cases of concurrent jurisdiction, the court which first has possession of the subject must decide it." *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3rd Cir. 1941), *cert. denied*, 315 U.S. 813 (1942). Concerns of federal comity drive this long-standing principle. For one, resolution of the controversy in the first forum prevents duplication and avoids potentially conflicting rulings which may impair the authority of a sister court. Additionally, duplicative proceedings impose upon an already overburdened judicial system and impair the ability of individual litigants to comprehensively dispose of litigation.

Other circuits follow this rule too. Indeed, the Federal Circuit recognized, "as a principle of sound judicial administration, the first suit should have priority, absent special circumstances." *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989) (quoting *William Gluckin & Co. v. International Playtex Corp.*, 407 F.2d 177, 178 (2nd Cir.1969)).

Abrika's attempt to preempt the New Jersey action by its premature filing of an answer here should be rejected. Abrika was served with the New Jersey complaint, not the Delaware complaint. Moreover, it knew prior to answering in Delaware that New

Jersey was the first-filed jurisdiction. In spite of all this, Abrika ignored the New Jersey action, and rushed to answer the unserved complaint in Delaware.

What's more, Abrika raises counterclaims that seek declaratory relief. It does this in Delaware, not New Jersey – intentionally ignoring the pre-existing infringement lawsuit in New Jersey. The dispute between the parties should not proceed in two jurisdictions, and the first-to-file rule allows the New Jersey case to proceed and the Delaware case to await service, or more likely, voluntary dismissal by plaintiffs once personal jurisdiction over Abrika is established in New Jersey.

### 2. Plaintiffs' Choice Of The New Jersey Venue Should Be Given Deference Over Defendants' Choice Of Delaware.

A plaintiff's choice of forum is entitled to substantial weight, and is "due considerable deference." *See Lony v. E.I. Du Pont de Nemours & Co.*, 935 F.2d 604, 609 (3rd Cir. 1991); *see also Market Transition Facility of New Jersey v. Twena*, 941 F. Supp. 462, 467 (D.N.J. 1996) ("[C]ourts generally assign the plaintiff's choice of forum significant weight.") (citing *Newcomb v. Daniels, Saltz, Mongeluzzi &Barrett, Ltd.*, 847 F. Supp. 1244, 1246 (D.N.J. 1994)); *Burke v. Quartey*, 969 F. Supp. 921, 928 (D.N.J. 1997) ("Substantial weight and deference is given to the plaintiff's choice of forum.").

Courts give particular weight to plaintiff's chosen forum where it is plaintiff's home forum, and where witnesses and factual evidence are located there. *See Newcomb*, 847 F. Supp. at 1246. Plaintiffs are located in New Jersey.[4] Moreover, because much of the research and development of the patented technology at issue in this case occurred in New Jersey, most (if not all) of the witnesses, documents, and other evidence about the

---

[4] Celgene and Novartis Pharmaceuticals Corporation both have their headquarters in New Jersey. (See Savit Decl., Exh. A at ¶ 8).

5

patented invention are located in New Jersey. (See Savit Decl., at ¶ 4.) In comparison, Delaware has ***no evidence*** relating to this suit. Plaintiffs' choice of New Jersey is well justified, and the law supports the deference given to plaintiffs under these facts. *Newcomb*, 847 F. Supp. at 1246.

Abrika's rush to answer in Delaware rather than New Jersey is a transparent attempt to prevent the case from proceeding in plaintiffs' preferred forum, and to force the case to proceed in the forum of defendants' preference. However, because this Delaware action is merely a backup filing, plaintiffs will voluntarily dismiss the complaint in Delaware once jurisdiction attaches in New Jersey. Alternatively, should Abrika successfully avoid jurisdiction in New Jersey, plaintiffs will promptly serve the Delaware complaint on defendants and this action, consistent with the Federal Rules of Civil Procedure and District of Delaware Local Rule 16.2(a), will proceed accordingly.[5] The dispute can be decided in only one federal district court, and plaintiffs, not defendants, are allowed their preference.

### 3. Plaintiffs Do Not Lose Their Right To Chose The Venue Simply Because They Filed A Secondary, Protective Suit.

The Supreme Court in *Exxon Mobil v. Saudi Basic Indus. Corp.*, found "there is nothing necessarily inappropriate . . . about filing a protective action." 544 U.S. 280, 294 (2005). The *Exxon Mobil* Court found that pursuing a federal suit as an "insurance policy" during the pendency of a state court action did not terminate with entry of a state court judgment. *Id.* at 292-93. In another case, the Supreme Court permitted a federal

---

[5] District of Delaware Local Rule 16.2(a) states that "within 45 days after *service of process* upon all defendants, the court shall notify counsel of the time for holding an initial conference . . . .") (emphasis added).

district court to stay a federal habeas action and hold the petition in abeyance while a petitioner exhausted claims in state court. *Rhines v. Weber*, 544 U.S. 269 (2005).

