IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CELGENE CORPORATION, NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS PHARMA AG, <br><br> Plaintiffs, <br><br> v. <br><br> ABRIKA PHARMACEUTICALS, INC. and ABRIKA PHARMACEUTICAL, LLLP, <br><br> Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) C. A. No. 06-741-SLR |

**DECLARATION OF LESTER J. SAVIT**

OF COUNSEL:

Anthony M. Insogna
Lester J. Savit
JONES DAY
12750 High Bluff Drive, Suite 300
San Diego, CA 92130-2083
(858) 314-1200

F. Dominic Cerrito
JONES DAY
222 East 41st Street
New York, New York 10017-6702
(212) 326-3939

*Attorneys for Plaintiff Celgene Corporation*

Robert L. Baechtold
Henry J. Renk
Nicholas N. Kallas
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, New York 10112
(212) 218-2100

*Attorneys for Plaintiffs Novartis Pharmaceuticals Corporation and Novartis Pharma AG*
Dated: December 28, 2006

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| CELGENE CORPORATION, NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS PHARMA AG,<br><br>Plaintiffs,<br><br>v.<br><br>ABRIKA PHARMACEUTICALS, INC. and ABRIKA PHARMACEUTICAL, LLLP,<br><br>Defendants | Civil Action No. 1:06-cv-741-SLR<br><br>**DECLARATION OF LESTER J. SAVIT** |

I, Lester J. Savit, hereby declare as follows:

1. I am an attorney and partner with the law firm of Jones Day. My offices are located at 3 Park Plaza, Suite 1100, Irvine, California 92614-8505, and 12750 High Bluff Drive, Suite 300, San Diego, California 92130-2083.

2. I have personal knowledge of the facts stated herein, unless otherwise indicated.

3. Prior to filing the instant suit in the District of Delaware, plaintiffs filed an identical lawsuit against defendants in the United States District Court for the District of New Jersey. That suit was assigned the case number 2:06-CV-5818. Plaintiffs served the summons and complaint for this case on defendants on December 18, 2006. Plaintiffs filed the instant suit in the District of Delaware as a protective measure to protect plaintiffs rights in the unlikely event personal jurisdiction is not established over defendants in the District of New Jersey. After filing suit in the District of Delaware, plaintiffs did not serve the summons and complaint for that case. Plaintiffs intended to serve that summons and complaint only if personal jurisdiction is not established over defendants in the District of Delaware.

4. This case is a patent infringement action concerning patents covering Novartis's RITALIN® LA methylphenidate extended-release capsules. The witnesses, documents, and other evidence pertinent to the research and development of this patented technology are located in the State of New Jersey.

5. Attached hereto are true and correct copies of the following documents:

Exhibit A: Complaint for Patent Infringement, filed in the United States District Court for the District of New Jersey, Case No. 2:06-CV-5818, filed by Celgene Corporation, Novartis Pharmaceuticals Corporation and Novartis Pharma AG, against Abrika Pharmaceuticals, Inc. and Abrika Pharmaceuticals, LLLP.

Exhibit B: Email communication, dated December 7, 2006, from Lester J. Savit to Scott Lodin, counsel for Abrika, attaching a copy of Exhibit A above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 28, 2006

_____
Lester J. Savit

# EXHIBIT A

Charles M. Lizza
William C. Baton
LEBOEUF, LAMB, GREENE & MACRAE LLP
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 643-8000
Facsimile: (973) 643-6111

*Attorneys for Plaintiff Celgene Corporation*

William J. O'Shaughnessy
MCCARTER & ENGLISH
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone: (973) 639-2094
Facsimile: (973) 297-3722

*Attorneys for Plaintiffs Novartis Pharmaceuticals
Corporation and Novartis Pharma AG*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CELGENE CORPORATION, NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS PHARMA AG,<br><br>                         Plaintiffs,<br>v.<br><br>ABRIKA PHARMACEUTICALS, INC. and ABRIKA PHARMACEUTICALS, LLLP,<br><br>                         Defendants. | Civil Action No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT** |

Plaintiffs Celgene Corporation ("Celgene") and Novartis Pharmaceuticals Corporation and Novartis Pharma AG (collectively referred to herein as "Novartis"), by their attorneys, for their Complaint against Abrika Pharmaceuticals, Inc. and Abrika Pharmaceuticals, LLLP allege as follows:

## Nature of the Action

1. This is an action for patent infringement arising under the patent laws of the United States, 35 United States Code, arising from Abrika Pharmaceutical, Inc.'s filing of an Abbreviated New Drug Application ("ANDA") with the United States Food and Drug Administration ("FDA") seeking approval to commercially market a generic version of Novartis's RITALIN® LA methylphenidate extended-release capsules prior to the expiration of two patents owned by Celgene that cover that product and its use, United States Patent No. 5,837,284 ("the 1998 '284 patent") and United States Patent No. 6,635,284 ("the 2003 '284 patent") (collectively "the '284 patents").

