## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CELGENE CORPORATION, NOVARTIS )
PHARMACEUTICALS CORPORATION and )
NOVARTIS PHARMA AG, ) Civil Action No. 06-741-SLR
)
Plaintiffs, )
)
v. )
)
ABRIKA PHARMACEUTICALS, INC. and )
ABRIKA PHARMACEUTICAL, LLLP, )
)
Defendants. )

## PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' ANSWER, OR IN THE ALTERNATIVE, TO STAY THE PROCEEDINGS

OF COUNSEL:

Anthony M. Insogna
Lester J. Savit
JONES DAY
12750 High Bluff Drive, Suite 300
San Diego, CA 92130-2083
(858) 314-1200

F. Dominic Cerrito
JONES DAY
222 East 41st Street
New York, New York 10017-6702
(212) 326-3939

*Attorneys for Plaintiff Celgene
Corporation*

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiffs*

Robert L. Baechtold
Henry J. Renk
Nicholas N. Kallas
FITZPATRICK, CELLA, HARPER &
SCINTO
30 Rockefeller Plaza
New York, New York 10112
(212) 218-2100

*Attorneys for Plaintiffs Novartis*
*Pharmaceuticals Corporation*
*and Novartis Pharma AG*


Dated: January 17, 2007

## TABLE OF CONTENTS

INTRODUCTION .................................................................................................................1

ARGUMENT .......................................................................................................................1

I.    ABRIKA'S ARGUMENTS DO NOT OVERCOME THE GENERAL RULE
THAT THE FIRST-FILED VENUE HAS PRIORITY ..........................................1

    A.    Plaintiffs Did Not Lose Their First Choice Of Forum In New Jersey By
Filing A Protective Action In Delaware ...................................................2

    B.    Abrika Misinterprets The First-Filed Rule ...............................................6

    C.    Abrika Has No Standing To Complain About Delay ................................8

II.    ABRIKA HAS FAILED TO PROVIDE ANY REASON WHY THE COURT
SHOULD KEEP THE ACTION IN DELAWARE..................................................9

CONCLUSION...................................................................................................................11

## TABLE OF AUTHORITIES

*Abbott Laboratories v. Mylan Pharmaceuticals, Inc.,*
2006 U.S. Dist. LEXIS 13782 ...............................................................5, 10

*Aventis Pharma Deutschland GMBH v. Lupin Ltd.,*
403 F. Supp. 2d 484 (E.D. Va. 2005) .........................................................3

*Carteret Savings Bank v. Shushan,*
954 F.2d 141 (3rd Cir. 1992) ..............................................................6, 7

*Government of Virgin Islands v. Needle,*
861 F. Supp. 1054 (M.D. Fla. 1994).........................................................2

*Jefferson Ward Stores, Inc. v. Doody Co.,*
560 F. Supp. 35 (E.D. Pa. 1983) ...............................................................8

*Metropolitan Life Insurance Co. v. Robertson-Ceco Corp.,*
84 F.3d 560 (2nd Cir.)................................................................................7

*National Patent Development Corp. v. American Hospital Supply Corp.,*
616 F. Supp. 114 (S.D.N.Y. 1984) ...........................................................8

*Old Charter Distillery Co. v. Continental Distilling Corp.,*
59 F. Supp. 528 (D. Del. 1945).........................................................2, 3, 8

*Oxford First Corp. v. PNC Liquidating Corp.,*
372 F. Supp. 191 (E.D. Pa. 1974) .............................................................7

*Simplicity, Inc. v. MTS Products, Inc.,*
2006 U.S. Dist. LEXIS 17626 (E.D. Penn. 2006) ....................................7

*Stirling Homex Corp. v. Homasote Co.,*
437 F.2d 87 (2d Cir. 1971).........................................................................6

*United States v. Secord,*
43 F.3d 1469 (table) (4th Cir. 1994)..........................................................2

## STATUTES

21 U.S.C. 355(j)(5)(B)(iii)................................................................................5

## INTRODUCTION

Abrika's Memorandum of Law in Support of Defendants' Opposition to Plaintiffs' Motion to Stay or Strike ("Opposition") acknowledges that there is only a single dispute between the parties and that the New Jersey complaint was filed first. Both parties recognize that the action should proceed in only one venue. Well established doctrines of priority give preference to the first-filed venue, and to plaintiffs' choice, both of which are New Jersey.

