IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CELGENE CORPORATION, NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS PHARMA AG, | ) ) ) ) | Civil Action No. 06-741-SLR |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ABRIKA PHARMACEUTICALS, INC. and ABRIKA PHARMACEUTICAL, LLLP, | ) ) ) | |
| Defendants. | ) | |

**SCHEDULING ORDER**

At Wilmington this ____ day of _____, 2007, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2 no later than **April 4, 2007.**

2. **Discovery.**

    (a) Discovery will be needed on the following subjects:

    1. Infringement or non-infringement of U.S. Patents No. 5,837,284 and 6,635,284 (collectively the "patents in suit");

    2. Validity of the patents in suit;

    3. Prosecution of the patents in suit;

    4. Willful infringement;

  5. Defendants' ANDA;

  6. Any other claims, counterclaims, and/or defenses that are subsequently properly pled in a timely fashion;

  7. The development, proposed marketing and intended uses of defendants' proposed extended release methylphenidate products;

  8. Enforceability of the patents in suit; and

  9. Laches and equitable estoppel.

 (b) All fact discovery shall be commenced in time to be completed by **January 22, 2008**.

  (1) Document production shall be completed on or before **October 1, 2007**.

  (2) Maximum of 40 interrogatories by each side to the other side.

  (3) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

  (4) Maximum of 100 requests for admission by each side to the other side.

  (5) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

      (6)    Maximum of 95 hours of fact depositions of each side.

    (c)    Expert discovery shall be commenced in time to be completed by **April 30, 2008.**

      (1)    Expert reports on issues for which the parties have the burden of proof due **February 22, 2008.** Rebuttal expert reports due **March 21, 2008.**

      (2)    Expert depositions to be limited to a maximum of 7 hours for each expert unless extended by agreement of the parties.

      (3)    All *Daubert* motions shall be filed on or before **May 21, 2008.**

    (d)    If willfulness has been asserted and absent agreement among the parties, defendants must inform plaintiffs as to whether they intend to rely on advice of counsel by **August 15, 2007.** If the decision is to rely on such advice, the scope of discovery shall include the materials provided by defendants to their counsel and whatever other materials related to the issues in dispute that defendants had in their possession at the time the advice was sought.

    (e)    Supplementations under Rule 26(e) due **December 11, 2007,** with a final supplement due 30 days before trial.

    (f)    **Discovery Disputes.**

      (1)    The court shall conduct an in-person discovery status conference on **July 24, 2007 at 4:30 p.m.**, the time to be allocated equally among the parties. No motions to compel or motions for protective order shall be filed absent approval of the court.

      (2)    The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R Civ. P. 37 shall be filed.

(g) **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before **July 2, 2007**.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5. **Claim Construction Issue Identification.** If the court does not find that a limited earlier claim construction would be helpful in resolving the case, on **January 15, 2008**, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 6 below.

6. **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on **May 15, 2008**, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on **June 2, 2008**. Simultaneous response briefs should be filed by **June 16, 2008**. The hearing on the claim construction will be held on **June 30, 2008 at 10:00 a.m.**

7. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

    (a) **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

    (b) No telephone calls shall be made to chambers.

    (c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

8. **Motions in Limine.** No motions *in limine* shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

9. **Pretrial Conference.** A pretrial conference will be held on **August 14, 2008 at 4:30 p.m.** in Courtroom No. 6B, Sixth Floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

10. **Trial.** This matter is scheduled for a two-week bench trial commencing on **September 2, 2008** in Courtroom No. 6B, Sixth Floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge

786090