

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Philip A. Rovner**
Partner
provner@potteranderson.com
302-984-6140   Direct Phone
302-658-1192   Fax

March 27, 2007
Public Version – April 3, 2007

<u>BY E-FILE</u>

**PUBLIC VERSION**

The Honorable Sue L. Robinson
Chief Judge
United States District Court for
  the District of Delaware
U.S. Courthouse
844 N. King Street
Wilmington, DE  19801

       Re:    Celgene Corporation, *et al*. v. Abrika Pharmaceuticals, Inc., *et al*.,
              D. Del., C.A. No. 06-741-SLR

Dear Chief Judge Robinson:

       This firm, along with Jones Day and Fitzpatrick, Cella, Harper & Scinto, represent plaintiffs Celgene Corporation, Novartis Pharmaceuticals Corporation and Novartis Pharma AG in this action for patent infringement.  Two days *prior to* filing this action, plaintiffs filed the identical complaint in their home state of New Jersey.  Because defendant Abrika Pharmaceuticals, Inc. is incorporated in Delaware, plaintiffs filed this action merely as a protective suit to assure a filing date within the period provided to obtain the benefit of the statutory 30-month stay of FDA approval of defendants' ANDA.  The Complaint and Summons for this second case have never been served.

       REDACTED

       Moreover, it was publicly announced on November 30, 2006, that Abrika was being acquired by Actavis, an Icelandic company with U.S. headquarters and two manufacturing facilities in New Jersey.[1]

---

[1] REDACTED

The Honorable Sue L. Robinson
March 27, 2007
Page 2

       In spite of having a substantial presence in New Jersey, defendants preferred to proceed here. As a result, they answered the Complaint here two days after its filing and without being served, and delayed the first-filed New Jersey action by filing a motion to dismiss based on a meritless personal jurisdiction argument and request to transfer to Delaware. Plaintiffs have conducted jurisdictional discovery in New Jersey and established contacts supporting the exercise of both specific and general jurisdiction in New Jersey, and the motion has been fully briefed with a *return date of next Monday, April 2, 2007*. Hence, the question of whether the first-filed venue of New Jersey has jurisdiction, and whether the dispute should be decided in New Jersey, or transferred to Delaware, has been submitted to Judge Susan Davis Wigenton in New Jersey.

       Pursuant to D.Del.L.R. 3.1(b), at the time they filed the Complaint in this action, plaintiffs properly identified the first-filed New Jersey action as a related case. Following defendants' premature filing of their answer, plaintiffs filed their Motion to Strike Defendants' Answer and Counterclaims, or Alternatively to Stay the Proceedings ("Plaintiffs' Motion to Stay"). That motion has been fully-briefed since January 17, 2007. We now ask only that the first-filed and plaintiffs' preference doctrines be enforced, and that the telephonic scheduling conference be continued to provide Judge Wigenton time to decide where this case should proceed.

       To avoid violating the Court's March 9, 2007, Order for Scheduling Conference (D.I. 21), plaintiffs have negotiated with defendants as to a schedule that could be put into place if the case proceeds here. A copy of the proposal (with the parties' specific disagreements noted, where appropriate) is enclosed. Plaintiffs, however, continue to oppose defendants' motions to dismiss or transfer the New Jersey action. Plaintiffs seek only have the dispute resolved in the district of the first-filed complaint (New Jersey), and where the parties and witnesses reside. Defendants should not be allowed to usurp control of the action by filing a meritless jurisdictional motion to delay the proceeding in the first-filed venue of plaintiffs' choice.

                                      Respectfully,

                                        /s/ Philip A. Rovner

                                        Philip A. Rovner
                                        provner@potteranderson.com

PAR/mes/785828
Enc.
cc: John M. Seaman, Esq. (w/o encl.) – by ECF, E-mail and hand delivery