**BOUCHARD MARGULES & FRIEDLANDER**
A PROFESSIONAL CORPORATION
SUITE 1400
222 DELAWARE AVENUE
WILMINGTON, DELAWARE 19801
(302) 573-3500
FAX (302) 573-3501

ANDRE G. BOUCHARD
JOEL FRIEDLANDER
DAVID J. MARGULES

JOHN M. SEAMAN
DOMINICK T. GATTUSO
JAMES G. MCMILLAN, III
SEAN M. BRENNECKE

March 27, 2007
[Public Version April 3, 2007]

**PUBLIC VERSION – FILED
PURSUANT TO D. DEL. LR 26.2**

**BY CM/ECF**

The Honorable Sue L. Robinson
Chief Judge
United States District Court for
  The District of Delaware
U.S. Courthouse
844 N. King Street
Wilmington, DE 19801

RE: *Celgene Corporation, et al. v. Abrika Pharmaceutical, Inc., et al.*
D. Del. C.A. No. 06-741-SLR

Dear Chief Judge Robinson:

    This firm, along with Axinn, Veltrop & Harkrider LLP, represents the Abrika defendants in this case. In their March 27, 2007 "cover letter" transmitting the proposed scheduling order, plaintiffs chose to re-argue their motion to strike or transfer by misrepresenting various matters in an action before the U.S. District Court for the District of New Jersey in which Abrika has moved to dismiss for lack of personal jurisdiction.[1]

    Plaintiffs' maneuver here lays bare the real reason they seek to proceed in New Jersey. This is a Hatch-Waxman case. With the filing of its complaint here, defendants are under a statutorily-imposed stay which prevents them from commercializing their

---

[1] The New Jersey motion to dismiss now longer has a return date of April 2, 2007. Per her clerk, Judge Wigenton is on vacation, the return date will be some multiple weeks in the future and the date for her ruling will be at some indefinite future time.

Chief Judge Robinson
April 3, 2007
Page 2

generic version of Ritalin LA until a court rules that plaintiffs' patents are invalid, unenforceable or not infringed or until 30 months after the filing of the complaint – whichever occurs first. Plaintiffs' average **weekly** revenues in 2006 from Ritalin LA were more than **[REDACTED]** percent of Abrika's **yearly** total gross revenues. Each week plaintiffs can stall the resolution of this case, Abrika loses significant revenues and consumers who suffer from ADHD disorder will not have a more affordable generic substitute.

Local Rule 16.2(c) of this Court provides for prompt trial dates. Within the context of that Rule, the parties negotiated a proposed schedule for this case where the trial would begin on September 2, 2008, less than 21 months after the complaint was filed. In New Jersey, by contrast, according to the most recent statistics of the Administrative Office of the United States Courts the average time to trial in civil lawsuits – much less complicated patent cases – is 30.7 months. Thus, it is likely trial in New Jersey would be a year or more after a trial in Delaware. [2]

In any event, the patent infringement alleged here is brought under 35 U.S.C. §271(e)(2), not 35 U.S.C. §271(a), because infringement arises from filing the ANDA with the FDA. *Eli Lilly & Co. v. Medtronic, Inc.,* 496 U.S. 661, 678 (1990). The facts and witnesses surrounding the ANDA are centered not in New Jersey – but in Florida. In this circumstance, filing in plaintiffs' "home state" does nothing to help efficiently resolve this dispute as required by the Hatch-Waxman Act and the public interest. Instead, plaintiffs' suit in New Jersey has simply been an unnecessary burden to defendants and the judiciary that could have been avoided entirely had plaintiffs chosen to file in Delaware only.

Defendants have, consistent with the Hatch-Waxman Act, moved forward to bring this case to its earliest possible resolution. They filed their answer in this case and engaged in expedited jurisdictional discovery in New Jersey. Defendants took the lead in negotiating the scheduling order here by producing the first discussion draft. Consistent with this Court's March 9, 2007 order, defendants today are serving their initial disclosures to plaintiffs despite their refusal to comply with that order by doing the same. Also, now that the Rule 26(f) conference has been concluded, defendants also today are serving interrogatories and document production requests on plaintiffs. Discovery in this case should proceed apace irrespective of the New Jersey court's ultimate decision so the resolution of the parties' dispute will not be indefinitely delayed because of plaintiffs' tactical filing choice.

---

[2]   To advance their plan to implement this extended delay, plaintiffs misstate various New Jersey factual matters that have no place before this Court.

2

Chief Judge Robinson
April 3, 2007
Page 3

                        Respectfully,

                        /s/ John M. Seaman

                        John M. Seaman (#3868)
                        jseaman@bmf-law.com

cc: Philip A. Rovner, Esquire (by email)