**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| CELGENE CORPORATION, NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS PHARMA AG, | ) ) ) ) | Civil Action No. 06-741-SLR |
| Plaintiffs, | ) ) ) |  |
| v. | ) ) ) |  |
| ABRIKA PHARMACEUTICALS, INC. and ABRIKA PHARMACEUTICALS, LLLP, | ) ) ) |  |
| Defendants. | ) |  |

**OPENING BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE AND DISMISS DEFENDANTS' INEQUITABLE CONDUCT ALLEGATIONS AS FAILING TO MEET THE PARTICULARITY STANDARDS OF RULE 9(b), F. R. Civ. P.**

OF COUNSEL:

Anthony M. Insogna
Lester J. Savit
JONES DAY
12265 El Camino Real
Suite 200
San Diego, CA 92130-4096
(858) 314-1200


F. Dominic Cerrito
JONES DAY
222 East 41st Street
New York, New York 10017-6702
(212) 326-3939

*Attorneys for Plaintiff Celgene
Corporation*

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware  19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiffs*

Robert L. Baechtold
Henry J. Renk
Nicholas N. Kallas
FITZPATRICK, CELLA, HARPER &
SCINTO
30 Rockefeller Plaza
New York, New York 10112
(212) 218-2100

*Attorneys for Plaintiffs Novartis*
*Pharmaceuticals Corporation*
*and Novartis Pharma AG*

Dated:  April 11, 2007

788703

**TABLE OF CONTENTS**

**Page**

I.    NATURE AND STAGE OF THE PROCEEDING............................................................ 1

II.   SUMMARY OF ARGUMENT ....................................................................................... 1

III.  STATEMENT OF FACTS ............................................................................................. 2

IV.   ARGUMENT................................................................................................................... 3

      A.    RULE 9(b) REQUIRES THAT ALLEGATIONS OF
           INEQUITABLE CONDUCT BE PLED WITH
           PARTICULARITY ................................................................................... 3

      B.    THE ANSWER AND COUNTERCLAIMs FAIL TO ALLEGE
           INEQUITABLE CONDUCT WITH PARTICULARITY ..................................... 5

      C.    THE APPROPRIATE REMEDY IS TO STRIKE THE SECOND
           AFFIRMATIVE DEFENSE IN ITS ENTIRETY AND TO
           DISMISS THE PORTIONS OF THE COUNTERCLAIMS
           RELATING TO UNENFORCEABILITY .......................................................... 8

V.    CONCLUSION................................................................................................................ 10

# TABLE OF AUTHORITIES

Page

## Cases

*Anderson v. USAA Casualty Insurance Co.*,
   221 F.R.D. 250 (D.D.C. 2004) ................................................................................. 9

*Brown v. Phillip Morris Inc.*,
   250 F.3d 789 (3d Cir. 2001) ................................................................................... 9

*Burlington Indus., Inc. v. Dayco Corp.*,
   849 F.2d 1418 (Fed. Cir. 1988) ............................................................................. 4

*Chiron Corp. v. Abbott Lab.*,
   156 F.R.D. 219 (N.D. Cal. 1994) ........................................................................... 4

*EMC Corp. v. Storage Tech Corp.*,
   921 F. Supp. 1261 (D. Del. 1996) .............................................................. 4, 5, 6, 7

*Ferguson Beauregard/Logic Controls v. Mega Sys.*,
   350 F. 3d 1327 (Fed. Cir. 2003) ........................................................................... 4

*Fiskars, Inc. v. Hunt Mfg. Co.*,
   221 F.3d 1318 (Fed. Cir. 2000) ............................................................................ 4

*FMC Corp. v. Manitowoc Co.*,
   835 F.2d 1411 (Fed. Cir. 1987) ............................................................................ 4

*Intex Recreation Corp. v. Team Worldwide Corp.*,
   390 F. Supp. 2d 21 (D.D.C. 2005) ..................................................................... 7, 8

