UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CELGENE CORPORATION, NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS PHARMA A.G., <br><br> Plaintiffs, <br><br> v. <br><br> ABRIKA PHARMACEUTICALS, INC., and ABRIKA PHARMACEUTICALS, LLLP, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) )  <br><br> Civil Action No. 06-741  (SLR) |

## OPENING BRIEF IN SUPPORT OF DEFENDANTS' RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS

Andre G. Bouchard (Bar No. 2054)
John M. Seaman (Bar No. 3868)
BOUCHARD MARGULES & FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE  19801
Phone: (302) 573-3508
Fax: (302) 573-3501

OF COUNSEL:

John Will Ongman (*pro hac vice*)
AXINN VELTROP & HARKRIDER LLP
1801 K Street, Suite 411
Washington, DC, 20006-1322
Phone: (202) 912-4700
Fax: (202) 912-4701

Jonathan A. Harris (*pro hac vice*)
AXINN VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
Phone: (860) 275-8100
Fax: (860) 275-8101

*Attorneys for Defendants Abrika Pharmaceuticals, Inc.
and Abrika Pharmaceuticals, LLLP*

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ............................................................................................................. 1

NATURE AND STAGE OF THE PROCEEDINGS ..................................................... 1

SUMMARY OF ARGUMENT ....................................................................................... 2

STATEMENT OF FACTS .............................................................................................. 2

ARGUMENT ................................................................................................................... 3

      A.     Filing an ANDA Alone Cannot Support a
             Finding of Willful Infringement as a Matter of Law ................................... 4

CONCLUSION ................................................................................................................ 8

# TABLE OF AUTHORITIES

## Cases

*Aventis Pharma Deutschland GmbH v. Cobalt Pharmaceuticals, Inc.,*
    355 F. Supp. 2d 586 (D. Mass. 2005) ........................................................ 6

*Boehringer Ingelheim Int'l GmbH v. Barr Labs., Inc.,*
    2006 U.S. Dist. LEXIS 46835 (D. Del. July 6, 2006 .......................... 6

*Burlington Coat Factory Sec. Litig.,*
    114 F.3d 1410 (3d Cir. 1997) ..................................................................... 3

*Celgene Corp. v. Teva Pharms. USA, Inc.,*
    412 F. Supp. 2d 439 (D.N.J. 2006) ....................................................... 1, 6

*Forest Labs., Inc. v. Ivax Pharmaceuticals, Inc.,*
    2007 U.S. Dist. LEXIS 18214 (D. Del. March 15, 2007) ................. 6

*Glaxo Group Ltd. v. Apotex, Inc.,*
    376 F.3d at 1345 ........................................................................................ 5

*Green v. Fund Asset Mgmt., L.P.,*
    245 F.3d 214 (3d Cir. 2001) ..................................................................... 3

*Hurst v. City of Rehoboth Beach,*
    No. 03-362, 2006 U.S. Dist. LEXIS 6600 (D. Del. Feb. 21, 2006) ....... 3

*Item Development AB v. Sicor, Inc.,*
    2006 U.S. Dist. LEXIS 15386 (D. Del. March 31, 2006) ................. 5

*Miree v. DeKalb County, Ga.,*
    433 U.S. 25 (1977) ..................................................................................... 3

*Shamrock Holdings v. Arenson,*
    456 F. Supp. 2d 599 (D. Del. 2006) ....................................................... 3

*Turbe v. Gov't of the Virgin Islands,*
    938 F.2d 427 (3d Cir. 1991) ..................................................................... 3

*Wyeth Cardinal Health, Inc. v. Ranbaxy Labs. Ltd.,*
    448 F. Supp. 2d 607 (D.N.J. 2006) ....................................................... 5

*Yamanouchi Pharmaceutical Co., Inc. v. Danbury Pharmacal, Inc.,*
    231 F.3d 1339 (Fed. Cir. 2000) ............................................................... 4

## **Statutes**

35 U.S.C. § 271(e)(2) ............................................................................ 2, 3, 8

35 U.S.C. § 271(e)(4) ............................................................................ 5

Fed. R. Civ. P. 12(c) ............................................................................ 2

## INTRODUCTION

Plaintiffs should know better.  Not only do the Federal Circuit and this Court make clear that plaintiffs' willful infringement allegations are improper on their face, as recently as last year, the District of New Jersey dismissed plaintiffs' nearly identical willful infringement claims on identical facts:

| Celgene's Prior Willfulness Allegations | Celgene's Current Willfulness Allegations |
|---|---|
| Teva had notice of [the patent-in-suit] prior to undertaking its act of infringement.  Teva's infringement has been, and continues to be, willful and deliberate. | Defendants had notice of [the patent(s)-in-suit] prior to undertaking its (sic) act of infringement.  Defendants' infringement of [the patent(s)-in-suit] has been, and continues to be, willful and deliberate. |

See *Celgene Corp. v. Teva Pharms. USA, Inc.,* 412 F. Supp. 2d 439 (D.N.J. 2006) (dismissing Celgene's allegations of willful infringement for filing an Abbreviated New Drug Application ("ANDA") under the Hatch Waxman Act).

