## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| CELGENE CORPORATION, NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS PHARMA A.G., ) ) ) ) Plaintiffs ) v. ) ABRIKA PHARMACEUTICALS, INC., and ) ABRIKA PHARMACEUTICAL, LLLP, ) Defendants. ) | Civil Action No. 06-741 (SLR) |

CELGENE CORPORATION, NOVARTIS
PHARMACEUTICALS CORPORATION and
NOVARTIS PHARMA A.G.,

        Plaintiffs

             v.

ABRIKA PHARMACEUTICALS, INC., and
ABRIKA PHARMACEUTICAL, LLLP,

        Defendants.

Civil Action No. 06-741 (SLR)

## DEFENDANTS' MOTION FOR LEAVE
## TO AMEND THE ANSWER AND COUNTERCLAIMS

Andre G. Bouchard (Bar No. 2054)
John M. Seaman (Bar No. 3868)
BOUCHARD MARGULES & FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Phone: (302) 573-3508
Fax: (302) 573-3501

OF COUNSEL:

John Will Ongman (*pro hac vice*)
AXINN VELTROP & HARKRIDER LLP
1801 K Street, Suite 411
Washington, DC, 20006-1322
Phone: (202) 912-4700
Fax: (202) 912-4701

Jonathan A. Harris (*pro hac vice*)
AXINN VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
Phone: (860) 275-8100
Fax: (860) 275-8101

*Attorneys for Defendants Abrika Pharmaceuticals, Inc.
 and Abrika Pharmaceuticals, LLLP*

Pursuant to Fed. R. Civ. P. 15(a), defendants Abrika Pharmaceuticals, Inc. and Abrika Pharmaceutical, LLLP respectfully request the Court's leave to amend their Answer and Counterclaims. As set out more fully in the Opening Brief accompanying this motion, defendants have, in the interest of judicial economy, elected to move to amend the Answer and Counterclaims rather than oppose Plaintiffs' Motion to Strike and Dismiss Defendants' inequitable conduct allegations.

The proposed amendment is attached to this motion as Exhibit A and would add details about the prior art defendants allege that plaintiffs omitted, and add an allegation that defendants falsely declared that they qualified for small entity status with an intent to mislead the Patent and Trademark Office. A redlined version of the original Answer and Counterclaims showing the additions is attached as Exhibit B. The proposed amendment will therefore merely add more details to the inequitable conduct allegations defendants have already pleaded and plaintiffs will therefore not be prejudiced by the amendment.

On April 20, 2007, plaintiffs sent an e-mail to defendants requesting to meet and confer over this motion pursuant to Local Rule 7.1.1. Plaintiffs have not responded.

WHEREFORE, defendants respectfully request the Court's leave to amend the Answer and Counterclaims.

1

Dated: April 25, 2007          By: _____

Andre G. Bouchard (Bar No. 2054)
John M. Seaman (Bar No. 3868)
BOUCHARD MARGULES & FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE  19801
Phone: 302.573.3508
abouchard@bmf-law.com
jseaman@bmf-law.com

*Attorneys for Defendants Abrika Pharmaceuticals, Inc.*
*and Abrika Pharmaceuticals, LLLP*

OF COUNSEL:

John Will Ongman
AXINN VELTROP & HARKRIDER LLP
1801 K Street, NW
Suite 411
Washington, DC 20006
Phone: 202.912.4700
jwo@avhlaw.com

Jonathan A. Harris
AXINN VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
Phone: 860.275.8100
jah@avhlaw.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| CELGENE CORPORATION, NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS PHARMA A.G.,<br><br>          Plaintiffs<br>                    v.<br><br>ABRIKA PHARMACEUTICALS, INC., and ABRIKA PHARMACEUTICAL, LLLP,<br><br>          Defendants. | Civil Action No. 06-741 (SLR) |

## FIRST AMENDED ANSWER AND COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 15(a), defendants Abrika Pharmaceuticals, Inc. and Abrika Pharmaceutical, LLLP (collectively "defendants") hereby amend their answer and counterclaims to the corresponding paragraphs of the Complaint of plaintiff Celgene Corporation ("Celgene"), Novartis Pharmaceuticals Corporation and Novartis Pharma A.G. ("collectively Novartis") (collectively "plaintiffs") as follows:

1.      Denied, except to admit that the Complaint purports to state a cause of action under Title 35 of the U.S. Code with respect to Abrika Pharmaceuticals, Inc.'s filing of Abbreviated New Drug Application ("ANDA") No. 78-458.

