UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| CELGENE CORPORATION, NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS PHARMA A.G., <br><br> Plaintiffs <br> v. <br><br> ABRIKA PHARMACEUTICALS, INC., and ABRIKA PHARMACEUTICAL, LLLP, <br><br> Defendants. | Civil Action No. 06-741 (SLR) |

OPENING BRIEF IN SUPPORT OF DEFENDANTS' MOTION
FOR LEAVE TO AMEND THE ANSWER AND COUNTERCLAIMS
AND RESPONSE TO PLAINTIFFS' MOTION TO STRIKE AND DISMISS

Andre G. Bouchard (Bar No. 2054)
John M. Seaman (Bar No. 3868)
BOUCHARD MARGULES & FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Phone: (302) 573-3508
Fax: (302) 573-3501

OF COUNSEL:

John Will Ongman (*pro hac vice*)
AXINN VELTROP & HARKRIDER LLP
1801 K Street, Suite 411
Washington, DC, 20006-1322
Phone: 202.912.4700
Fax: 202.912.4701

Jonathan A. Harris (*pro hac vice*)
AXINN VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
Phone: (860) 275-8100
Fax: (860) 275-8101

*Attorneys for Defendants Abrika Pharmaceuticals, Inc. and Abrika Pharmaceuticals, LLLP*

{BMF-W0051468.}                                i

## TABLE OF CONTENTS¶

TABLE OF CONTENTS .............................................................................................................. i

TABLE OF AUTHORITIES ...................................................................................................... ii

NATURE AND STATE OF THE PROCEEDINGS .................................................................. 1

SUMMARY OF ARGUMENT .................................................................................................. 1

STATEMENT OF FACTS ......................................................................................................... 1

ARGUMENT .............................................................................................................................. 3

    I.    Rather Than Oppose Plaintiffs' Motion, Defendants Request Leave to Amend The Answer and Counterclaims ................................................................. 3

    II.   Should The Court Deny Defendants' Motion for Leave, Rule 9(b) Does Not Apply to Defendants' Original Inequitable Conduct Allegations .................... 4

CONCLUSION ........................................................................................................................... 6

## TABLE OF AUTHORITIES

### Cases

*Celgene Corp. v. Teva Pharmaceuticals USA Inc.*,
    412 F. Supp. 2d 439 (D.N.J. 2006) .......................................................................... 1, 2

*Cent. Admixture Pharm. Servs. v. Advanced Cardiac Solutions, P.C.*,
    2007 U.S. App. LEXIS 7593 (Fed. Cir. 2007) .............................................................. 5

*Chiron Corp. v. Abbott Labs.*,
    156 F.R.D. 219 (N.D. Cal. 1994) .................................................................................. 5

*Consolidated Aluminum Corp. v. Foseco International Limited*,
    910 F.2d 804, 812 (Fed. Cir. 1990) .............................................................................. 5

*Dippin' Dots v. Mosey*,
    476 F.3d 1337 (Fed. Cir. 2007) .................................................................................... 4

*EMC Corp. v. Storage Tech Corp.*,
    921 F.Supp. 1261, 1263 (D.Del. 1996) ........................................................................ 5

*Enzo Life Scis., Inc. v. Digene Corp.*,
    270 F. Supp. 2d 484 (D. Del. 2003) ............................................................................. 4

*Ferguson Beauregard/Logic Controls v. Mega Systems, LLC*,
    350 F.3d 1327 (Fed. Cir. 2003) .................................................................................... 5

*Foman v. Davis*,
    371 U.S. 178 (1962) ...................................................................................................... 4

*Global Poly, Inc. v. Fred's Inc.*,
    2004 U.S. Dist. LEXIS 3880 (N.D. Ill. 2004) ............................................................... 5

*Intex Recreation Corp. v. Team Worldwide Corp.*,
    390 F. Supp. 2d 21, (D.D.C. 2005) ............................................................................... 5

*Kingsdown Medical Consultants, Ltd v. E.R. Squibb & Sons, Inc.*,
    863 F.2d 867 (Fed. Cir. 1988) ...................................................................................... 4

*Martek Biosciences Corp. v. Nutrinova, Inc.*,
    2004 U.S. LEXIS 20469 (D. Del October 8, 2004) ..................................................... 5

*Nobel Pharma AB v. Implant Innovations, Inc.,*
    141 F.3d 1059 (Fed. Cir. 1998) ............................................................................ 4

*Sun-Flex Co, Inc. v. Softview Computer Products Corp.,*
    750 F. Supp. 962, 963 (N.D. Ill. 1990) ................................................................. 5

*Ulead Sys., Inc. v. Lex Computer & Mgmt. Corp.,*
    351 F.3d 1139 (Fed. Cir. 2003) ............................................................................ 3

*Wolf v. Wagner Spray Tech Corp.,*
    715 F. Supp. 504, 507 (S.D.N.Y. 1989) ............................................................... 5

*Zic v. Italian Gov't Travel Office,*
    130 F. Supp. 2d 991 (N.D. Ill. 2001) ................................................................... 5

### **Statutes**

37 C.F.R. § 1.56 ............................................................................................................ 2

Fed. R. Civ P. 15(a) ..................................................................................................... 3

## NATURE AND STAGE OF THE PROCEEDINGS

It is unfortunate that plaintiffs have chosen to burden this Court with unnecessary motion practice. Through an open dialogue and a little cooperation, plaintiffs easily could have avoided filing their motion to strike and dismiss defendants' inequitable conduct allegations.

