UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CELGENE CORPORATION, NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS PHARMA A.G., <br><br> Plaintiffs <br><br> v. <br><br> ABRIKA PHARMACEUTICALS, INC., and ABRIKA PHARMACEUTICAL, LLLP, <br><br> Defendants. | Civil Action No. 06-741 (SLR) |

**DECLARATION OF JONATHAN A. HARRIS IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO AMEND THE ANSWER AND COUNTERCLAIMS AND IN RESPONSE TO PLAINTIFFS' MOTION TO STRIKE AND DISMISS**

{BMF-W0051469.}

I, Jonathan A. Harris, hereby declare and state as follows:

1. I am a partner at the law firm of Axinn, Veltrop & Harkrider LLP in Hartford, CT, counsel for defendants Abrika Pharmaceuticals, Inc. and Abrika Pharmaceutical, LLLP.

2. Attached as Exhibit 1 is a true and accurate copy of an April 9, 2007 e-mail from Attorney Lester J. Savit, counsel for plaintiffs, to John W. Ongman, counsel for defendants.

3. Attached as Exhibit 2 is a true and accurate copy of an April 9, 2007 e-mail from Attorney Ongman to Attorney Savit.

4. Attached as Exhibit 3 is a true and accurate copy of an April 20, 2007 e-mail from me to Attorney Savit.

5. As of 3:00pm Eastern Standard Time, April 25, 2007, Attorney Savit has not responded.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 25, 2007

/s/ Jonathan A. Harris
Jonathan A. Harris
Axinn Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103
Phone: (860) 275-8100
Fax: (860) 275-8101

1

# TAB 1

### Harris, Jonathan A.

| | |
|---|---|
| **From:** | Lester J. Savit [ljsavit@JonesDay.com] |
| **Sent:** | Monday, April 09, 2007 12:33 AM |
| **To:** | Ongman, John W. |
| **Cc:** | Harris, Jonathan A.; hrenk@fchs.com; Philip Rovner; ainsogna@jonesday.com; rdwhitlow@jonesday.com |
| **Subject:** | Celgene/Novartis v. Abrika Case - Delaware - Request to Provide More Particularity in Pleading Re: Inequitable Conduct Allegation |

John:
Abrika's Answer and Counterclaims state that the two patents-in-suit are not enforceable because of inequitable conduct. The inequitable conduct allegations, however, are very conclusory and fail to identify the allegedly withheld prior art, the person(s) who purportedly knew of the art and did not disclose it, or the materiality of the art. Hence, these allegations fail to meet the the pleading requirements for Rule 9(b) and must be stricken and dismissed.
In an effort to avoid unnecessary motion practice, Celgene asks that Abrika agree to amend the Answer and Counterclaims to provide more particularity to the pleadings in an attempt to meet the pleading requirements.
As plaintiffs Reply is due in the middle of this week, we request an answer by noon, April 10.
Regards,
Lester J. Savit

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

4/20/2007

# TAB 2

**Harris, Jonathan A.**

| | |
|---|---|
| **From:** | Ongman, John W. |
| **Sent:** | Monday, April 09, 2007 10:51 AM |
| **To:** | Lester J. Savit |
| **Cc:** | Harris, Jonathan A.; hrenk@fchs.com; Philip Rovner; ainsogna@jonesday.com; rdwhitlow@jonesday.com; jseaman@bmf-law.com |
| **Subject:** | RE: Celgene/Novartis v. Abrika Case - Delaware - Request to Provide More Particularity In Pleading Re: Inequitable Conduct Allegation |

Lester:

We agree that avoiding unnecessary motion practice is a good thing. The willful infringement allegations in Para. 22 and 27 of your complaint are invalid and must be stricken. *Celgene Corp. v. Teva Pharmaceuticals USA Inc.*, 412 F. Supp. 2d 439 (D.N.J. 2006). We would agree to drop our inequitable conduct allegations if you likewise would agree to drop your willful infringement allegations. Both parties would do so without prejudice to repleading their allegations. Please let me know your response to this suggestion.

Regards,

John

---

**From:** Lester J. Savit [mailto:ljsavit@JonesDay.com]
**Sent:** Monday, April 09, 2007 12:33 AM
**To:** Ongman, John W.
**Cc:** Harris, Jonathan A.; hrenk@fchs.com; Philip Rovner; ainsogna@jonesday.com; rdwhitlow@jonesday.com
**Subject:** Celgene/Novartis v. Abrika Case - Delaware - Request to Provide More Particularity In Pleading Re: Inequitable Conduct Allegation

John:
Abrika's Answer and Counterclaims state that the two patents-in-suit are not enforceable because of inequitable conduct. The inequitable conduct allegations, however, are very conclusory and fail to identify the allegedly withheld prior art, the person(s) who purportedly knew of the art and did not disclose it, or the materiality of the art. Hence, these allegations fail to meet the the pleading requirements for Rule 9(b) and must be stricken and dismissed.
In an effort to avoid unnecessary motion practice, Celgene asks that Abrika agree to amend the Answer and Counterclaims to provide more particularity to the pleadings in an attempt to meet the pleading requirements.
As plaintiffs Reply is due in the middle of this week, we request an answer by noon, April 10.
Regards,
Lester J. Savit

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

4/20/2007

# TAB 3

### Harris, Jonathan A.

| | |
|---|---|
| **From:** | Harris, Jonathan A. |
| **Sent:** | Friday, April 20, 2007 5:34 PM |
| **To:** | Lester J. Savit |
| **Cc:** | hrenk@fchs.com; Philip Rovner; ainsogna@jonesday.com; rdwhitlow@jonesday.com; jseaman@bmf-law.com; Ongman, John W. |
| **Subject:** | RE: Celgene/Novartis v. Abrika Case - Delaware - Request to Provide More Particularity In Pleading Re: Inequitable Conduct Allegation |

Lester,

I tried to reach you this afternoon concerning Celgene's willful infringement allegations and its Motion to Dismiss Abrika's inequitable conduct allegations..

