IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CELGENE CORPORATION, NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS PHARMA AG,<br><br>    Plaintiffs,<br><br>  v.<br><br>ABRIKA PHARMACEUTICALS, INC. and ABRIKA PHARMACEUTICALS, LLLP,<br><br>    Defendants. | Civil Action No. 06-741-SLR |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE AND DISMISS DEFENDANTS' INEQUITABLE CONDUCT ALLEGATIONS AS FAILING TO MEET THE PARTICULARITY STANDARDS OF RULE 9(b), F.R.Civ.P.**

OF COUNSEL:

Anthony M. Insogna
Lester J. Savit
JONES DAY
12265 El Camino Real
Suite 200
San Diego, CA 92130-4096
(858) 314-1200

F. Dominic Cerrito
JONES DAY
222 East 41st Street
New York, New York 10017-6702
(212) 326-3939

*Attorneys for Plaintiff Celgene Corporation*

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiffs*

Robert L. Baechtold
Henry J. Renk
Nicholas N. Kallas
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, New York 10112
(212) 218-2100

*Attorneys for Plaintiffs Novartis
Pharmaceuticals Corporation
and Novartis Pharma AG*

Dated: May 2, 2007

Instead of opposing plaintiffs' motion to strike and dismiss the inequitable conduct allegations in their Answer and Counterclaims, defendants seek leave to amend that pleading. *See* Opening Brief In Support of Defendants' Motion For Leave To Amend The Answer and Counterclaims and Response to Plaintiffs' Motion to Strike and Dismiss, D.I. #43 at 1. Hence, plaintiffs' motion to strike and dismiss should be granted.[1]

Defendants accuse plaintiffs of unnecessarily increasing the motion practice in this case. This accusation is made to try to deflect the inevitable conclusion that defendants are responsible for the filing of an opposed motion. A simple chronology of events reveals that defendants are guilty of game playing.

Plaintiffs' motion to strike and dismiss was due on Wednesday, April 11, the date the reply to the counterclaims was due. F.R.Civ.P. 12(a)(2). Plaintiffs replied to all the allegations of the counterclaims except those relating to inequitable conduct, which did not comply with Rule 9(b).

The motion to strike/dismiss is a dispositive motion. Local Rule 7.1.1 applies to non-dispositive motions only and did not require plaintiffs to ask defendants to agree to this dispositive motion prior to its filing. Nevertheless, because the motion was so strong and it was likely that defendants would not oppose it, plaintiffs sought defendants' consent in an effort to resolve the issue quickly and avoid the filing of an unopposed motion.

---

[1] Defendants contend as a back-up argument that Rule 9(b) did not apply to their original allegations. Because the Rule 9(b) requirements apply to both the original and the newly proposed inequitable conduct pleadings, and both suffer from a lack of particularity, plaintiffs will oppose the motion for leave to amend. The applicability of Rule 9(b) to defendants' inequitable conduct allegations will be addressed in plaintiffs' response that is due on May 9, 2007.

Plaintiffs' lead counsel, Mr. Savit, is located in California. In order to assure that defendants' counsel on the East Coast received the inquiry by the start of their work week, Mr. Savit sent an email at 9:30 p.m. California time the prior evening, April 8 2007. *See* Ex. A to the Declaration of Philip A. Rovner, filed contemporaneously herewith. This email happened to be transmitted on a Sunday evening. The Sunday happened to be Easter, three days in advance of the due date of the motion.

Contrary to defendants' charge, the email did not request a response by Monday. It specifically requested a response by noon of the following day – Tuesday, April 10. *Id.* This provided defendants one and a half business days to inform plaintiffs whether they would oppose the motion or would amend their Answer and Counterclaims.

We now know that defendants in fact are not opposing the motion to strike/dismiss and are moving to amend. Although specifically requested to do so, defendants did not inform plaintiffs of that fact in a time and manner that would have reduced the time and expense to plaintiffs of preparing and filing the motion papers. Instead, defendants indicated that they would agree to plaintiffs' motion only if plaintiffs agreed to an unrelated other motion defendants intended to bring. As plaintiffs intend to oppose that other motion, this offer was not acceptable.

Defendants' subsequent proposal to plaintiffs to resolve their motion for leave to amend was not intended to be productive. Defendants did not include a copy of the proposed pleading. Without the ability to review the inequitable conduct allegations of the proposed new pleading, plaintiffs could not meaningfully evaluate whether or not it was objectionable for the same reasons as the original pleading. Not surprisingly, the newly proposed Answer and Counterclaims do not cure the defects of the earlier pleading

and plaintiffs will oppose the motion for leave on that basis. In sum, plaintiffs' attempts to streamline this motion practice to avoid the filing of an unopposed motion now are being used by defendants to play games and make accusations that require yet more briefing.

Plaintiffs' Motion to Strike and Dismiss Defendants' Inequitable Conduct Allegations should be granted.

OF COUNSEL:

Anthony M. Insogna
Lester J. Savit
JONES DAY
12265 El Camino Real
Suite 200
San Diego, CA 92130-4096
(858) 314-1200

F. Dominic Cerrito
JONES DAY
222 East 41st Street
New York, New York 10017-6702
(212) 326-3939

*Attorneys for Plaintiff Celgene Corporation*

Robert L. Baechtold
Henry J. Renk
Nicholas N. Kallas
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, New York 10112
(212) 218-2100

*Attorneys for Plaintiffs Novartis Pharmaceuticals Corporation and Novartis Pharma AG*

Dated: May 2, 2007

POTTER ANDERSON & CORROON LLP

By: _____
Philip A. Rovner (#3215)
Hercules Plaza
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiffs*

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on May 2, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Andre G. Bouchard, Esq.
John M. Seaman, Esq.
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
abouchard@bmf-law.com
jseaman@bmf-law.com

I hereby certify that on May 2, 2007 I have sent the foregoing document by E-mail to the following non-registered participants in the manner indicated:

Jonathan A. Harris, Esq.
Chad A. Landmon, Esq.
Jo-Anne M. Kokoski, Esq.
Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103
jah@avhlaw.com;
cal@avhlaw.com; jmk@avhlaw.com

John Will Ongman, Esq.
Axinn, Veltrop & Harkrider LLP
1801 K Street
Suite 411
Washington, DC 20006-1322
jwo@avhlaw.com

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

768868