In fact, courts recognize that in certain situations plaintiffs may protect themselves by filing two lawsuits in the event plaintiffs are unable to exercise personal jurisdiction in the first jurisdiction. *See Government of Virgin Islands v. Neadle*, 861 F. Supp. 1054, 1055 (M.D. Fla. 1994); *see also United States v. Secord*, 43 F. 3d 1469 (table) (4th Cir. 1994). Other times, courts acknowledge that plaintiffs file protective actions to preserve claims that may become barred by the statute of limitations. *See Union Pacific R. Co. v. Department of Revenue of Ore.*, 920 F.2d 581, 584, and n. 9 (9th Cir. 1990) (noting that the railroad company had filed protective actions in state court to prevent expiration of the state statute of limitations). Thus, filing a second suit as a protective measure is not improper and does not act to give Abrika the choice of forum.

**B.    Abrika's Answer And Counterclaim Should Be Stricken To Avoid Unnecessary, Duplicative, And Wasteful Efforts.**

The Court has broad powers to strike a pleading where it is cumulative and would result in duplication of efforts, or wastefulness of judicial resources and that of the parties. See Fed. Rule Civ. Proc., R. 12(f) (permitting the Court to strike any "redundant, immaterial, impertinent, or scandalous matter"); *see also Great West Life Assurance Co. v. Levithan*, 834 F. Supp. 858, 864-65 (E.D. Penn. 1993). In particular, courts have inherent power to strike an answer where it would result in wastefulness of resources or prejudice the other parties, or where the moving party would be prejudiced if the pleading is not stricken. *Id.; see also Kohn, Savett, Klein & Graf v. Cheyenne Corp.*, 1990 U.S. Dist. LEXIS 4150, at *4-*5 (E.D. Penn. 1990) (granting motion to strike answer where it otherwise "would prejudice the other parties").

Litigating the same dispute in two jurisdictions is unnecessary, duplicative, and wasteful. Proceedings in Delaware, including the filing of pleadings, motion practice, and discovery are unnecessary in light of the pending New Jersey case. Striking the Answer and Counterclaim will ensure that the resources to resolve the dispute are concentrated in New Jersey. Hence, Abrika's Answer and Counterclaim should be stricken without prejudice to re-file if plaintiffs serve the Delaware summons and complaint. This will prevent unnecessary, cumulative, and wasteful efforts by all parties and the judiciary, and will not prejudice Abrika at all. At the same time, the dispute will be resolved according to well established doctrines of venue. And if the Court chooses instead to temporarily stay the proceedings, a similar result is accomplished. *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) (district court has discretion to stay its proceedings pending resolution of an identical or similar suit in another federal court); *see also Int'l Nickel v. Barry*, 204 F.2d 583, 585 (4th Cir. 1953).

## IV.  CONCLUSION

For the foregoing reasons, the Court should grant plaintiffs' motion to strike Abrika's Answer and Counterclaim without prejudice. Alternatively, the Court should stay the proceedings pending resolution of any jurisdictional challenge in the District of New Jersey.

|  |  |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Anthony M. Insogna<br>Lester J. Savit<br>JONES DAY<br>12750 High Bluff Drive, Suite 300<br>San Diego, CA 92130-2083<br>(858) 314-1200 | By: /s/ Philip A. Rovner<br>    Philip A. Rovner (#3215)<br>    Hercules Plaza<br>    P. O. Box 951<br>    Wilmington, Delaware 19899<br>    (302) 984-6000<br>    provner@potteranderson.com |
| F. Dominic Cerrito<br>JONES DAY<br>222 East 41st Street<br>New York, New York 10017-6702<br>(212) 326-3939 | *Attorneys for Plaintiffs* |

*Attorneys for Plaintiff Celgene Corporation*

Robert L. Baechtold
Henry J. Renk
Nicholas N. Kallas
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, New York 10112
(212) 218-2100

*Attorneys for Plaintiffs Novartis Pharmaceuticals Corporation and Novartis Pharma AG*

Dated: December 28, 2006

769715

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on December 28, 2006, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Andre G. Bouchard, Esq.
John M. Seaman, Esq.
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
abouchard@bmf-law.com
jseaman@bmf-law.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

768868