## The Parties

2. Plaintiff Celgene is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 86 Morris Avenue, Summit, New Jersey 07901.

3. Plaintiff Novartis Pharmaceuticals Corporation is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 59 Route 10, East Hanover, New Jersey 07936.

4. Plaintiff Novartis Pharma AG is a corporation organized and existing under the laws of Switzerland, having an office and place of business at Lichtstrasse 35, CH-4056 Basel, Switzerland.

5. Defendant Abrika Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 13800 N.W. 2nd Street, Suite 190, Sunrise, Florida 33325.

Case 2:06-cv-05410-SDW-MCA   Document 1   Filed 12/04/2006   Page 3 of 10

6.     On information and belief, Defendant Abrika Pharmaceuticals, LLLP is a Florida limited liability limited partnership organized and existing under the laws of the State of Florida, having a principal place of business at 13800 N.W. 2nd Street, Suite 190, Sunrise, Florida 33325.

### Jurisdiction and Venue

7.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.     This Court has personal jurisdiction over the Defendants by virtue of, *inter alia*, their continuous and systematic contacts with New Jersey. The Defendants are drug companies that do business within the State of New Jersey, including the sale of prescription drugs through major chains such as Walgreens Drug Stores.

9.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

### The Patents In Suit and the RITALIN® LA Drug Product

10.    The 1998 '284 patent, entitled "Delivery of Multiple Doses of Medications," duly and legally issued to Celgene on November 17, 1998, by the United States Patent and Trademark Office. A copy of the 1998 '284 patent is attached hereto as Exhibit A. The 1998 '284 patent includes claims directed to a single dosage form that provides two doses of a methylphenidate drug separated in time, for example, a pulsatile release product.

11.    The 2003 '284 patent, entitled "Delivery of Multiple Doses of Medications," duly and legally issued to Celgene on October 21, 2003, by the United States Patent and Trademark Office. A copy of the 2003 '284 patent is attached hereto as Exhibit B. The 2003 '284 patent includes claims directed to a method of treating disease with a single dosage form that provides two doses of a methylphenidate drug separated in time, for example, treatment with a pulsatile release product.

12.     Celgene is the owner by assignment of all right, title and interest in the '284 patents. Novartis Pharma AG is the exclusive licensee of the '284 patents in certain fields of use.

13.     Novartis Pharmaceuticals Corporation holds an approved New Drug Application for methylphenidate hydrochloride extended release capsules 10 mg, 20 mg, 30 mg and 40 mg, which it sells under the trade name RITALIN® LA. This commercial product and its approved use are covered by the '284 patents.

### Acts Giving Rise To This Action

14.     Plaintiffs Celgene and Novartis Pharmaceuticals Corporation received a letter from Abrika Pharmaceuticals, Inc., dated October 23, 2006 ("the Notification Letter"), notifying them that Abrika Pharmaceuticals, Inc. had filed with the FDA an ANDA (No. 78-458) to obtain FDA approval to engage in the commercial manufacture, use or sale of methylphenidate hydrochloride extended release capsules 20 mg, 30 mg and 40 mg ("Abrika's Proposed Products").

15.     The Notification Letter states no grounds for unenforceability of the '284 patents.

16.     On information and belief, Defendants intend to engage and will engage in the commercial manufacture, use or sale of Abrika's Proposed Products promptly upon receiving FDA approval to do so.

17.     On information and belief, ANDA No. 78-458 contains information showing that Abrika's Proposed Products (a) are bioequivalent to the patented RITALIN® LA products, (b) have the same active ingredient as the patented RITALIN® LA products, (c) have the same route of administration and strength as the patented RITALIN® LA products, and (d) have the same, or substantially the same, dosage form and proposed labeling, and the same indication and usage as the patented RITALIN® LA products.

18. This action is being brought pursuant to 21 U.S.C. § 355(j)(5)(B)(iii) before the expiration of forty-five days from the date of receipt by Plaintiffs of the Notification Letter.