Abrika argues against application of the first-filed venue doctrine to this case. None of those arguments is supported in the case law or otherwise makes sense. Even in the absence of the priority rules, there is good reason to defer to the New Jersey action. New Jersey is where plaintiffs Celgene and Novartis Pharmaceuticals Corporation are located, as well as the witnesses and documents relating to the invention and the commercial RITALIN LA™ product. Abrika's papers are strikingly absent of any reason why the dispute should be resolved in Delaware instead of New Jersey, and there is none. As Abrika's witnesses and documents are located in Florida, it is not prejudiced by proceeding in New Jersey instead of Delaware.

In order to avoid the parties litigating the same dispute in two jurisdictions, this Court should defer to the earlier-filed action in New Jersey without prejudice to further proceedings in the event Abrika successfully challenges personal jurisdiction in New Jersey. The motion should be granted and either the answer and counterclaims stricken or the case stayed.

## ARGUMENT

### I.   ABRIKA'S ARGUMENTS DO NOT OVERCOME THE GENERAL RULE THAT THE FIRST-FILED VENUE HAS PRIORITY.

Abrika makes three arguments for abandoning the rule that the first-filed venue, in this case the federal court in New Jersey, has priority to determine the dispute between the parties. None of these arguments has merit.

A.      **Plaintiffs Did Not Lose Their First Choice Of Forum In New Jersey By Filing A Protective Action In Delaware.**

Abrika's first argument is that the first-filed doctrine does not apply to situations when the same plaintiff files identical actions in different courts. This argument would limit the application of the doctrine to the race-to-the-courthouse situation where one party files in its favored venue and the other party files a declaratory judgment action in another venue. This limited view of the doctrine is contrary to legal precedent.

Plaintiffs cited two cases in their opening brief in which the first-filed venue was favored over the second protective action filed by the same party in a different venue. In *United States v. Secord*, 43 F.3d 1469 (table) (4th Cir. 1994),[1] the plaintiff commenced parallel actions, first in a Swiss court and then in the Eastern District of Virginia. *Secord*, 43 F.3d at 1469. The suit in Virginia was brought to preserve plaintiff's rights "in the event that [defendants] successfully challenged the Swiss' Court's jurisdiction." *Id.* After the defendant filed his answer and counterclaim in Virginia, the court granted plaintiff's request to stay pending resolution of jurisdictional issues in the Swiss court. *Id.*

In *Government of Virgin Islands v. Needle*, 861 F. Supp. 1054, 1055 (M.D. Fla. 1994),[2] the plaintiffs filed identical actions in federal courts in Florida and the Virgin Islands. The second suit was filed as a protective measure in the event that personal jurisdiction could not be obtained over the defendants in the first-filed jurisdiction. The Florida court stayed the action in favor of the first-filed jurisdiction.

An example of the application of the first-filed doctrine to two cases filed by the same plaintiff can be found even among Abrika's cases. In *Old Charter Distillery Co. v. Continental*

---

[1] Plaintiffs cite this case at page 7 of their Memorandum in Support of Plaintiffs' Motion to Strike or to Stay ("Supporting Memo").

[2] Plaintiffs cite this case at page 7 of their Supporting Memo.

*Distilling Corp.*, 59 F. Supp. 528, 530 (D. Del. 1945),[3] the plaintiff filed one action in Delaware and a second, protective action in the District of Columbia. This court expressly recognized the plaintiff's right to file a protective suit to guard against loss of jurisdiction in the first-filed suit:

> Obviously faced with a statute of limitation problem, counsel
> commenced the present action as a precautionary step in case the
> United States District Court or the Circuit Court of Appeals of the
> District of Columbia or the Supreme Court decided there was no
> jurisdiction over defendant.