*Martek Biosciences Corp. v. Nutrinova Inc.*,
   2004 WL 2297870 (D. Del. October 8, 2004) ...................................................... 5

*Narragansett Tribe v. Southern Rhode Island Land Dev. Corp.*,
   418 F. Supp. 798 (D.R.I. 1976) ............................................................................ 8

*Neubronner v. Milken*,
   6 F.3d 666 (9th Cir. 1993) ................................................................................. 3, 5

*Semegen v. Weidner*,
   780 F.2d 727 (9th Cir. 1985) ................................................................................ 3

*Sun-Flex Co, Inc. v. Softview Computer Products Corp.*,
   750 F. Supp. 962 (N.D. Ill. 1990) ..................................................................... 4, 7

*Systemation, Inc. v. Engel Indus., Inc.*,
   183 F.R.D. 49 (D. Mass. 1998) ............................................................................. 5

**TABLE OF AUTHORITIES**
**(continued)**

Page

*United States v. Geppert Bros., Inc.*,
  638 F. Supp. 996 (E.D.Pa. 1986) ................................................................. 8

*United States v. Marisol, Inc.*,
  725 F. Supp. 833 (M.D.Pa. 1989) .......................................................... 8, 9

*Wolf v. Wagner Spray Tech Corp.*,
  715 F. Supp. 504 (S.D.N.Y. 1989) ........................................................ 4, 9

**<u>Statutes and Rules</u>**

37 California Federal Rule § 1.56 ................................................................. 2

Federal Rule of Civil Procedure, Rule 9(b) .......................................... passim

Federal Rule of Civil Procedure, Rule 12(b)(6) ...................................... 1, 9

Federal Rule of Civil Procedure, Rule 12(f) ........................................... 1, 8

## I.    NATURE AND STAGE OF THE PROCEEDING

This is a patent infringement lawsuit filed by Plaintiffs Celgene Corporation ("Celgene"), Novartis Pharmaceuticals Corporation and Novartis Pharma AG (jointly "Novartis") against Defendants Abrika Pharmaceuticals, Inc. and Abrika Pharmaceuticals, LLLP's (jointly "Abrika"). Plaintiffs filed their Complaint on December 6, 2006, and Defendants filed their Answer and Counterclaims on December 8, 2006. In light of the existence of a pending earlier-filed action in New Jersey, Plaintiffs filed a Motion to Strike Defendants' Answer and Counterclaims or Stay the Proceedings. This Court denied that request on March 28, 2007. Plaintiffs' instant motion pursuant to Rule 9(b), F. R. Civ. P., is being filed concurrently with Plaintiff's Reply to Defendants' Counterclaims.

## II.    SUMMARY OF ARGUMENT

1.      Abrika's Answer and Counterclaims assert that the patents-in-suit are unenforceable due to inequitable conduct, but includes only conclusory statements and no factual allegations. Inequitable conduct is a type of fraud that must be pled with specificity pursuant to Rule 9(b), F. R. Civ. P. Defendants allegations do not satisfy the requirements of Rule 9(b).

2.      Under Rule 12(f), F. R. Civ. P., a court may strike an insufficiently plead defense. This includes any defense that does not comply with the requirements of Rule 9(b).

3.      Similarly, Under Rule 12(b)(6), F. R. Civ. P., a court may dismiss counterclaims that fail to satisfy the requirements of Rule 9(b).

### III.    **STATEMENT OF FACTS**

Plaintiffs allege infringement of two patents, United States Patent Nos. 5,837,284

("the 1998 '284 patent") and 6,635,284 ("the 2003 '284 patent").  Abrika filed a cursory

Answer and Counterclaims two days later.  The Answer includes a Second Affirmative

Defense that is entitled, "Inequitable Conduct."  It includes in its entirety the following

five paragraphs:

1.    On information and belief, the '284 patents are unenforceable by reason of the failure of the plaintiffs and/or the inventors and/or others involved in the prosecution of the applications on which the patents issued (collectively "Applicants") to fulfill their duties of candor under 37 C.F.R. § 1.56.