The law is settled -- the mere filing of an ANDA cannot, as a matter of law, support a finding of willful infringement.  Accordingly, this Court should grant defendants Motion for Judgment on the Pleadings.

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiffs filed their Complaint in this patent infringement litigation on December 6, 2006, and Abrika filed their Answer and Counterclaims on December 8, 2006. Plaintiffs filed a Motion to Strike Abrika's Answer and Counterclaim on December 28, 2006, which was denied by this Court on March 28, 2007.  Plaintiffs filed their Answer to Abrika's Counterclaim, along with a concurrent Motion to Strike and Dismiss Abrika's

Inequitable Conduct Allegations on April 11, 2007. The pleadings upon which this motion is based are closed.

## SUMMARY OF ARGUMENT

1.    Plaintiffs' Complaint alleges that Abrika's submission of ANDA No. 78-458 constitutes infringement of U.S. Patent No. 5,837,284 and U.S. Patent No. 6,635,284 (collectively, "the '284 patents") pursuant to 35 U.S.C. § 271(e)(2)(A), and that such infringement is willful. The Hatch-Waxman Act provides a limited set of remedies for infringement pursuant to Section 271(e)(2)(A), and willful infringement is not one of those remedies.

2.    The only act of infringement alleged by Plaintiffs is the highly artificial act of infringement defined by 35 U.S.C. § 271(e)(2)(A). The act of filing an ANDA alone cannot support a finding of willful infringement as a matter of law. Because there can be no willful infringement where the only act of infringement alleged is the filing of an ANDA, Plaintiffs have failed to state a claim upon which relief can be granted and Abrika is entitled to a judgment on the pleadings pursuant to Rule 12(c), Fed. R. Civ. P., that it has not willfully infringed the '284 patents.

## STATEMENT OF FACTS

Abrika submitted ANDA No. 78-458 to FDA seeking approval to manufacture, use and sell methylphenidate hydrochloride extended-release capsules ("Abrika's ANDA products"). (Answer ¶¶ 16-17.) As part of its ANDA, Abrika included certifications that the '284 patents are invalid, unenforceable and/or not infringed by Abrika's ANDA products, and notified Plaintiffs of those certifications. (Answer ¶¶ 14, 16-17.) Plaintiffs sued Abrika for infringement of the '284 patents within 45 days of receiving notice of

Abrika's certifications, and thereby obtained a 30-month stay of FDA approval of Abrika's ANDA. (Answer ¶ 18.)

Abrika has not sold, offered to sell, or otherwise marketed Abrika's ANDA products. Therefore, the only act of infringement that Plaintiffs' Complaint asserts is one pursuant to 35 U.S.C. § 271(e)(2) based upon Abrika's submission of ANDA No. 78-458 to FDA seeking approval to manufacture, use or sell Abrika's ANDA products prior to the expiration of the '284 patents. (Complaint ¶¶ 20, 25.) While Plaintiffs also assert that Abrika's alleged infringement is "willful and deliberate," the Complaint does not identify any acts or circumstances that would elevate Abrika's mere filing of an ANDA to an act of willful infringement. (Complaint ¶¶ 22, 27.)

## ARGUMENT

A judgment on the pleadings is appropriate when there is no set of facts that the non-moving party can prove, consistent with its allegations, that would entitle it to relief. *Shamrock Holdings v. Arenson*, 456 F. Supp. 2d 599, 604 (D. Del. 2006) (citing *Turbe v. Gov't of the Virgin Islands,* 938 F.2d 427, 428 (3d Cir. 1991)). "When deciding a Rule 12(c) motion for judgment on the pleadings, a district court must view the facts and inferences to be drawn from the pleadings in the light most favorable to the non-moving party." *Id.* (citing *Green v. Fund Asset Mgmt., L.P.*, 245 F.3d 214, 220 (3d Cir. 2001). While the court must accept well-pleaded allegations as true, the court need "not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations." *Hurst v. City of Rehoboth Beach*, No. 03-362, 2006 U.S. Dist. LEXIS 6600, at *3-4 (D. Del. Feb. 21, 2006) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997); *Miree v. DeKalb County, Ga.*, 433 U.S. 25, 27 n.2 (1977)).