2.      Admitted, on information and belief.

3.      Admitted, on information and belief.

4.      Admitted, on information and belief.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Defendants admit that the Court has personal jurisdiction over Abrika

Pharmaceuticals, Inc. because it is incorporated under the laws of the State of Delaware

and denies the remaining allegations, except to state that Abrika Pharmaceuticals Inc.

sells prescription drug products throughout the United States through wholesalers and

retailers.

9.      Admitted.

10.     Denied, except to state on information and belief that the U.S. Patent &

Trademark Office ("PTO") issued U.S. Patent No. 5,837,284 ("the 1998 '284 patent") to

Celgene on November 17, 1998, and that a copy is attached to the Complaint as Exhibit

A.

11.     Denied, except to state on information and belief that the PTO issued U.S.

Patent No. 6,635,284 ("the 2003 '284 patent") to Celgene on October 21, 2003, and that a

copy is attached to the Complaint as Exhibit B.  (The 1998 and 2003 '284 patent are

collectively referred to herein as the "'284 patents.")

12.     Defendants lack sufficient information to respond to this allegation.

13.     Denied, except to state on information and belief that Novartis

Pharmaceuticals Corporation holds an approved New Drug Application for

methylphenidate hydrochloride extended release capsules 10 mg, 20 mg, 30 mg and 40

mg, which it sells under the trade name RITALIN® LA.

14.     Admitted, on information and belief.

15.     Denied.

2

16.    Denied, except to state that Abrika Pharmaceuticals, Inc. intends to manufacture and sell methylphenidate extended-release capsules 20 mg., 30 mg. and 40 mg. ("Abrika's Proposed Products") after receiving FDA approval to do so.

17.    Defendants admit that ANDA No. 78-458 contains information showing that Abrika's Proposed Products (a) are bioequivalent to RITALIN® LA, (b) have the same active ingredient as RITALIN® LA, (c) have the same route of administration as RITALIN® LA and (d) have substantially the same dosage form and proposed labeling, and the same indication and usage as RITALIN® LA, as required by 21 U.S.C. § 355(j). Defendants deny the remaining allegations.

18.    Admitted, upon information and belief.

19.    Defendants incorporate by reference their responses to paragraphs 1-18.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Defendants incorporate by reference their responses to paragraphs 1-23.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied.

## FIRST AFFIRMATIVE DEFENSE

### Invalidity

1.    The 1998 '284 patent is invalid by reason of the failure of the 1998 '284 patent to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including but not limited to Sections 101, 102, 103 and 112.

2.    The 2003 '284 patent is invalid by reason of the failure of the 2003 '284 patent to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including but not limited to Sections 101, 102, 103 and 112.

## SECOND AFFIRMATIVE DEFENSE

### Inequitable Conduct

1.    On information and belief, the '284 patents are unenforceable by reason of the failure of the plaintiffs and/or the inventors and/or others involved in the prosecution of the applications on which the patents issued (collectively "Applicants") to fulfill their duties of candor under 37 C.F.R. § 1.56.

2.    On information and belief, U.S. Patent 5,229,131 (the "'131 patent") is prior art that was material under 37 C.F.R. § 1.56 to the patentability of the claims the Applicants sought.

3.    The title of the '131 patent is "Pulsatile Drug Delivery Systems." "Pulsatile" delivery of methylphenidate is taught and claimed by the '284 patents.

4.    The PTO organizes all patents into classes and subclasses, based on the subject matter of each patent. The classification system is used for purposes of locating prior art material to the subject matter of pending patent applications.

5.    The '131 patent's class is 424, which is the same class as the '284 patents. The '131 patent also shares two subclasses with the 2003 '284 patent. Two of the patents

identified in the References Cited sections of the '284 patents are in the same class and subclass as the '131 patent.

6.      On information and belief, Applicants were aware of the '131 patent during prosecution of the applications leading to the '284 patents.

7.      Applicants did not provide information to the PTO during prosecution of the '284 patents regarding the '131 patent.

8.      On information and belief, Applicants withheld information concerning the '131 patent with an intent to mislead the Examiner reviewing the applications leading to the '284 patents as to the patentability of the pending claims.