At 12:33 a.m. on Easter night, plaintiffs sent an e-mail to defendants asking them to amend their Answer and Counterclaims by noon to "provide more particularity" with respect to defendants' inequitable conduct allegations. Plaintiffs chose to ignore defendants' reasonable proposal to voluntarily dismiss these inequitable conduct allegations in exchange for voluntarily dismissal of plaintiffs' unsupported willful infringement allegations.[1] Instead they filed their motion.

Plaintiffs have continued their silence in connection with this motion, refusing to even acknowledge defendants' April 20, 2007 request to meet and confer over this motion pursuant to Local Rule 7.1.1.

## SUMMARY OF ARGUMENT

In the interest of judicial economy, defendants will not oppose plaintiffs' motion and instead file the instant Motion for Leave to amend their Answer and Counterclaims. Even if the Court denies defendants' Motion for Leave, plaintiffs' assertions notwithstanding, defendants' inequitable conduct allegations meet the pleading standards of the Federal Rules of Civil Procedure. The particularity requirement of Rule 9(b) does not reach allegations of inequitable conduct that are limited to failure to disclose material information and make no allegations of fraud.

---

[1] In doing so, plaintiffs also ignored their recent experience with dismissal of virtually identical willful infringement allegations in *Celgene Corp. v. Teva Pharmaceuticals USA Inc.*, 412 F. Supp. 2d 439 (D.N.J. 2006).

1

## STATEMENT OF FACTS

Plaintiffs filed this patent infringement action on December 6, 2006. On December 8, 2006, defendants answered and counterclaimed. Defendants' Second Affirmative Defense and Counterclaim alleged inequitable conduct based on non-disclosure of material prior art to the U.S. Patent Office:

    1.    On information and belief, the '284 patents are unenforceable by reason of the failure of the plaintiffs and/or the inventors and/or others involved in the prosecution of the applications on which the patents issued (collectively "Applicants") to fulfill their duties of candor under 37 C.F.R. § 1.56.
    2.    On information and belief, the Applicants were aware, during the prosecution of the applications that resulted in the '284 patents, of prior art that was material under 37 C.F.R. § 1.56 to the patentability of the claims the Applicants sought.
    3.    On information and belief, the Applicants did not provide information to the PTO during the prosecution of the '284 patents regarding such material prior art.
    4.    On information and belief, the Applicants withheld information regarding such material prior art with intent to mislead the Examiner as to the patentability of the claims they sought.
    5.    As a result, upon information and belief, the '284 patents are unenforceable due to inequitable conduct by the Applicants before the PTO.

Answer at 4-5.

At 12:33 a.m. on Easter night, plaintiffs sent an e-mail to defendants asking them to amend their Answer and Counterclaims by noon to "provide more particularity" with respect to defendants' inequitable conduct allegations, supposedly "to avoid unnecessary motion practice." (Declaration of Jonathan A. Harris, Ex. 1.) At 10:51 a.m. defendants sent a responsive e-mail to plaintiffs. (*Id.*, Ex. 2.) Defendants agreed that "avoiding unnecessary motion practice is a good thing," and pointed out that plaintiffs' willful infringement allegations were foreclosed by *Celgene*, 412 F. Supp. 2d at 445. (*Id.*) Defendants, therefore, offered "to agree to drop our inequitable conduct allegations if you likewise would agree to drop your willful infringement allegations," both parties to "do

2

so without prejudice to repleading their allegations."[2] (*Id.*) Defendants asked plaintiffs to "[p]lease let [us] know your response to this suggestion." (*Id.*) Plaintiffs' only response was to file their motion to strike and dismiss.[3]

On April 20, 2007, in a further effort to engage the plaintiffs in dialogue, defendants first telephoned and, upon learning that plaintiffs' counsel was unavailable, sent an e-mail to plaintiffs. (*Id.*, Ex. 3.) In the e-mail, defendants again expressed their desire to discuss the issues regarding plaintiffs' willful infringement allegations and defendants' inequitable conduct allegations. (*Id.*) Defendants further asked for a meet and confer over the instant motion to amend the Answer and Counterclaims and requested that plaintiffs respond before close of business on April 24, 2007. (*Id.*) Continuing their apparent disinterest in dialogue and cooperation, plaintiffs have remained silent. (*Id.*, ¶ 5.)