As concerns the willful infringement allegations, we are preparing a Motion for Judgment on the Pleadings and would like your position on whether you will withdraw those allegations to avoid burdening the Court with an unnecessary motion. Not only did the District of New Jersey dismiss a nearly identical claim brought by Celgene against Teva in another PIV infringement action, but the Federal Circuit and Judge Robinson are clear that such allegations cannot stand.

We are also preparing a motion for leave to amend our inequitable conduct allegations. Pursuant to Local Rule 7.1.1, we seek to meet and confer over our motion. Please advise whether you consent to our motion for leave before the close of business Eastern Daylight Time on Tuesday April 24, 2007.

Your receptionist indicated you are away from the office, but would likely be checking email. Feel free to call me directly at (860) 275-8115 at your earliest convenience.

Best Regards,

Jonathan

-----Original Message-----
From: Ongman, John W.
Sent: Monday, April 09, 2007 10:51 AM
To: Lester J. Savit
Cc: Harris, Jonathan A.; hrenk@fchs.com; Philip Rovner; ainsogna@jonesday.com; rdwhitlow@jonesday.com; jseaman@bmf-law.com
Subject: RE: Celgene/Novartis v. Abrika Case - Delaware - Request to Provide More Particularity In Pleading Re: Inequitable Conduct Allegation

Lester:

We agree that avoiding unnecessary motion practice is a good thing. The willful infringement allegations in Para. 22 and 27 of your complaint are invalid and must be stricken. *Celgene Corp. v. Teva Pharmaceuticals USA Inc.*, 412 F. Supp. 2d 439 (D.N.J. 2006). We would agree to drop our inequitable conduct allegations if you likewise would agree to drop your willful infringement allegations. Both parties would do so without prejudice to repleading their allegations. Please let me know your response to this suggestion.

Regards,

John

---

**From:** Lester J. Savit [mailto:ljsavit@JonesDay.com]
**Sent:** Monday, April 09, 2007 12:33 AM
**To:** Ongman, John W.
**Cc:** Harris, Jonathan A.; hrenk@fchs.com; Philip Rovner; ainsogna@jonesday.com; rdwhitlow@jonesday.com
**Subject:** Celgene/Novartis v. Abrika Case - Delaware - Request to Provide More Particularity In Pleading Re: Inequitable Conduct Allegation


John:
Abrika's Answer and Counterclaims state that the two patents-in-suit are not enforceable because of inequitable conduct. The inequitable conduct allegations, however, are very conclusory and fail to identify the allegedly withheld prior art, the person(s) who purportedly knew of the art and did not disclose it, or the materiality of the art. Hence, these allegations fail to meet the the pleading requirements for Rule 9(b) and must be stricken and dismissed.
In an effort to avoid unnecessary motion practice, Celgene asks that Abrika agree to amend the Answer and Counterclaims to provide more particularity to the pleadings in an attempt to meet the pleading requirements.
As plaintiffs Reply is due in the middle of this week, we request an answer by noon, April 10.
Regards,
Lester J. Savit

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

## CERTIFICATE OF SERVICE

I, John M. Seaman, hereby certify that on April 25, 2007, I caused to be electronically filed a true and correct copy of the notice of the foregoing *Declaration of Jonathan A. Harris in Support of Defendants' Motion for Leave to Amend the Answer and Counterclaims and Response to Plaintiffs' Motion to Strike and Dismiss* with the Clerk of Court by CM/ECF which will send notification of such filing to the following counsel of record:

>Philip A. Rovner, Esquire
>Potter Anderson & Corroon
>1313 N. Market Street
>Wilmington, DE 19801
>*provner@potteranderson.com*

I further certify that on April 25, 2007, I caused copies of the foregoing document to be served by e-mail and by hand on the above-listed counsel and by e-mail and by U.S. Mail on the following non-registered participants.

| | |
|---|---|
| Anthony M. Insogna, Esquire<br>Lester J. Savit, Esquire<br>JONES DAY<br>12265 El Camino Real, Suite 200<br>San Diego, CA 92130<br>858.314.1200<br>*aminsogna@jonesday.com*<br>*ljsavit@jonesday.com*<br>*nnkallas@jonesday.com* | Robert L. Baechtold, Esquire<br>Henry J. Renk, Esquire<br>Nicholas N. Kallas, Esquire<br>FITZPATRICK, CELLA HARPER & SCINTO<br>30 Rockefeller Plaza<br>New York, NY 10112<br>*rbaechtold@fchs.com*<br>*hrenk@fchs.com*<br>*nkallas@fchs.com* |

F. Dominic Cerrito, Esquire
JONES DAY
222 East 41st Street
New York, New York 10017-6702
*fdcerrito@jonesday.com*

{BMF-W0051479.}

_/s/ John M. Seaman_
John M. Seaman (#3868) [jseaman@bmf-law.com]
BOUCHARD MARGULES & FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
302.573.3500
*Attorneys for Defendants Abrika Pharmaceuticals, Inc.
and Abrika Pharmaceutical, LLLP*

{BMF-W0051479.}