### Count I: Infringement of the 1998 '284 Patent

19. Plaintiffs repeat and reallege the allegations of paragraphs 1-18 as though fully set forth herein.

20. Submission of an ANDA to obtain approval to engage in the commercial manufacture, use or sale of Abrika's Proposed Products, prior to the expiration of the 1998 '284 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

21. Unless enjoined by this Court, Defendants, upon FDA approval of the ANDA, will infringe the 1998 '284 patent under 35 U.S.C. § 271 by making, using, offering to sell, importing, or selling Abrika's Proposed Products in the United States.

22. Defendants had notice of the 1998 '284 patent prior to undertaking its act of infringement. Defendants' infringement of the 1998 '284 patent has been, and continues to be, willful and deliberate.

23. Plaintiffs will be substantially and irreparably damaged and harmed if Defendants' infringement of the 1998 '284 patent is not enjoined. Plaintiffs do not have an adequate remedy at law for this infringement.

### Count II: Infringement of the 2003 '284 Patent

24. Plaintiffs repeat and reallege the allegations of paragraphs 1-23 as though fully set forth herein.

25. Defendants submission of an ANDA to obtain approval to engage in the commercial manufacture, use and sale of Abrika's Proposed Products, prior to the expiration of

- 5 -

the 2003 '284 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

26.  Unless enjoined by this Court, Defendants, upon FDA approval of the ANDA, will infringe the 2003 '284 patent under 35 U.S.C. § 271 by making, using, offering to sell, importing, or selling Abrika's Proposed Products in the United States.

27.  Defendants had notice of the 2003 '284 patent prior to undertaking its act of infringement. Defendants' infringement of the 2003 '284 patent has been, and continues to be, willful and deliberate.

28.  Plaintiffs will be substantially and irreparably damaged and harmed if Defendants' infringement of the 2003 '284 patent is not enjoined. Plaintiffs do not have an adequate remedy at law for this infringement.

### Prayer For Relief

WHEREFORE, Plaintiffs respectfully request the following relief:

(A)  A judgment declaring that Defendants have infringed one or more claims of the 1998 '284 patent;

(B)  A judgment declaring that Defendants have infringed one or more claims of the 2003 '284 patent;

(C)  An Order that the effective date of any FDA approval of ANDA No. 78-458 be a date which is not earlier than the later of December 4, 2015, the expiration of the 1998 '284 patent or any later expiration of exclusivity to which Plaintiffs are or become entitled;

(D)  An Order that the effective date of any FDA approval of ANDA No. 78-458 be a date which is not earlier than the later of December 4, 2015, the expiration of the 2003 '284 patent or any later expiration of exclusivity to which Plaintiffs are or become entitled;

(E)  Preliminary and permanent injunctions enjoining Defendants and their officers,

agents, attorneys and employees, and those acting in privity or concert with them, from making, using, selling, offering to sell, or importing Abrika's Proposed Products until after the expiration of the 1998 '284 patent;

(F)     Preliminary and permanent injunctions enjoining Defendants and their officers, agents, attorneys and employees, and those acting in privity or concert with them, from making, using, selling, offering to sell, or importing Abrika's Proposed Products until after the expiration of the 2003 '284 patent;

(G)     A declaration that the commercial manufacture, use, importation into the United States, sale or offering for sale of Abrika's Proposed Products will directly infringe or induce and/or contribute to infringement of the '284 patents.

(H)     If Defendants engage in the commercial manufacture, use, importation into the United States, offer to sell, or sale of Abrika's Proposed Products prior to the expiration of the 1998 '284 patent, a judgment awarding damages to Plaintiffs resulting from such infringement, increased to treble the amount found or assessed, together with interest;

(I)     If Defendants engage in the commercial manufacture, use, importation into the United States, offer to sell, or sale of Abrika's Proposed Products prior to the expiration of the 2003 '284 patent, a judgment awarding damages to Plaintiffs resulting from such infringement, increased to treble the amount found or assessed, together with interest;

(J)     Attorneys' fees in this action based on willful infringement pursuant to 35 U.S.C. § 284 and/or as an exceptional case pursuant to 35 U.S.C. § 285;

(K)     Costs and expenses in this action; and

(L)     Such further and other relief as this Court may deem just and proper.