59 F. Supp. at 530. The Delaware court temporarily postponed the proceedings pending the outcome of a jurisdictional challenge in the District of Columbia. *Id.*

Abrika claims that "courts have repeatedly and consistently rejected attempts by patent holders in Hatch-Waxman actions to file multiple lawsuits . . . ." Opposition at 6. However, Abrika cites only two ANDA related cases for this proposition, neither of which is binding or even persuasive authority. In *Aventis Pharma Deutschland GMBH v. Lupin Ltd.*, 403 F. Supp. 2d 484 (E.D. Va. 2005), the Virginia court based its ruling on the erroneous ground that the first-filed rule was limited to the race-to-the-courthouse situation, and does not apply to two suits filed by the same plaintiff. *Aventis*, 403 F. Supp. 2d at 489-90. In fact, as demonstrated above, that is certainly not true, and certainly not true in the Third Circuit. See *Old Charter Distillery Co.*, 59 F. Supp. at 530.

The second case, an unpublished order from *Adams Respiratory Therapeutics, Inc. v. Pharmaceutical Holdings Corp.* (Case No. 06-4418), provides even less support for Abrika's proposition. The primary concern of the *Adams* court was judge-shopping. (See *Adams* Order, Abrika's Opposition, Exh. A, at 2.) Plaintiffs here, however, are not judge shopping. Plaintiffs never intended the Delaware action to be employed except in the unlikely circumstance that

---

[3] Abrika cites this case at page 10 of the Opposition.

jurisdiction is successfully challenged in New Jersey. Plaintiffs' intention was disclosed by the separation of two days in the filing dates of the two cases and the identification of the New Jersey case on the cover sheet of the Delaware case. Moreover, plaintiffs emailed a courtesy copy of the New Jersey Complaint on December 7, 2006, prior to Abrika's filing of its answer on December 8, 2006, and assignment of a judge in the Delaware case the next week. (See Savit Decl., Exh. B.) These acts by plaintiffs rebut Abrika's accusation.

Abrika alleges that the timing of service of the New Jersey complaint is evidence of judge shopping because it occurred after the judge for this case was assigned. However, there is nothing unusual with the service procedure employed by plaintiffs. Having provided a courtesy copy of the New Jersey complaint by email to Abrika's general counsel, and not anticipating that Abrika precipitously would answer the Delaware complaint, plaintiffs had no reason to rush actual service. Abrika was personally served in Florida in a routine and normal fashion. Hence, Abrika's allegations are baseless, and the *Adams* court's concern about judge shopping is not present here.

Abrika criticizes plaintiffs for failing to cite to a specific Hatch-Waxman patent infringement case in which a second protective case was stayed while jurisdiction was determined in plaintiff's earlier venue of choice. Such protective actions are not unusual because of the requirement that actions be filed within 45-days to obtain the benefit of the 30-month stay. It is relatively rare, however, for a stay to be needed due to a defendant, like here, answering the complaint in the second case and delaying the proceedings in the first-filed venue. Published judicial opinions regarding protective actions in the Hatch-Waxman context are even rarer. However, one such case is *Abbott Laboratories v. Mylan Pharmaceuticals, Inc.*, 2006 U.S. Dist.

4

LEXIS 13782, in which the court recognized the necessity of protective actions in light of the language of the Hatch-Waxman Act.

> Mylan requests that this Court dismiss this case on the grounds that Abbott should not be permitted to bring parallel suits in different jurisdictions. While the Court is troubled by the apparently increasing number of "protective" suits filed in ANDA-related patent infringement actions such as this case, the Court cannot fault Abbott for its litigation strategy in the face of an ambiguous statute that remains devoid of court interpretation. Abbott does not seek double recovery or have any desire to litigate parallel suits, and has requested a stay in the suit pending in the Northern District of West Virginia. Patent holders have a strict statutory 45-day window in which to file suit after the patent holder receives notice that a generic company has filed an ANDA. *See* 21 U.S.C. 355(j)(5)(B)(iii). The statute is silent, and the courts have not clarified, whether the patent holder loses its right to sue for patent infringement in the event its suit is dismissed for lack of personal jurisdiction after the 45-day period has expired.