2.    On information and belief, the applicants were aware, during the prosecution of the applications that resulted in the '284 patents, of prior art that was material under 37 C.F.R. § 1.56 to the patentability of the claims the Applicants sought.

3.    On information and belief, the Applicants did not provide information to the PTO during the prosecution of the '284 patents regarding such material prior art.

4.    On information and belief, the Applicants withheld information regarding such material prior art with intent to mislead the Examiner as to the patentability of the claims they sought.

5.    As a result, upon information and belief, the '284 patents are unenforceable due to inequitable conduct by the Applicants before the PTO.

(*See* D.I. #2; pg. 4.)

The Counterclaims portion of the pleading contains several conclusory references

to unenforceability without any explanation.  The title of the First Count is, "Declaration

of Noninfringement, Invalidity and **Unenforceability**" (emphasis added).[1]  The only

---

[1] Similarly, Paragraph Nos. 9, 16 and 17 lump the word unenforceability with conclusory allegations of noninfringement and invalidity.  They state:

9.    Abrika seeks a declaration that the '284 patents are not infringed and that they are invalid and/or **unenforceable**.  (Emphasis added.)

16.    Actual and justiciable controversies exists between Abrika and the defendants regarding the infringement, validity and **enforceability** of the '284 patents.  (Emphasis added.)

statement containing any explanation of the basis for the purported defense is found in

Paragraph No. 15. It states:

> 15.     On information and belief, the '284 patents are unenforceable by
>          reason of the failure of one or more of the Applicants to disclose
>          material prior art to the PTO.
> (*Id.* at pg. 6.)

No information is provided anywhere in the Answer and Counterclaims regarding

the identity of the purportedly non-disclosed prior art, the name of the person or persons

who allegedly failed to disclose it, or why the art should be considered material.

### IV.    ARGUMENT

### A.    RULE 9(b) REQUIRES THAT ALLEGATIONS OF INEQUITABLE CONDUCT BE PLED WITH PARTICULARITY.

Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances

constituting fraud or mistake shall be stated with particularity." Rule 9(b), F. R. Civ. P.

The rule prevents the filing of complaints as a pretext for the discovery of unknown

wrongs, and insures a meaningful response rather than a generic denial of wrongdoing.

*See Neubronner v. Milken*, 6 F.3d 666, 671-72 (9th Cir. 1993). The rule further serves to

prevent an accuser from "unilaterally imposing upon the court, the parties and society

enormous social and economic costs absent some factual basis." *See Semegen v.*

*Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

The heightened pleading requirement of Rule 9(b) has consistently been held to

apply to allegations of inequitable conduct in patent cases. *See, e.g., EMC Corp. v.*

---

(continued...)

> 17.     Abrika is entitled to declarations that Abrika's Proposed Products
>          do not infringe the '284 patents and that the '284 patents are
>          invalid and **unenforceable** and undenforceable [Sic]. (*See* D.I.
>          #2; pg. 6-7.) (Emphasis added.)

*Storage Tech Corp.*, 921 F. Supp. 1261, 1263 (D. Del. 1996) (dismissing allegations of inequitable conduct for failure to meet Rule 9(b) standards); *Sun-Flex Co, Inc. v. Softview Computer Products Corp.*, 750 F. Supp. 962, 963 (N.D. Ill 1990) (holding allegations of inequitable conduct must be measured against the standard of Rule 9(b)); *Wolf v. Wagner Spray Tech Corp.*, 715 F. Supp. 504, 507 (S.D.N.Y. 1989) (noting that Courts have held that under Rule 9(b) a party alleging inequitable conduct must outline the specific statements made, the defendant who made them, and the time and place they were made); *Ferguson Beauregard/Logic Controls v. Mega Sys.*, 350 F.3d 1327, 1344 (Fed. Cir. 2003) (stating that "inequitable conduct, while a broader concept than fraud, must be plead with particularity"). "[A] plain reading of the Federal Rules, the weight of authority, and sound public policy all require that pleadings which allege inequitable conduct before the PTO comply with Rule 9(b)." *Chiron Corp. v. Abbott Lab.*, 156 F.R.D. 219, 220 (N.D. Cal. 1994).