Plaintiffs are not entitled to a finding of willful infringement here. Several courts, including the Federal Circuit and this Court, have held that the mere filing of an ANDA cannot form the basis for a finding of willful infringement. Because the only act of infringement plaintiffs allege in their Complaint is Abrika's submission of ANDA No. 78-458 to FDA, plaintiffs have failed to state a claim upon which relief can be granted and Abrika is entitled to judgment on the pleadings.

A    Filing an ANDA Alone Cannot Support a
     Finding of Willful Infringement as a Matter of Law

The only act of infringement that Plaintiffs allege Abrika committed is the submission of ANDA No. 78-458 to FDA. (Complaint ¶¶ 20, 25.) This activity is simply not enough to support a finding of willful infringement.

The Federal Circuit has faced this issue on two occasions. In both cases, the district court concluded that the prevailing plaintiff was entitled to attorney's fees for willful infringement. In both cases, the Federal Circuit found that the district court erred in basing an award of attorney's fees for willful infringement.

In *Yamanouchi Pharmaceutical Co., Inc. v. Danbury Pharmacal, Inc.*, 231 F.3d 1339, 1347 (Fed. Cir. 2000), the district court found that Danbury made a baseless patent certification and therefore willfully infringed the patent-in-suit, and awarded Yamanouchi attorney's fees on that basis. *Yamanouchi*, 213 F.3d 1342-43. On appeal, the Federal Circuit first recognized that the Hatch-Waxman Act authorizes an award of attorney's fees in exceptional cases, and then went on to limit the basis for finding a case to be exceptional:

> In the present case, the district court determined that Danbury's conduct amounted to willful infringement. An ANDA filing by its very nature is a "highly artificial act of infringement," therefore, the trial court need not have elevated the ANDA certification into a finding of willful

> infringement. Rather, Danbury's misconduct in filing a wholly unjustified
> ANDA certification and misconduct during the litigation that followed
> warranted the district court's finding that this case was exceptional.

*Id.* at 1347 (citations omitted). While Danbury's misconduct (filing a baseless

certification and litigation misconduct) made the case exceptional for purposes of

awarding Yamanouchi attorney's fees, Danbury's conduct did not justify a finding of

willful infringement.

In the second case, *Glaxo Group Ltd. v. Apotex, Inc.*, the district court awarded

Glaxo attorney's fees based on its determination that Apotex did not exercise due care in

filing its ANDA and thus willfully infringed the patents-in-suit.. *Glaxo*, 376 F.3d at

1345. In reversing the district court's award, the court first explained and then

expounded on its finding in *Yamanouchi*:

> Therefore, in *Yamanouchi*, we did not agree that the generic company had
> engaged in willful infringement, but rather determined that an award of
> attorney's fees was permitted because the generic had filed numerous
> baseless filings supporting its fruitless and meritless arguments, both in its
> case at trial and in its ANDA certification. Such unjustified litigation and
> misconduct has always justified a finding of an exceptional case.
> Consequently, as suggested by *Yamanouchi*, **we now hold that the mere
> fact that a company has filed an ANDA application or certification
> cannot support a finding of willful infringement for purposes of
> awarding attorney's fees pursuant to 35 U.S.C. § 271(e)(4).**

*Id.* at 1350-51 (emphasis added). Thus, the Federal Circuit has determined as a matter of

law that the mere act of filing an ANDA cannot support a finding of willful infringement.

Various district courts, including this Court, have followed the Federal Circuit's

guidance on this point. *See, Item Development AB v. Sicor, Inc.*, 2006 U.S. Dist. LEXIS

15386, at *7 (D. Del. March 31, 2006) (Robinson, J.) ("Because the filings of Sicor

Pharmaceuticals cannot support a claim of willful infringement, plaintiffs' complaint fails

to state a claim on that basis."); *Wyeth Cardinal Health, Inc. v. Ranbaxy Labs. Ltd.*, 448

F. Supp. 2d 607, 612 (D.N.J. 2006) ("The Federal Circuit has foreclosed, however, a finding of willful infringement based solely on the filing of an ANDA."); *Forest Labs., Inc. v. Ivax Pharmaceuticals, Inc.*, 2007 U.S. Dist. LEXIS 18214 (D. Del. March 15, 2007) (Farnan, J.); *Boehringer Ingelheim Int'l GmbH v. Barr Labs., Inc.*, 2006 U.S. Dist. LEXIS 46835 at *6-9 (D. Del. July 6, 2006) (Jordan, J.); *Aventis Pharma Deutschland GmbH v. Cobalt Pharmaceuticals, Inc.*, 355 F. Supp. 2d 586, 592 (D. Mass. 2005). There can be no further debate.