9.      On information and belief, on or before June 17, 1997, Celgene did not qualify as a small entity within the meaning of 37 C.F.R. § 1.27 and 13 C.F.R. § 121.802.

10.     On or before October 2, 2001, Celgene licensed the subject matter claimed by the '284 patents to Novartis.

11.     After licensing the subject matter of the '284 patents to Novartis, Celgene did not qualify as a small entity within the meaning of 37 C.F.R. § 1.27 and 13 C.F.R. § 121.802.

12.     On or before March 27, 2002, Celgene did not qualify as a small entity within the meaning of 37 C.F.R. § 1.27 and 13 C.F.R. § 121.802.

13.     In connection with the 1998 '284 patent, Applicants incorrectly claimed small entity status and paid small entity fees. For example, on March 27, 2002, Applicants paid small entities fees relating to maintenance of the 1998 '284 patent.

14.     On or before October 15, 2002, Celgene did not qualify as a small entity within the meaning of 37 C.F.R. § 1.27 and 13 C.F.R. § 121.802.

15.     In connection with the application leading to the 2003 '284 patent, Applicants incorrectly claimed small entity status and paid small entity fees. For example, on at least October 15, 2002, Applicants paid small entity fees relating to a continued prosecution application filed in connection with the 2003 '284 patent.

16.     Applicants' incorrect claims to small entity status are material to the '284 patents because the PTO's acceptance of these claims and the resulting reduced fees are material to survival of the '284 patents.

17.     On information and belief, Applicants falsely declared that they qualified for small entity status with an intent to mislead the PTO.

18.     As a result, the '284 patents are unenforceable due to inequitable conduct by the Applicants before the PTO.

### THIRD AFFIRMATIVE DEFENSE

#### Failure to State a Claim

1.     Plaintiffs fail to allege that Abrika Pharmaceuticals, LLLP, has committed any act of infringement of the '284 patents.

### COUNTERCLAIMS

#### The Parties

1.     Abrika Pharmaceuticals, Inc. ("Abrika") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 13800 N.W. 2nd Street, Suite 190, Sunrise, Florida 33325.

2.     Celgene Corporation ("Celgene") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 86 Morris Avenue, Summit, New Jersey 07901.

6

3.      Novartis Pharmaceuticals Corporation is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 59 Route 10, East Hanover, New Jersey 07936.

4.      Novartis Pharma AG is a corporation organized and existing under the laws of Switzerland, having an office and place of business at Lichtstrasse 35, CH-4056 Basel, Switzerland.

5.      Plaintiffs Celgene Corporation, Novartis Pharmaceuticals Corporation and Novartis Pharma AG are collectively referred to herein as "plaintiffs."

## FIRST COUNT

### Declaration of Noninfringement, Invalidity and Unenforceability

6.      Defendants repeat and reallege paragraphs 1-5 of the counterclaims.

7.      This claim arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

8.      In its Complaint, plaintiffs have asserted that Abrika has infringed U.S. Patent Nos. 5,837,284 and 6,635,284 ("the '284 patents") by submission of Abbreviated New Drug Application ("ANDA") No. 78-458 to the Food and Drug Administration ("FDA") under 21 U.S.C. § 355(j). Through ANDA No. 78-458, Abrika seeks approval to manufacture and sell methylphenidate hydrochloride extended-release capsules 20 mg, 30 mg and 40 mg ("Abrika's Proposed Products"), prior to the expiration of the '284 patents.

9.      Abrika seeks a declaration that the '284 patents are not infringed and that they are invalid and/or unenforceable.

10.    The '284 patents include claims that purport to cover a single dosage form comprising, among other things, ammonio methacrylate copolymer, which delivers two doses of a methylphenidate drug in pulsatile release, providing a substantially immediate dose upon ingestion followed by one or more additional doses at predetermined times.

11.    Plaintiffs maintain, and defendants deny, that Abrika's Proposed Products infringe the '284 patents and that the '284 patents are valid and enforceable.

12.    Unlike the claims of the '284 patents, Abrika's Proposed Products do not contain an ammonio methacrylate copolymer.

13.    The '284 patents do not claim Abrika's Proposed Products.

14.    The '284 patents are invalid by reason of the failure of the '284 patents to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including but not limited to Sections 101, 102, 103 and 112.