## ARGUMENT

I.  Rather Than Oppose Plaintiffs' Motion, Defendants
    Request Leave to Amend The Answer and Counterclaims.

Pursuant to Fed. R. Civ. P. 15(a), defendants hereby move for leave to amend their Answer and Counterclaims. The proposed amendment would add details about the prior art defendants allege that plaintiffs omitted, and add an allegation that defendants falsely declared that they qualified for small entity status with an intent to mislead the Patent and Trademark Office. *See, e.g., Ulead Sys., Inc. v. Lex Computer & Mgmt. Corp.*, 351 F.3d 1139, 1144 (Fed. Cir. 2003).

---

[2] Defendants made their suggestion to permit any amended pleading to reflect the discovery on "[e]nforceability of the patents in suit" and on "[w]illful infringement" that will be conducted pursuant to ¶¶ 2(a)(8) and 2(a)(4) of the April 4, 2007 Scheduling Order.
[3] Defendants have today filed a motion to dismiss plaintiffs' willful infringement allegations.

3

Rule 15(a) provides that a party may amend its pleading "by leave of the court . . . and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15 (a). It is within the discretion of the Court to grant or deny a motion to amend but "the Supreme Court of the United States has cautioned that leave should be freely granted unless there is an apparent reason for denying a request such as: undue delay, bad faith, dilatory motive, prejudice or futility of the claims." *Enzo Life Scis., Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 487 (D. Del. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, defendants ask for leave to amend only to avoid an unnecessary decision on plaintiffs' hastily filed motion. Further, the proposed amendment will merely add more details to the inequitable conduct allegation defendants have already pleaded and plaintiffs will therefore not be prejudiced by the amendment. The Court should therefore grant defendants leave to amend the Answer and Counterclaims.

II.     Should The Court Deny Defendants' Motion for Leave, Rule 9(b) Does Not Apply to Defendants' Original Inequitable Conduct Allegations.

Even if the Court denies defendants' request for leave, defendants' inequitable conduct allegations are sufficient. Rule 9(b) does not apply to the type of inequitable conduct allegations made by defendants.

"Inequitable conduct resides in failure to disclose material information, or submission of false material information, with an intent to deceive. . . ." *Kingsdown Medical Consultants, Ltd v. E.R. Squibb & Sons, Inc.*, 863 F.2d 867, 872 (Fed. Cir. 1988). A "conclusion of inequitable conduct may be based on a lesser [than a fraudulent] misrepresentation or omission, such as omission of a reference that would merely have been considered important to the patentability of a claim by a reasonable examiner." *Nobel Pharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059, 1070 (Fed. Cir. 1998).

4

Fraud is therefore not a necessary element of inequitable conduct. *See, e.g., Dippin' Dots v. Mosey*, 476 F.3d 1337, 1346 (Fed. Cir. 2007).

"Indeed, what [the Federal Circuit] has termed 'inequitable conduct' is no more than the unclean hands doctrine applied to particular conduct before the PTO." *Consolidated Aluminum Corp. v. Foseco International Limited*, 910 F.2d 804, 812 (Fed. Cir. 1990). A defense of unclean hands may be pleaded by alleging actions "that amount to fraud, misconduct or bad faith." *Global Poly, Inc. v. Fred's Inc.*, 2004 U.S. Dist. LEXIS 3880, at *16-17 (N.D. Ill. 2004) (internal citations omitted). Importantly, only if fraud is alleged must the defense be plead with particularity because "Rule 9(b) requires that any allegations of fraud include the particular circumstances. . . ." *Id.* See also *Zic v. Italian Gov't Travel Office*, 130 F. Supp. 2d 991, 999 n.8 (N.D. Ill. 2001).

Thus, allegations of fraud are not required to plead inequitable conduct. But fraud must be present for the pleading requirements of Rule 9(b) to apply. Here defendants have plead inequitable conduct alleging only an omission of a prior art reference. Consequently, defendants' inequitable conduct allegations are not subject to Rule 9(b).[4]