Dated: December 4, 2006

By: _____
Charles M. Lizza
William C. Baton
LeBoeuf, Lamb, Greene & MacRae LLP
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 643-8000
Facsimile: (973) 643-6111

*Attorneys for Plaintiff Celgene Corporation*

/s/ William J. O'Shaughnessy
William J. O'Shaughnessy
McCarter & English
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone: (973) 639-2094
Facsimile: (973) 297-3722

*Attorneys for Plaintiffs Novartis Pharmaceuticals Corporation and Novartis Pharma AG*

OF COUNSEL:

Anthony M. Insogna
Lester J. Savit
Jones Day
12750 High Bluff Drive, Suite 300
San Diego, CA 92130-2083
Telephone: (858) 314-1200
Facsimile: (858) 314-1150

F. Dominic Cerrito
Jones Day
222 East 41st Street
New York, New York 10017-6702
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

*Attorneys for Plaintiff Celgene Corporation*

Robert L. Baechtold
Henry J. Renk
Nicholas N. Kallas
Fitzpatrick, Cella, Harper & Scinto
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 218-2100
Facsimile: (212) 218-2200

*Attorneys for Plaintiffs Novartis Pharmaceuticals Corporation and Novartis Pharma AG*

Dated: December 4, 2006    By: _____
Charles M. Lizza
William C. Baton
LEBOEUF, LAMB, GREENE & MACRAE LLP
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 643-8000
Facsimile: (973) 643-6111

*Attorneys for Plaintiff Celgene Corporation*

OF COUNSEL:

Anthony M. Insogna
Lester J. Savit
JONES DAY
12750 High Bluff Drive, Suite 300
San Diego, CA 92130-2083
Telephone: (858) 314-1200
Facsimile: (858) 314-1150

F. Dominic Cerrito
JONES DAY
222 East 41st Street
New York, New York 10017-6702
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

*Attorneys for Plaintiff Celgene Corporation*

Robert L. Baechtold
Henry J. Renk
Nicholas N. Kallas
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 218-2100
Facsimile: (212) 218-2200

*Attorneys for Plaintiffs Novartis Pharmaceuticals Corporation and Novartis Pharma AG*

William J. O'Shaughnessy
MCCARTER & ENGLISH
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone: (973) 639-2094
Facsimile: (973) 297-3722

*Attorneys for Plaintiffs Novartis Pharmaceuticals Corporation and Novartis Pharma AG*

- 8 -

## LOCAL CIVIL RULE 11.2 CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: December 4, 2006

By: /s/ Charles M. Lizza
Charles M. Lizza
William C. Baton
LEBOEUF, LAMB, GREENE & MACRAE LLP
One Riverfront Plaza
Newark, New Jersey 07102-5490
Telephone: (973) 643-8000
Facsimile: (973) 643-6111

*Attorneys for Plaintiff Celgene Corporation*

OF COUNSEL:

Anthony M. Insogna
Lester J. Savit
JONES DAY
12750 High Bluff Drive, Suite 300
San Diego, CA 92130-2083
Telephone: (858) 314-1200
Facsimile: (858) 314-1150

F. Dominic Cerrito
JONES DAY
222 East 41st Street
New York, New York 10017-6702
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

*Attorneys for Plaintiff Celgene Corporation*

Robert L. Baechtold
Henry J. Renk
Nicholas N. Kallas
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 218-2100
Facsimile: (212) 218-2200

*Attorneys for Plaintiffs Novartis
Pharmaceuticals Corporation and
Novartis Pharma AG*

By: /s/ William J. O'Shaughnessy
William J. O'Shaughnessy
MCCARTER & ENGLISH
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone: (973) 639-2094
Facsimile: (973) 297-3722

*Attorneys for Plaintiffs Novartis
Pharmaceuticals Corporation and Novartis
Pharma AG*

# EXHIBIT B

 Lester J. Savit/JonesDay
Extension 37553 (Internal) or
(949) 553-7553
12/07/2006 12:57 PM

To    "Scott Lodin" <slodin@ABRIKA.com>

cc    hrenk@fchs.com

bcc    Anthony M Insogna/JonesDay@JonesDay; F. Dominic Cerrito/JonesDay@JonesDay

Subject    Celgene/Novartis v. Abrika - U.S.D.C. N.J. Docket No. 2:06-CV-5818 - Complaint Attached

Scott:
I am attaching a courtesy copy of the *Celgene/Novartis v. Abrika* complaint.
Regards,
Lester


Celgene v Abrika - Complaint for Patent Infringement.pdf

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on December 28, 2006, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Andre G. Bouchard, Esq.
John M. Seaman, Esq.
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE  19801
abouchard@bmf-law.com
jseaman@bmf-law.com

/s/ Philip A. Rovner
Philip A. Rovner  (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

768868