> Between service and briefing of a motion to dismiss for lack of personal jurisdiction, it would be nearly impossible for a court to deliver a ruling within 45 days so as to permit a patent holder to file another suit. Indeed, a generic manufacturer defendant in this circumstance will likely make the strategic decision to delay filing a motion for lack of personal jurisdiction as long as possible, in the hopes that the 45-day period will expire before the action is dismissed on personal jurisdiction grounds. Therefore, patent holders are stuck between a jurisdictional rock and hard place: file suit in the forum of choice but risk losing patent protection if the suit is dismissed for personal jurisdiction, or file suit in the only known safe forum and incur all the inconvenience of litigating the matter in a distant location.

*Abbott*, 2006 U.S. Dist. LEXIS 13782, at \*25-\*26.) Thus, contrary to Abrika's assertion, courts have recognized the need for protective suits in Hatch-Waxman patent infringement actions.

Further, Abrika's suggestion that district courts uniformly deny motions to stay protective actions in Hatch-Waxman cases is wrong. An example of district courts that stayed Hatch-Waxman protective cases to allow a jurisdictional challenge to be decided in the plaintiff's venue of choice can be found in the *Abbott Laboratories v. Andrx* cases. There, Abbott filed a Hatch-Waxman infringement case in its home state of Illinois, but also filed two additional protective actions, one in the Eastern District of Virginia and the other in the Southern District of Florida.

(Savit Supp. Decl. Exhs. C and D.)  Both the Virginia and Florida district courts stayed those

cases pending a determination of a personal jurisdiction challenge in the Northern District of

Illinois.  (*Id.*)

In sum, the first-filed doctrine applies when a plaintiff files a second protective action in

a different venue, even in Hatch-Waxman patent infringement actions.  Plaintiffs here did not

lose their first choice of forum by filing a protective action in Delaware.

**B.    Abrika Misinterprets The First-Filed Rule.**

Abrika's second argument to try to overcome the first-filed doctrine entirely reformulates

the rule.  According to Abrika, "New Jersey has yet to establish jurisdiction over the parties,

[while] this Court established jurisdiction more than three weeks ago, when defendants' Answer

admitted that jurisdiction and venue were proper."  Opposition at 10.  This argument fails as a

misinterpretation of the first-filed doctrine.

As a preliminary matter, plaintiffs acknowledge that the case should go forward in the

second-filed forum if jurisdiction is defeated in the first-filed venue.  However, Abrika's

argument goes much further – it proposes that the New Jersey case be dispossessed of its actual

filing date and attributed a later effective filing date.  In Abrika's view, the first-filed case is

assumed to lack personal jurisdiction until a challenge to jurisdiction is made and denied.  This

view is contrary to the legal authorities.

A complaint that pleads personal jurisdiction establishes jurisdiction as of the filing date.

*See Stirling Homex Corp. v. Homasote Co.*, 437 F.2d 87, 88 (2nd Cir. 1971) (when a complaint is

filed there is no affirmative duty to plead personal jurisdiction because it is assumed that

personal jurisdiction exists).  A challenger to personal jurisdiction must make a prima facie

showing of lack of jurisdiction before the burden is shifted to the plaintiff to establish a factual

support for exercising jurisdiction over the defendant.  *See Carteret Savings Bank v. Shushan,*

954 F.2d 141, 142 n.1 (3rd Cir. 1992); *see also Oxford First Corp. v. PNC Liquidating Corp.*, 372 F. Supp. 191, 192-93 n.2 (E.D. Pa. 1974). If jurisdiction is proven, it is effective as of the date the complaint was filed. *See Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 569-70 (2nd Cir.) (in order to assess personal jurisdiction, courts should examine contacts with the forum state up to the *filing date of the suit*); *see also Simplicity, Inc. v. MTS Products, Inc.*, 2006 U.S. Dist. LEXIS 17626, *8-9 (E.D. Penn. 2006) (citing *Metropolitan Life Ins. Co.*, 84 F.3d at 569-70)).

Plaintiffs' New Jersey complaint alleges that personal jurisdiction can be exercised over Abrika under federal jurisdictional standards. (See Savit Decl., Exh. A, at ¶ 8, "This Court has personal jurisdiction over the Defendants by virtue of, *inter alia*, their continuous and systematic contacts with New Jersey. The Defendants are drug companies that do business within the State of New Jersey, including the sale of prescription drugs through major chains such as Walgreens Drug Stores.") Abrika has not challenged jurisdiction in New Jersey and may never do so. Indeed, instead of filing a jurisdictional motion on January 8, 2007, the due date for its New Jersey answer, Abrika applied for a 15-day extension of time. (See Savit Supp. Decl, Exh. E.) Thus, *Abrika* is delaying any challenge to jurisdiction in New Jersey.