The application of Rule 9(b) is particularly important in patent cases in light of the public policy to deter the filing of conclusory allegations of inequitable conduct. The Federal Circuit has repeatedly criticized the routine filing of inequitable conduct as a "magic incantation[s] to be asserted against every patentee." *FMC Corp. v. Manitowoc Co.*, 835 F.2d 1411, 1415 (Fed. Cir. 1987). Indeed, the Federal Circuit has referred to the making of such allegations without a specific basis to be "an absolute plague." *Burlington Indus., Inc. v. Dayco Corp.*, 849 F.2d 1418, 1422 (Fed. Cir. 1988).[2]

---

[2] Moreover, the Federal Circuit held in *Fiskars, Inc. v. Hunt Mfg. Co.*, that it was not an abuse of discretion to impose sanctions on an infringer's counsel for pursuing an inequitable claim so "lacking in substance as to constitute a waste of time and resources of all the participants." 221 F.3d 1318, 1328 (Fed. Cir. 2000).

To satisfy Rule 9(b), a party pleading inequitable conduct must, at a minimum, identify the material information or prior art allegedly withheld, and disclose the acts of the alleged fraud. *See EMC Corp.*, 921 F. Supp. at 1263 (holding allegation of inequitable conduct insufficient, despite identification of dates and some specific communications with the Patent Office, because the party pleading inequitable conduct "should have disclosed the relevant prior art" alleged to have been concealed); *Systemation, Inc. v. Engel Indus., Inc.*, 183 F.R.D. 49, 51 (D. Mass. 1998) ("[A]t a minimum [defendant] is required to state the time, place and content of the alleged inequitable conduct."); *Martek Biosciences Corp. v. Nutrinova Inc.*, 2004 WL 2297870, at *3 (D. Del. October 8, 2004) (even if a party does not plead the date, place or time of the fraud, Rule 9(b) requires that a party use an "alternative means of injecting precision and some measure of substantiation into their allegations of fraud"); *see generally, Neubronner*, 6 F.3d at 672 (stating that Rule 9(b) requires the plaintiff to state a "factual basis for [its] belief" that fraudulent conduct occurred).

## B.     THE ANSWER AND COUNTERCLAIMS FAIL TO ALLEGE INEQUITABLE CONDUCT WITH PARTICULARITY.

Here, Abrika's allegations contain no facts or details. For instance, Abrika's allegations fail: (i) to identify the prior art allegedly withheld; (ii) the person or persons who allegedly knew of the prior art, and how and when they learned of it and its materiality; and (iii) why the prior art should be considered material to the patentability of the claimed invention. Defendants state only that some unidentified prior art reference or references were known by some unnamed "plaintiffs and/or the inventors and/or others involved in the prosecution of the applications," and that such prior art was not disclosed

to the Patent Office. These conclusory allegations are exactly the type that have been frowned upon by the Federal Circuit and dismissed previously in this and other districts.

The Delaware district court addressed the particularity requirements of Rule 9(b) in *EMC Corp.*, 921 F. Supp. 1263. In that case, defendant's Answer and Counterclaim alleged inequitable conduct in the following two paragraphs:

> 7.     The Ludlam '857 patent-in-suit is unenforceable due to inequitable conduct practiced by [the patent holder] STK, its employees and its agent(s) during the prosecution of the Ludlam '857 patent-in-suit. The failure of STK, its employees or agent(s) to disclose to the United States Patent Office material prior art known to STK prior to the issuance of the Ludlam '857 patent-in-suit constitutes inequitable conduct.