Indeed, this result should come as no surprise to Plaintiffs, who as recently as last year faced a similar motion on exactly the same allegations of willful infringement as presented here and lost. *Celgene Corp.*, 412 F. Supp. 2d at 442. There, as here, Plaintiffs alleged that the act of filing the ANDA constitutes willful infringement:

> Teva had notice of [the patent-in-suit] prior to undertaking its act of infringement. Teva's infringement has been, and continues to be, willful and deliberate.

*Id.* at 442. In this suit, Plaintiffs make the exact same allegations:

> Defendants had notice of [the patent(s)-in-suit] prior to undertaking its (sic) act of infringement. Defendants' infringement of [the patent(s)-in-suit] has been, and continues to be, willful and deliberate.

In granting Teva's motion for judgment on the pleadings, the New Jersey court stated:

> The Court finds that plaintiff could not recover under the theory that Teva willfully infringed the [patent-in-suit]. The *Glaxo* case makes clear that the Hatch-Waxman Act exists for the very limited purpose of created a technical infringement so that United States district courts can decide whether or not a proposed generic drug, if manufactured, would infringe. Its purpose is to permit the matter to be decided before the drug goes to market and an actual, rather than artificial, act of infringement occurs. Thus, the highly technical nature of Teva's "infringement" does not rise to the level of a literal act of patent infringement that could give rise to a finding of "willful infringement," as the phrase has been applied under Section 285.

*Id.* at 445.

And nothing changes the result here. Plaintiffs are making the same allegations of willful infringement against Abrika as they did against Teva. Just as in the *Teva* case, Plaintiffs can prove no set of facts consistent with their allegations that would support a finding of willful infringement. The filing of an ANDA alone cannot support a claim for willful infringement. Abrika is entitled to judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## CONCLUSION

Plaintiffs' Complaint alleges that Abrika's submission of ANDA No. 78-458 constitutes an act of infringement under 35 U.S.C. § 271(e)(2)(A), and that such infringement is willful.  The mere act of filing an ANDA cannot support a claim of willful infringement as a matter of law.  Plaintiffs' Complaint fails to state a claim upon which relief can be granted, and Abrika is entitled to judgment on the pleadings that it has not willfully infringed the '284 patents, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Dated: April 25, 2007

By: _John M. Seaman_

Andre G. Bouchard (Bar No. 2054)
John M. Seaman (Bar No. 3868)
BOUCHARD MARGULES & FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Phone: 302.573.3508
abouchard@bmf-law.com
jseaman@bmf-law.com

*Attorneys for Defendants Abrika Pharmaceuticals, Inc.
and Abrika Pharmaceuticals, LLLP*

OF COUNSEL:

John Will Ongman
AXINN VELTROP & HARKRIDER LLP
1801 K Street, NW
Suite 411
Washington, DC 20006
Phone: 202.912.4700
jwo@avhlaw.com

Jonathan A. Harris
AXINN VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
Phone: 860.275.8100
jah@avhlaw.com

{BMF-W0051476.}                    9

## CERTIFICATE OF SERVICE

I, John M. Seaman, hereby certify that on April 25, 2007, I caused to be electronically

filed a true and correct copy of the notice of the foregoing *Opening Brief in Support of*

*Defendants' Rule 12(c) Motion for Judgment on the Pleadings* with the Clerk of Court by

CM/ECF which will send notification of such filing to the following counsel of record:

> Philip A. Rovner, Esquire
> Potter Anderson & Corroon
> 1313 N. Market Street
> Wilmington, DE 19801
> *provner@potteranderson.com*

I further certify that on April 25, 2007, I caused copies of the foregoing document to be

served by e-mail and by hand on the above-listed counsel and by e-mail and by U.S. Mail on the

following non-registered participants.

Anthony M. Insogna, Esquire
Lester J. Savit, Esquire
JONES DAY
12265 El Camino Real, Suite 200
San Diego, CA 92130
858.314.1200
*aminsogna@jonesday.com*
*ljsavit@jonesday.com*
*nnkallas@jonesday.com*

F. Dominic Cerrito, Esquire
JONES DAY
222 East 41st Street
New York, New York 10017-6702
*fdcerrito@jonesday.com*

Robert L. Baechtold, Esquire
Henry J. Renk, Esquire
Nicholas N. Kallas, Esquire
FITZPATRICK, CELLA HARPER &
SCINTO
30 Rockefeller Plaza
New York, NY 10112
*rbaechtold@fchs.com*
*hrenk@fchs.com*
*nkallas@fchs.com*

John M. Seaman (#3868) [jseaman@bmf-law.com]
BOUCHARD MARGULES & FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
302.573.3500
*Attorneys for Defendants Abrika Pharmaceuticals, Inc.*
*and Abrika Pharmaceutical, LLLP*

{BMF-W0051481.}