15.    On information and belief, the '284 patents are unenforceable by reason of the Applicants' intentionally false declaration of small entity status and payment of small entity fees to the PTO.

16.    On information and belief, the '284 patents are unenforceable by reason of the Applicants' intentional failure to cite material prior art to the PTO in connection with prosecution of the applications leading to the '284 patents.

17.    Actual and justiciable controversies exists between Abrika and the defendants regarding the infringement, validity and enforceability of the '284 patents.

18.    Abrika is entitled to declarations that Abrika's Proposed Products do not infringe the '284 patents and that the '284 patents are invalid and unenforceable.

## **PRAYER FOR RELIEF**

WHEREFORE, Abrika demands judgment in its favor and against plaintiffs, as follows:

(a)    Dismiss the Complaint with prejudice and deny each request for relief made by plaintiffs;

(b)    Adjudge the claims of the '284 patents not infringed;

(c)    Adjudge the claims of the '284 patents invalid;

(d)    Adjudge the claims of the '284 patents to be unenforceable;

(e)    Declare that this case is exceptional under 35 U.S.C. § 285;

(f)    Award Abrika its attorneys' fees pursuant to 35 U.S.C. § 285, other statutes or rules, or the general power of the Court;

(g)    Preliminarily and permanently enjoin plaintiffs, their officers, agents, servants, employees, attorneys, and any person who acts in concert or participation with plaintiffs, from utilizing the '284 patents to block, hamper, hinder or obstruct FDA approval of Abrika's Proposed Products;

(h)    Permanently enjoin plaintiffs, their officers, agents, servants, employees, attorneys, and any person who acts in concert or participation with plaintiffs, from asserting or otherwise seeking to enforce the '284 patents against Abrika or anyone in privity with Abrika;

(i)    Order plaintiffs to request FDA to terminate the 30-month statutory stay provided by 21 U.S.C. § 355(j)(5)(B)(iii); and

(j)    Award defendants such other and further relief as the Court deems just and proper.

Dated: April 25, 2007          By: _John M Seaman_

Andre G. Bouchard (Bar No. 2054)
John M. Seaman (Bar No. 3868)
BOUCHARD MARGULES & FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Phone: 302.573.3508
abouchard@bmf-law.com
jseaman@bmf-law.com

*Attorneys for Defendants Abrika Pharmaceuticals, Inc.
and Abrika Pharmaceuticals, LLLP*

OF COUNSEL:

John Will Ongman
AXINN VELTROP & HARKRIDER LLP
1801 K Street, NW
Suite 411
Washington, DC 20006
Phone: 202.912.4700
jwo@avhlaw.com

Jonathan A. Harris
AXINN VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
Phone: 860.275.8100
jah@avhlaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| CELGENE CORPORATION, NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS PHARMA A.G., | ) ) ) ) ) |
| Plaintiffs | ) ) |
| v. | ) ) ) Civil Action No. 1:06-cv-00741-UNA |
| ABRIKA PHARMACEUTICALS, INC., and ABRIKA PHARMACEUTICAL, LLLP, | ) ) ) |
| Defendants. | ) ) ) |

## ANSWER AND COUNTERCLAIMS

Defendants Abrika Pharmaceuticals, Inc. and Abrika Pharmaceutical, LLLP (collectively "defendants") hereby respond to the corresponding paragraphs of the Complaint of plaintiff Celgene Corporation ("Celgene"), Novartis Pharmaceuticals Corporation and Novartis Pharma A.G. ("collectively Novartis") (collectively "plaintiffs") as follows:

1.      Denied, except to admit that the Complaint purports to state a cause of action under Title 35 of the U.S. Code with respect to Abrika Pharmaceuticals, Inc.'s filing of Abbreviated New Drug Application ("ANDA") No. 78-458.

2.      Admitted, on information and belief.

3.      Admitted, on information and belief.

4.      Admitted, on information and belief.

5.      Admitted.

6.      Admitted.

1

7.    Admitted.

8.    Defendants admit that the Court has personal jurisdiction over Abrika Pharmaceuticals, Inc. because it is incorporated under the laws of the State of Delaware and denies the remaining allegations, except to state that Abrika Pharmaceuticals Inc. sells prescription drug products throughout the United States through wholesalers and retailers.