---

[4] The cases cited by plaintiffs in support of an application of Rule 9(b) to defendants inequitable conduct allegations are not to the contrary. These cases each include an allegation of fraudulent conduct; not merely an allegation of failure to cite prior art. *See, e.g., EMC Corp. v. Storage Tech Corp.*, 921 F.Supp. 1261, 1263 (D.Del. 1996) (misrepresentation that invention continued without substantial interruption to mislead examiner into withdrawing rejection); *Sun-Flex Co, Inc. v. Softview Computer Products Corp.*, 750 F. Supp. 962, 963 (N.D. Ill. 1990) (plaintiff "falsified inventorship," "mischaracterized . . . prior public usages," and "misrepresented material facts" relevant to the PTO's patent issue); *Wolf v. Wagner Spray Tech Corp.*, 715 F. Supp. 504, 507 (S.D.N.Y. 1989) (allege defendants "filed false oaths or knew false oaths have been fraudulently filed" and "withheld and concealed" . . . "the public use of the invention"); *Ferguson Beauregard/Logic Controls v. Mega Systems, LLC*, 350 F.3d 1327, 1343-44 (Fed. Cir. 2003) (no inequitable conduct raised in district court; argued on appeal that petitioner had falsely asserted to PTO that late payment was unintentional as well as made false representations about knowledge of circumstances and whether reasonable inquiry had been made); *Chiron Corp. v. Abbott Labs.*, 156 F.R.D. 219, 220 & 222 (N.D. Cal. 1994) (filing a "deceptive and misleading" affidavit "containing information about the likelihood that recombinant antigens would be as effective as natural antigens when used in an HIV diagnostic assay). *See also Cent. Admixture Pharm. Servs. v. Advanced Cardiac Solutions, P.C.*, 2007 U.S. App. LEXIS 7593, at*23 (Fed. Cir. 2007) (alleged failure to disclose all prior art known to it and that "by manipulation of various measurements and units, the patentee sought to mislead the Patent and Trademark Office regarding the relationship between the claimed invention and the prior art."); *Martek Biosciences*

5

## CONCLUSION

For the foregoing reasons, the Court should grant defendants' Motion for Leave to Amend the Answer and Counterclaims.

---

*Corp. v. Nutrinova, Inc.*, 2004 U.S. LEXIS 20469 at *7 (D. Del October 8, 2004) (application "was prepared, filed and prosecuted with material false data"); *Intex Recreation Corp. v. Team Worldwide Corp.*, 390 F. Supp. 2d 21, (D.D.C. 2005) ("submitted false information to the PTO as to [patentee's] qualification as a small entity").

Dated: April 25, 2007        By: /s/ John M. Seaman
                             Andre G. Bouchard (Bar No. 2054)
                             John M. Seaman (Bar No. 3868)
                             BOUCHARD MARGULES & FRIEDLANDER, P.A.
                             222 Delaware Avenue, Suite 1400
                             Wilmington, DE 19801
                             Phone: 302.573.3508
                             abouchard@bmf-law.com
                             jseaman@bmf-law.com

                             *Attorneys for Defendants Abrika Pharmaceuticals, Inc.
                             and Abrika Pharmaceuticals, LLLP*

OF COUNSEL:

John Will Ongman
AXINN VELTROP & HARKRIDER LLP
1801 K Street, NW
Suite 411
Washington, DC 20006
Phone: 202.912.4700
jwo@avhlaw.com

Jonathan A. Harris
AXINN VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
Phone: 860.275.8100
jah@avhlaw.com

## CERTIFICATE OF SERVICE

I, John M. Seaman, hereby certify that on April 25, 2007, I caused to be electronically filed a true and correct copy of the notice of the foregoing ***Opening Brief in Support of Defendants' Motion for Leave to Amend the Answer and Counterclaims and Response to Plaintiffs' Motion to Strike and Dismiss*** with the Clerk of Court by CM/ECF which will send notification of such filing to the following counsel of record:

> Philip A. Rovner, Esquire
> Potter Anderson & Corroon
> 1313 N. Market Street
> Wilmington, DE 19801
> *provner@potteranderson.com*

I further certify that on April 25, 2007, I caused copies of the foregoing document to be served by e-mail and by hand on the above-listed counsel and by e-mail and by U.S. Mail on the following non-registered participants.

Anthony M. Insogna, Esquire
Lester J. Savit, Esquire
JONES DAY
12265 El Camino Real, Suite 200
San Diego, CA 92130
858.314.1200
*aminsogna@jonesday.com*
*ljsavit@jonesday.com*
*nnkallas@jonesday.com*

F. Dominic Cerrito, Esquire
JONES DAY
222 East 41st Street
New York, New York 10017-6702
*fdcerrito@jonesday.com*

Robert L. Baechtold, Esquire
Henry J. Renk, Esquire
Nicholas N. Kallas, Esquire
FITZPATRICK, CELLA HARPER & SCINTO
30 Rockefeller Plaza
New York, NY 10112
*rbaechtold@fchs.com*
*hrenk@fchs.com*
*nkallas@fchs.com*

{BMF-W0051478.}

_/s/ John M. Seaman_
John M. Seaman (#3868) [jseaman@bmf-law.com]
BOUCHARD MARGULES & FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
302.573.3500
_Attorneys for Defendants Abrika Pharmaceuticals, Inc. and Abrika Pharmaceutical, LLLP_

{BMF-W0051478.}