Similarly, Abrika has not made any factual record before this Court that it has a strong jurisdictional argument in New Jersey. There simply is no basis to conclude that Abrika even has a good faith personal jurisdiction argument, particularly in light of its sales of drug products to at least one major distributor in New Jersey. The only factual distinction upon which this argument relies is that it has answered the complaint in Delaware and not answered the one in New Jersey. If this argument were to be adopted by the Court as sufficient to overcome the first-

filed doctrine, it would effectively change the rule into the first-answered rule. Obviously, this is an erroneous formulation of the law.

Not surprisingly, none of the cases cited by Abrika (in the Opposition at 10-11) grant priority to the second-filed case based on the date that a jurisdictional motion was denied. In fact, the courts opinion in one of Abrika's cases, *Old Charter Distillery Co., Inc.*, supports plaintiffs' position. In that case, the ruling denying the jurisdictional challenge in the first-filed case occurred after the filing of the second case. *Old Charter Distillery Co., Inc.*, 59 F. Supp. at 530. The first-filed action was still accorded primacy. *Id.* Neither *National Patent Development Corp. v. American Hospital Supply Corp.*, 616 F. Supp. 114, 118-21 (S.D.N.Y. 1984), nor *Jefferson Ward Stores, Inc. v. Doody Co.*, 560 F. Supp. 35, 36-37 (E.D. Pa. 1983), considered the second-filed action to be earlier filed because a jurisdictional motion in the first case was not decided until later. In sum, there is no legal support for changing the effective date of the first-filed case until after a jurisdictional challenge is decided. Abrika's strategy of answering the complaint in Delaware while delaying in New Jersey does not reverse the priority of the filing dates of those actions.

## C.    Abrika Has No Standing To Complain About Delay.

Abrika's third argument for abandoning the first-filed doctrine in this case is that the doctrine does not apply to cases filed under the Hatch-Waxman Act. The Act, however, does not explicitly or implicitly change the rules governing federal court litigation. As demonstrated above, the first-filed rule is a procedural device successfully employed for all types of cases, including cases filed under the Hatch-Waxman Act. There is no legal basis for carving out an exception to the rule's application for cases litigated under any specific area of the law, let alone cases litigated under the Hatch-Waxman Act.

Abrika points to the portion of the Act that states the parties should "reasonably cooperate in expediting the action." (Opposition at 11.) Abrika accuses plaintiffs of violating the intention of the Act by "seeking to delay, rather than expedite the action." (Opposition at 12.) In fact, any delay has been the result of Abrika's strategic posturing and continues to be entirely within Abrika's control.

The sole basis for Abrika's allegation of delay is that discovery, briefing and decision of a jurisdictional challenge in New Jersey may take several months. *Id.* However, as demonstrated in the Supporting Memo, Abrika was aware of the earlier New Jersey complaint prior to filing its Delaware answer and counterclaims. (See Supporting Memo, at 3; Savit Decl., Exh. B.) It answered the Delaware complaint within two days of its filing. Abrika just as easily could have answered the New Jersey complaint. Moreover, given Abrika's regular and systematic contacts with New Jersey, a jurisdictional challenge by Abrika in New Jersey likely would fail. The only reasonable conclusion is that Abrika is motivated to get the case to the venue of its choice and not to expedite a resolution of the dispute.

Granting plaintiffs' motion will allow Abrika to decide for itself the importance of expediting the suit. If expediting resolution of the dispute is most important to Abrika, it can answer the New Jersey complaint on the merits. By contrast, if litigating in Delaware is of utmost importance to Abrika, it will have the option of choosing to challenge jurisdiction in New Jersey. The decision will be left entirely in Abrika's hands.

## II.    ABRIKA HAS FAILED TO PROVIDE ANY REASON WHY THE COURT SHOULD KEEP THE ACTION IN DELAWARE.

Abrika's Opposition is almost entirely devoted to trying to establish that the Court is not bound by the first-filed doctrine, and is free to exercise its discretion to decide to proceed with the case. Decidedly absent is any substantial argument as to why the Court should do so. On the

other hand, there are several good reasons for deferring to the New Jersey court to resolve this dispute.