> 8.     Moreover, the Ludlam '857 patent is unenforceable due to inequitable conduct because STK, through its attorneys and named inventors, misrepresented to the United States Patent Office that the development of the alleged invention claimed in the Ludlam '857 patent-in-suit continued without substantial interruption from prior to June 15, 1990, until the filing of the application that matured into the Ludlam '857 patent-in-suit. Upon information and belief, this was a misrepresentation which was material because the patent examiner withdrew its rejection of certain claims of the Ludlam '857 patent-in-suit and allowed the claims. Upon information and belief, STK and/or its attorneys and named inventors and agents made this material misrepresentation intentionally with the intent to mislead the patent examiner into withdrawing his rejection and allowing the '857 patent to issue.

*Id.* at 1262-63.

The Court applied Third Circuit law regarding the specific pleading provisions of Rule 9(b), which requires the complaint to provide notice of "the precise misconduct alleged", and found that the allegations, though superficially detailed, failed to plead inequitable conduct with particularity. *Id.* at 1261-3. The Court stated that "[a]t a minimum, EMC should have disclosed the relevant prior art." *Id.*

Similarly, in *Intex Recreation Corp. v. Team Worldwide Corp.*, 390 F. Supp. 2d 21 (D.D.C. 2005), plaintiff's claim for inequitable conduct relied on the allegation that the patent holder "submitted false information to the PTO as to [the patent holder's] qualification as a small entity with the intent to mislead the PTO." *Id.* at 24-25. Because these allegations failed to state the "time, place, contents of the alleged misrepresentations, [_]or the way in which it was misleading to the PTO" the Court found the allegations to be insufficient in light of the requirements of Rule 9(b). *Id.*[3]

These same deficiencies are present here. For example, Abrika alleges that Celgene "withheld information regarding such material prior art with intent to mislead..." D.I. #2, pg. 4. Abrika repeats the term "material prior art" several times but never identifies what constitutes the "withheld material prior art." Prior Delaware decisions are clear on this point: just stating that some unidentified prior art has not been disclosed is not sufficient. *See EMC Corp.*, 921 F. Supp. 1263.

Abrika alleges that one or more of the "Applicants" withheld this information during prosecution. D.I. #2, pg. 4. However, Abrika includes within the term "Applicants" all the plaintiffs (this means Celgene and its exclusive licensee Novartis), the inventors, and anyone else involved in the prosecution of the applications of the two patents. *Id.* Implicating one or more unnamed persons of such a large group is equivalent to failing to name anyone at all.

---

[3] In another district court decision, the defendants in a patent infringement action alleged that plaintiffs failed to disclose "material facts including prior art, prior inventions and patent application(s)." *See Sun-Flex Co.*, Inc., 750 F. Supp. at 963. Defendants further alleged in their Amended Answer that plaintiffs "falsified inventorship," "mischaracterized ... prior public usages," and "misrepresented material facts" relevant to the PTO's decision to issue the patent. *Id.* Upon review of these allegations, the Court concluded that "such overly broad accusations of fraudulent activity simply do not rise to the level of particularity contemplated by Rule 9(b)." *Id.* at 963-64.

Moreover, Abrika describes the time and place of the inequitable conduct as "during the prosecution of the applications." *Id.* The original patent application for the 1998 '284 patent was filed on July 14, 1997, and the application that became the 2003 '284 patent issued on October 21, 2003. Thus, the prosecution period for these patents lasted for more than six years. Such a vague allegation fails to meaningfully notify Plaintiffs of the purported wrongdoing. In sum, the Answer and Counterclaims do not identify the purported inequitable conduct with the particularity required by the Federal Rules.

### C. THE APPROPRIATE REMEDY IS TO STRIKE THE SECOND AFFIRMATIVE DEFENSE IN ITS ENTIRETY AND TO DISMISS THE PORTIONS OF THE COUNTERCLAIMS RELATING TO UNENFORCEABILITY.