9.    Admitted.

10.    Denied, except to state on information and belief that the U.S. Patent & Trademark Office ("PTO") issued U.S. Patent No. 5,837,284 ("the 1998 '284 patent") to Celgene on November 17, 1998, and that a copy is attached to the Complaint as Exhibit A.

11.    Denied, except to state on information and belief that the PTO issued U.S. Patent No. 6,635,284 ("the 2003 '284 patent") to Celgene on October 21, 2003, and that a copy is attached to the Complaint as Exhibit B.  (The 1998 and 2003 '284 patent are collectively referred to herein as the "'284 patents.")

12.    Defendants lack sufficient information to respond to this allegation.

13.    Denied, except to state on information and belief that Novartis Pharmaceuticals Corporation holds an approved New Drug Application for methylphenidate hydrochloride extended release capsules 10 mg, 20 mg, 30 mg and 40 mg, which it sells under the trade name RITALIN® LA.

14.    Admitted, on information and belief.

15.    Denied.

16.    Denied, except to state that Abrika Pharmaceuticals, Inc. intends to manufacture and sell methylphenidate extended-release capsules 20 mg., 30 mg. and 40 mg. ("Abrika's Proposed Products") after receiving FDA approval to do so.

17.     Defendants admit that ANDA No. 78-458 contains information showing that

Abrika's Proposed Products (a) are bioequivalent to RITALIN® LA, (b) have the same active

ingredient as RITALIN® LA, (c) have the same route of administration as RITALIN® LA and

(d) have substantially the same dosage form and proposed labeling, and the same indication and

usage as RITALIN® LA, as required by 21 U.S.C. § 355(j).  Defendants deny the remaining

allegations.

18.     Admitted, upon information and belief.

19.     Defendants incorporate by reference their responses to paragraphs 1-18.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Defendants incorporate by reference their responses to paragraphs 1-23.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

## FIRST AFFIRMATIVE DEFENSE

### Invalidity

1.     The 1998 '284 patent is invalid by reason of the failure of the 1998 '284 patent to

satisfy one or more conditions of patentability specified in Title 35 of the United States Code,

including but not limited to Sections 101, 102, 103 and 112.

3

2.    The 2003 '284 patent is invalid by reason of the failure of the 2003 '284 patent to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including but not limited to Sections 101, 102, 103 and 112.

## SECOND AFFIRMATIVE DEFENSE

### Inequitable Conduct

1.    On information and belief, the '284 patents are unenforceable by reason of the failure of the plaintiffs and/or the inventors and/or others involved in the prosecution of the applications on which the patents issued (collectively "Applicants") to fulfill their duties of candor under 37 C.F.R. § 1.56.

,

2.    On information and belief, U.S. Patent 5,229,131 (the "'131 patent") is prior art that was material under 37 C.F.R. § 1.56 to the patentability of the claims the Applicants sought.

3.    The title of the '131 patent is "Pulsatile Drug Delivery Systems." "Pulsatile" delivery of methylphenidate is taught and claimed by the '284 patents.

4.    The PTO organizes all patents into classes and subclasses, based on the subject matter of each patent. The classification system is used for purposes of locating prior art material to the subject matter of pending patent applications.

5.    The '131 patent's class is 424, which is the same class as the '284 patents. The '131 patent also shares two subclasses with the 2003 '284 patent. Two of the patents identified in the References Cited sections of the '284 patents are in the same class and subclass as the '131 patent.

6.    On information and belief, Applicants were aware of the '131 patent during prosecution of the applications leading to the '284 patents.

Deleted: 2. On information and belief, the Applicants were aware, during the prosecution of the applications that resulted in the '284 patents, of prior art that was material under 37 C.F.R. § 1.56 to the patentability of the claims the Applicants sought.¶
3. On information and belief, the Applicants did not provide information to the PTO during the prosecution of the '284 patents regarding such material prior art. ¶
4. On information and belief, the Applicants withheld information regarding such material prior art with intent to mislead the Examiner as to the patentability of the claims they sought.¶
5. As a result, upon information and belief, the '284 patents are unenforceable due to inequitable conduct by the Applicants before the PTO.

7.     Applicants did not provide information to the PTO during prosecution of the '284 patents regarding the '131 patent.

8.     On information and belief, Applicants withheld information concerning the '131 patent with an intent to mislead the Examiner reviewing the applications leading to the '284 patents as to the patentability of the pending claims.