As mentioned previously, the plaintiffs Celgene and Novartis Pharmaceuticals Corporations are located in New Jersey. Their employee witnesses, such as the inventors, are located in New Jersey. So are the records of the development of the invention, and the commercial RITALIN LA™ product. New Jersey is a more convenient forum for the witnesses, and for access to relevant documents, than Delaware.

Abrika's employees and documents are located in Florida. Its connection to Delaware is solely because it chose to be incorporated there. As a practical matter, it is just as convenient for Abrika to litigate in New Jersey as Delaware. It has not identified any prejudice resulting from proceeding in New Jersey instead of Delaware.

It makes most sense for this dispute to be resolved in New Jersey. The Delaware Complaint was filed strictly as a protective measure in the event jurisdiction fails in New Jersey. Plaintiffs were motivated to eliminate the risk of not maintaining a timely-filed suit and losing its thirty-month stay, and *not* judge shopping. *Abbott*, 2006 U.S. Dist. LEXIS 13782, at *25-*26 (by filing suit in their choice home forum only, patent holders "risk losing patent protection if the suit is dismissed for personal jurisdiction").

Both parties agree, as they must, that the action should only proceed in one of the two courts in which complaints have been filed. Allowing both actions to proceed indefinitely not only adds a case to this Court's docket, but also burdens the parties with the expense of two actions for the purpose of resolving a single dispute. Striking the answer and complaint assures that such unnecessary expense is avoided. A jurisdictional challenge, if Abrika decides to bring one, will be decided by the New Jersey court. If Abrika is successful, the case will proceed in

this Court, as it prefers.  If Abrika decides not to file a jurisdictional challenge, or such a challenge is not successful, the case will proceed in New Jersey, as plaintiffs prefer.

## CONCLUSION

For the foregoing reasons, the Court should grant plaintiffs' motion to strike Abrika's answer and counterclaim without prejudice to re-filing of that pleading if plaintiffs serve their complaint.  Alternatively, the Court should stay the proceedings pending resolution of any jurisdictional challenge in the District of New Jersey, at which time the plaintiffs will either dismiss the case or seek to lift the stay.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Anthony M. Insogna
Lester J. Savit
JONES DAY
12750 High Bluff Drive, Suite 300
San Diego, CA 92130-2083
(858) 314-1200

F. Dominic Cerrito
JONES DAY
222 East 41st Street
New York, New York 10017-6702
(212) 326-3939

*Attorneys for Plaintiff Celgene Corporation*

Robert L. Baechtold
Henry J. Renk
Nicholas N. Kallas
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, New York 10112
(212) 218-2100

*Attorneys for Plaintiffs Novartis Pharmaceuticals Corporation
and Novartis Pharma AG*

Dated:  January 17, 2007

By:  /s/ Philip A. Rovner
　　　Philip A. Rovner (#3215)
　　　Hercules Plaza
　　　P. O. Box 951
　　　Wilmington, Delaware  19899
　　　(302) 984-6000
　　　provner@potteranderson.com

*Attorneys for Plaintiffs*

11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on January 17, 2007, the within document

was filed with the Clerk of the Court using CM/ECF which will send notification of such

filing(s) to the following; that the document was served on the following counsel as indicated;

and that the document is available for viewing and downloading from CM/ECF.

BY HAND DELIVERY AND E-MAIL

Andre G. Bouchard, Esq.
John M. Seaman, Esq.
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE  19801
abouchard@bmf-law.com
jseaman@bmf-law.com

I hereby certify that on January 17, 2007 I have sent the foregoing document by

E-mail to the following non-registered participants in the manner indicated:

James D. Veltrop, Esq.
Jonathan A. Harris, Esq.
Chad A. Landmon, Esq.
Jo-Anne M. Kokoski, Esq.
Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103
jdv@avhlaw.com; jah@avhlaw.com;
cal@avhlaw.com; jmk@avhlaw.com

/s/ Philip A. Rovner
Philip A. Rovner  (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

768868