Rule 12(f) governs the sufficiency of affirmative defenses. *United States v. Marisol, Inc.*, 725 F. Supp. 833, 836 (M.D.Pa. 1989) ("a motion to strike is the primary procedure for objecting to an affirmative defense"). It provides that "upon motion made by a party before responding to a pleading ... the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike under Rule 12(f) eliminates insufficient defenses and saves the time and expense of litigating issues that ultimately would not affect the outcome of the case. *United States v. Geppert Bros., Inc.*, 638 F.Supp. 996, 998 (E.D.Pa. 1986) (*citing Narragansett Tribe v. Southern Rhode Island Land Dev. Corp.*, 418 F. Supp. 798, 801 (D.R.I.1976)). In the case of an affirmative defense alleging fraud, failure to plead with the requisite particularity is ground for striking that defense. *See, e.g., Intex Recreation Corp.*, 390 F. Supp. 2d at 24-25.

On the other hand, Rule 12(b)(6) governs the sufficiency of a counterclaim. *Marisol, Inc.*, 725 F. Supp. at 836. This circuit has recognized that a claim may be dismissed under Rule 12(b)(6) if "no relief could be granted under any set of facts consistent with the allegations." *Brown v. Phillip Morris Inc.*, 250 F.3d 789, 796 (3d Cir. 2001). Dismissal of a counterclaim is appropriate where a party's allegations of fraud do not satisfy the requirements of Rule 9(b). *Wolf*, 715 F. Supp. at 507-08; *see also Anderson v. USAA Casualty Insurance Co.*, 221 F.R.D. 250, 255 (D.D.C. 2004) (granting motion to dismiss "because the brush strokes with which the plaintiff paints her claim fail to illustrate for defendant TEG the precise misconduct with which it is charged.") Thus, Defendants' conclusory allegations of unenforceability in the Counterclaims should be dismissed.

## V.    **CONCLUSION**

The Answer and Counterclaims purport to allege that the patents-in-suit are unenforceable because of inequitable conduct.  However, those allegations are conclusory and do not meet the pleading requirements of Rule 9(b), F. R. Civ. P.  Hence, the Second Affirmative Defense should be stricken in its entirety and the portions of the Counterclaims that assert that the patents-in-suit are unenforceable should be dismissed.

OF COUNSEL:

Anthony M. Insogna
Lester J. Savit
JONES DAY
12265 El Camino Real
Suite 200
San Diego, CA 92130-4096
(858) 314-1200

F. Dominic Cerrito
JONES DAY
222 East 41st Street
New York, New York 10017-6702
(212) 326-3939

*Attorneys for Plaintiff Celgene
Corporation*

Robert L. Baechtold
Henry J. Renk
Nicholas N. Kallas
FITZPATRICK, CELLA, HARPER &
SCINTO
30 Rockefeller Plaza
New York, New York 10112
(212) 218-2100

*Attorneys for Plaintiffs Novartis
Pharmaceuticals Corporation and
Novartis Pharma AG*

Dated:  April 11, 2007
788703

POTTER ANDERSON & CORROON LLP

By:  _____
        Philip A. Rovner (#3215)
        Hercules Plaza
        P. O. Box 951
        Wilmington, Delaware  19899
        (302) 984-6000
        provner@potteranderson.com

*Attorneys for Plaintiffs*

10

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on April 11, 2007, the within document

was filed with the Clerk of the Court using CM/ECF which will send notification of such

filing(s) to the following; that the document was served on the following counsel as indicated;

and that the document is available for viewing and downloading from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Andre G. Bouchard, Esq.
John M. Seaman, Esq.
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
abouchard@bmf-law.com
jseaman@bmf-law.com

I hereby certify that on April 11, 2007 I have sent the foregoing document by E-

mail to the following non-registered participants in the manner indicated:

Jonathan A. Harris, Esq.
Chad A. Landmon, Esq.
Jo-Anne M. Kokoski, Esq.
Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103
jah@avhlaw.com;
cal@avhlaw.com; jmk@avhlaw.com

John Will Ongman, Esq.
Axinn, Veltrop & Harkrider LLP
1801 K Street
Suite 411
Washington, DC 20006-1322
jwo@avhlaw.com

Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

768868