9.     On information and belief, on or before June 17, 1997, Celgene did not qualify as a small entity within the meaning of 37 C.F.R. § 1.27 and 13 C.F.R. § 121.802.

10.     On or before October 2, 2001, Celgene licensed the subject matter claimed by the '284 patents to Novartis.

11.     After licensing the subject matter of the '284 patents to Novartis, Celgene did not qualify as a small entity within the meaning of 37 C.F.R. § 1.27 and 13 C.F.R. § 121.802.

12.     On or before March 27, 2002, Celgene did not qualify as a small entity within the meaning of 37 C.F.R. § 1.27 and 13 C.F.R. § 121.802.

13.     In connection with the 1998 '284 patent, Applicants incorrectly claimed small entity status and paid small entity fees.  For example, on March 27, 2002, Applicants paid small entities fees relating to maintenance of the 1998 '284 patent.

14.     On or before October 15, 2002, Celgene did not qualify as a small entity within the meaning of 37 C.F.R. § 1.27 and 13 C.F.R. § 121.802.

15.     In connection with the application leading to the 2003 '284 patent, Applicants incorrectly claimed small entity status and paid small entity fees.  For example, on at least October 15, 2002, Applicants paid small entity fees relating to a continued prosecution application filed in connection with the 2003 '284 patent.

16.    Applicants' incorrect claims to small entity status are material to the '284 patents because the PTO's acceptance of these claims and the resulting reduced fees are material to survival of the '284 patents.

17.    On information and belief, Applicants falsely declared that they qualified for small entity status with an intent to mislead the PTO.

### THIRD AFFIRMATIVE DEFENSE

#### Failure to State a Claim

1.    Plaintiffs fail to allege that Abrika Pharmaceuticals, LLLP, has committed any act of infringement of the '284 patents.

### COUNTERCLAIMS

#### The Parties

1.    Abrika Pharmaceuticals, Inc. ("Abrika") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 13800 N.W. 2nd Street, Suite 190, Sunrise, Florida 33325.

2.    Celgene Corporation ("Celgene") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 86 Morris Avenue, Summit, New Jersey 07901.

3.    Novartis Pharmaceuticals Corporation is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 59 Route 10, East Hanover, New Jersey 07936.

6

4.      Novartis Pharma AG is a corporation organized and existing under the laws of Switzerland, having an office and place of business at Lichtstrasse 35, CH-4056 Basel, Switzerland.

5.      Plaintiffs Celgene Corporation, Novartis Pharmaceuticals Corporation and Novartis Pharma AG are collectively referred to herein as "plaintiffs."

## FIRST COUNT

### Declaration of Noninfringement, Invalidity and Unenforceability

6.      Defendants repeat and reallege paragraphs 1-5 of the counterclaims.

7.      This claim arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

8.      In its Complaint, plaintiffs have asserted that Abrika has infringed U.S. Patent Nos. 5,837,284 and 6,635,284 ("the '284 patents") by submission of Abbreviated New Drug Application ("ANDA") No. 78-458 to the Food and Drug Administration ("FDA") under 21 U.S.C. § 355(j). Through ANDA No. 78-458, Abrika seeks approval to manufacture and sell methylphenidate hydrochloride extended-release capsules 20 mg, 30 mg and 40 mg ("Abrika's Proposed Products"), prior to the expiration of the '284 patents.

9.      Abrika seeks a declaration that the '284 patents are not infringed and that they are invalid and/or unenforceable.

10.     The '284 patents include claims that purport to cover a single dosage form comprising, among other things, ammonio methacrylate copolymer, which delivers two doses of a methylphenidate drug in pulsatile release, providing a substantially immediate dose upon ingestion followed by one or more additional doses at predetermined times.

7

11.     Plaintiffs maintain, and defendants deny, that Abrika's Proposed Products infringe the '284 patents and that the '284 patents are valid and enforceable.

12.     Unlike the claims of the '284 patents, Abrika's Proposed Products do not contain an ammonio methacrylate copolymer.

13.     The '284 patents do not claim Abrika's Proposed Products.

14.     The '284 patents are invalid by reason of the failure of the '284 patents to satisfy one or more conditions of patentability specified in Title 35 of the United States Code, including but not limited to Sections 101, 102, 103 and 112.

15.     On information and belief, the '284 patents are unenforceable by reason of the failure of one or more of the Applicants to disclose material prior art to the PTO.

16.     Actual and justiciable controversies exists between Abrika and the defendants regarding the infringement, validity and enforceability of the '284 patents.

17.     Abrika is entitled to declarations that Abrika's Proposed Products do not infringe the '284 patents and that the '284 patents are invalid and unenforceable and undenforceable.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Abrika demands judgment in its favor and against plaintiffs, as follows:

(a)     Dismiss the Complaint with prejudice and deny each request for relief made by plaintiffs;

(b)     Adjudge the claims of the '284 patents not infringed;

(c)     Adjudge the claims of the '284 patents invalid;

(d)     Adjudge the claims of the '284 patents to be unenforceable;

(e)     Declare that this case is exceptional under 35 U.S.C. § 285;

8

(f)    Award Abrika its attorneys' fees pursuant to 35 U.S.C. § 285, other statutes or rules, or the general power of the Court;

(g)    Preliminarily and permanently enjoin plaintiffs, their officers, agents, servants, employees, attorneys, and any person who acts in concert or participation with plaintiffs, from utilizing the '284 patents to block, hamper, hinder or obstruct FDA approval of Abrika's Proposed Products;

(h)    Permanently enjoin plaintiffs, their officers, agents, servants, employees, attorneys, and any person who acts in concert or participation with plaintiffs, from asserting or otherwise seeking to enforce the '284 patents against Abrika or anyone in privity with Abrika;

(i)    Order plaintiffs to request FDA to terminate the 30-month statutory stay provided by 21 U.S.C. § 355(j)(5)(B)(iii); and

(j)    Award defendants such other and further relief as the Court deems just and proper.

## JURY DEMAND

Defendants demand a trial by jury of all issues in this action, both on the Complaint and the counterclaims.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

_____
                                                    )
CELGENE CORPORATION, NOVARTIS      )
PHARMACEUTICALS CORPORATION and    )
NOVARTIS PHARMA A.G.,              )
                                                    )
     Plaintiffs                 )
           v.          )    Civil Action No. 06-741 (SLR)
                                                    )
ABRIKA PHARMACEUTICALS, INC., and  )
ABRIKA PHARMACEUTICAL, LLLP,       )
                                                    )
     Defendants.                )
_____)


**<u>ORDER</u>**

      Upon consideration of Defendants' Motion for Leave to Amend the Answer and

Counterclaim, the Opening Brief in support of such motion and the opposition thereto, it

is hereby ordered and decreed that said motion is GRANTED.

      IT IS SO ORDERED.


Dated: _____        _____
                                                    Sue L. Robinson, U.S.D.J.

## **CERTIFICATE OF SERVICE**

I, John M. Seaman, hereby certify that on April 25, 2007, I caused to be electronically

filed a true and correct copy of the notice of the foregoing ***Defendants' Motion for Leave to***

***Amend the Answer and Counterclaims*** with the Clerk of Court by CM/ECF which will send

notification of such filing to the following counsel of record:

> Philip A. Rovner, Esquire
> Potter Anderson & Corroon
> 1313 N. Market Street
> Wilmington, DE 19801
> *provner@potteranderson.com*

I further certify that on April 25, 2007, I caused copies of the foregoing document to be

served by e-mail and by hand on the above-listed counsel and by e-mail and by U.S. Mail on the

following non-registered participants.

Anthony M. Insogna, Esquire
Lester J. Savit, Esquire
JONES DAY
12265 El Camino Real, Suite 200
San Diego, CA 92130
858.314.1200
*aminsogna@jonesday.com*
*ljsavit@jonesday.com*
*nnkallas@jonesday.com*

F. Dominic Cerrito, Esquire
JONES DAY
222 East 41st Street
New York, New York 10017-6702
*fdcerrito@jonesday.com*

Robert L. Baechtold, Esquire
Henry J. Renk, Esquire
Nicholas N. Kallas, Esquire
FITZPATRICK, CELLA HARPER &
SCINTO
30 Rockefeller Plaza
New York, NY 10112
*rbaechtold@fchs.com*
*hrenk@fchs.com*
*nkallas@fchs.com*

John M. Seaman (#3868) [jseaman@bmf-law.com]
BOUCHARD MARGULES & FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
302.573.3500
*Attorneys for Defendants Abrika Pharmaceuticals, Inc.*
*and Abrika Pharmaceutical, LLLP*