IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CELGENE CORPORATION, NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS PHARMA AG, <br>                                        Plaintiffs, <br> v. <br> ABRIKA PHARMACEUTICALS, INC. and ABRIKA PHARMACEUTICALS, LLLP, <br>                                        Defendants. | Civil Action No. 06-741-SLR |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' RULE 12(C)
<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

OF COUNSEL:

Anthony M. Insogna
Lester J. Savit
JONES DAY
12265 El Camino Real, Suite 200
San Diego, CA 92130-4096
(858) 314-1200

F. Dominic Cerrito
JONES DAY
222 East 41st Street
New York, New York 10017-6702
(212) 326-3939

*Attorneys for Plaintiff Celgene Corporation*

Robert L. Baechtold
Henry J. Renk
Nicholas N. Kallas
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, New York 10112
(212) 218-2100

*Attorneys for Plaintiffs Novartis
Pharmaceuticals Corporation and Novartis
Pharma AG*
Dated: May 9, 2007

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 1

NATURE AND STAGE OF THE PROCEEDINGS ........................................................... 1

SUMMARY OF ARGUMENT .............................................................................................. 2

STATEMENT OF FACTS ..................................................................................................... 3

ARGUMENT .......................................................................................................................... 4

    A.    The Federal Circuit Cases Have Been Interpreted to Allow Willful Infringement Allegations to Go to Trial in ANDA Patent Infringement Cases. .................................................................................... 4

        1.    The *Yamanouchi* Federal Circuit Case Contemplates that Willfulness Can be Established in ANDA Infringement Cases. ................................................................................................... 4

        2.    The *Glaxo* Federal Circuit Case Did Not Overrule *Yamanouchi* or Otherwise Bar a Willful Infringement Finding. ....................................................................................................... 6

        3.    District Courts in New Jersey and Other Districts Have Refused to Dismiss Willful Infringement Contentions in ANDA Cases. ........................................................................................... 7

    B.    Abrika Should Not Be Allowed to Rush a Decision on This Issue Prior to the New Jersey Court's Determination as to Where the Case Will be Tried. ............................................................................................................ 9

    C.    Plaintiffs Should Be Allowed To Develop The Factual Record In Discovery ..................................................................................................... 10

CONCLUSION .................................................................................................................... 11

# TABLE OF AUTHORITIES

## CASES

*Glaxo Group Limited v. Apotex, Inc.*,
  376 F.3d 1339 (Fed. Cir. 2004) .................................................................................. Passim

*Item Development AB v. Sicor Inc.*,
  2006 U.S. Dist. LEXIS 15386 (D. Del. Mar. 31, 2006) ............................................ 10

*Kaufman Co., Inc. v. Lantech, Inc.*,
  807 F.2d 970 (Fed. Cir. 1986) .................................................................................... 10

*Newell Cos., Inc. v. Kenney Mfg. Co.*,
  864 F.2d 757 (Fed. Cir. 1988) ...................................................................................... 6

*Novartis Pharmaceuticals Corp. v. Teva Pharmaceuticals USA, Inc.*,
  2005 U.S. Dist. LEXIS 39341 (D.N.J. Dec. 30, 2005) ............................................... 8

*Texas Instruments Inc. v. Cypress Semiconductor Corp.*,
  90 F.3d 1558 (Fed. Cir. 1996) ...................................................................................... 6

*Ultra-Temp Corp. v. Advanced Vacuum Sys., Inc.*,
  189 F.R.D. 17 (D. Mass. 1999) .................................................................................. 10

*Vas-Cath Inc. v. Mahurkar*,
  935 F.2d 1555 (Fed. Cir. 1991) .................................................................................... 6

*Yamanouchi Pharm. Co., Ltd. v. Marsam Pharm., Inc.*,
  231 F.3d 1339 (Fed. Cir. 2000) .............................................................................. Passim

## STATUTES & REGULATIONS

21 C.F.R. § 314.95(c)(6) ..................................................................................................... 3

21 U.S.C. § 355(j)(2)(A) ..................................................................................................... 7

21 U.S.C. § 355(j)(2)(B) ..................................................................................................... 3

35 U.S.C. § 271(e)(4) .......................................................................................................... 5

35 U.S.C. § 285 ............................................................................................................. 5, 10

## INTRODUCTION

Defendants have moved for judgment on the pleadings on plaintiffs' willful infringement claim. They have timed this motion to try to get this Court, rather than the New Jersey court, to rule on the issue. New Jersey judges have interpreted Federal Circuit precedent to allow the assertion of willful infringement in Hatch-Waxman patent infringement actions based on the filing of an Abbreviated New Drug Application ("ANDA"). Hence, the motion for judgment on the merits should be denied as premature until after Judge Wigenton rules on the personal jurisdiction motion currently pending in New Jersey.

## NATURE AND STAGE OF THE PROCEEDINGS

On December 4, 2006, plaintiffs filed suit in the District of New Jersey against Defendants Abrika Pharmaceuticals, Inc. and Abrika Pharmaceuticals, LLLP (collectively, "Abrika") for patent infringement based upon Abrika's filing an ANDA seeking to market a drug product covered by Celgene's patents. Plaintiffs subsequently filed an identical complaint in the District of Delaware, where Abrika is incorporated, to preserve a filing date in the event jurisdiction did not hold in New Jersey. There was a 45-day window in which to file the suit in order to assure the benefit of a statutory 30-month stay of FDA approval of Abrika's ANDA. Two days after plaintiffs filed suit in the District of Delaware, Abrika answered the Delaware complaint rather than the New Jersey complaint.

Abrika subsequently moved to dismiss the New Jersey complaint alleging lack of personal jurisdiction. Plaintiffs opposed the motion and engaged in discovery that

uncovered numerous substantial and systematic New Jersey contacts by Abrika. The contacts are more than sufficient to support the exercise of both general and specific jurisdiction over Abrika in New Jersey.

Abrika's motion to dismiss for lack of personal jurisdiction is now fully briefed and is awaiting a decision by Judge Susan Wigenton. This Court previously indicated that it would defer to the New Jersey venue if Judge Wigenton denied the motion. (Declaration of Lester J. Savit ("Savit Decl."), Exh. A, at 3 and 8.)

## SUMMARY OF ARGUMENT

1. Two Federal Circuit decisions touch on whether infringement can be willful when a patent is infringed by the filing of an Abbreviated New Drug Application ("ANDA"). These cases do not preclude the assertion of willful infringement. District courts looking at this question after those cases were decided, including district judges in New Jersey, have denied motions to dismiss willful infringement allegations in ANDA cases prior to discovery and trial.

2. An identical complaint in the first-filed action is pending in New Jersey. That case has been delayed by Abrika's filing of a personal jurisdiction motion. This Court previously indicated it would stay or dismiss this action if the New Jersey motion is denied. A decision on Abrika's motion for judgment on the pleadings should await a determination as to where the case will proceed. Judge Wigenton should be allowed to determine the state of the pleadings for a case tried in her courtroom.

3. As the law does not bar a finding of willful infringement in all ANDA cases under all circumstances, the willful allegation should be allowed to stand so that plaintiffs have an opportunity to develop the factual record.

## STATEMENT OF FACTS

On October 23, 2006, Abrika sent letters notifying plaintiffs that it had filed an Abbreviated New Drug Application ("ANDA") with the FDA seeking approval to market a generic version of Novartis' patented Ritalin® LA drug product prior to the expiration of the patents-in-suit. (Savit Decl., Exh. B.) Under certain circumstances, the ANDA applicant must inform the patent owners of the specific basis for the certification. 21 U.S.C. § 355(j)(2)(B). The paragraph IV certification specifically requires:

> A detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed. The applicant shall include in the detailed statement:
>
> (i) For each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed.
>
> (ii) For each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation.

21 C.F.R. § 314.95(c)(6).

Abrika's notice letters to plaintiffs contained the basis for Abrika's paragraph IV certification. (Savit Decl., Exh. B.) In particular, Abrika's notice letters allege that the patents-in-suit are invalid and not infringed by Abrika's extended release methylphenidate drug product. (Id.) Abrika's notice letters did not include any allegation regarding unenforceability of the patents-in-suit, such as through inequitable conduct before the U.S. Patent & Trademark Office. (Id.) For its allegation that the patents-in-suit are invalid, Abrika relies on nothing more than either the same prior art patent references/specifications that were reviewed by the USPTO when it found the claimed subject matter to be patentable, or prior art patent references that are cumulative

or no more material than those that were reviewed by the USPTO. (Id., at 2-4.) Abrika's paragraph IV certification reveals that Abrika had no basis for believing that the Patent Office was wrong when it granted the patents-in-suit.[1]

Accordingly, plaintiffs have alleged in their complaint that Abrika's infringement of the patents-in-suit "has been, and continues to be, willful and deliberate." (See Complaint, at ¶¶ 22 and 27.) Importantly, plaintiffs' allegation of willfulness as pled in the Complaint is not limited to the mere filing of an ANDA premised on a baseless paragraph IV certification. Hence, additional bases for plaintiffs' allegation may be developed prior to trial as discovery progresses.

## ARGUMENT

### A. The Federal Circuit Cases Have Been Interpreted to Allow Willful Infringement Allegations to Go to Trial in ANDA Patent Infringement Cases.

Abrika points to two Federal Circuit cases and argues that "[i]n both cases, the Federal Circuit found that the district court erred in basing an award of attorney's fees for willful infringement." (Abrika's Opening Brief, at 4.) In fact, neither of these cases precludes a recovery under a willful infringement claim. Moreover, federal district judges in New Jersey and other districts looking at this question after those cases were decided have refused to dismiss willfulness claims in ANDA cases.

#### 1. The *Yamanouchi* Federal Circuit Case Contemplates that Willfulness Can be Established in ANDA Infringement Cases.

In *Yamanouchi Pharm. Co., Ltd. v. Marsam Pharm., Inc.*, 231 F.3d 1339 (Fed. Cir. 2000), the plaintiff alleged that the defendant's filing of an ANDA constituted willful

---

[1] Plaintiffs are unable to fully evaluate Abrika's non-infringement position until it receives a copy of Abrika's ANDA. Plaintiffs have identified the ANDA in their initial disclosures, and Celgene has propounded discovery requests calling for the ANDA and related information. However, to date, plaintiffs have not yet received it.

-4-

patent infringement. *Id.* at 1346-47. The premise for the plaintiff's allegation was a baseless paragraph IV certification. *Id.* The district court held that the defendant's conduct in making a baseless certification can give rise to willful infringement claims and an award of attorneys' fees under 35 U.S.C. §§ 271(e)(4) and 285, and the Federal Circuit upheld the district court's ruling. *Id.* at 1346-47. In upholding the district court's ruling, the Federal Circuit explained that "the [Hatch-Waxman] Act unambiguously permits an award of attorney fees to the prevailing party in exceptional cases on the basis of an ANDA filing." 231 F.3d at 1346.

The Federal Circuit further explained that the ANDA applicant must "display care and regard for the strict standards of the Hatch-Waxman Act when challenging patent validity." *Id.* at 1347. The Federal Circuit emphasized that "section 271(e)(4) authorizes fee awards for paragraph (2) infringement in accordance with the standards for section 285 exceptional cases," and it specifically identified willful infringement as a basis for finding an exceptional case. *Id.* at 1347-48 ("These forms of misconduct include willful infringement."). Thus, the Federal Circuit both upheld the district court's ruling, and it expressly recognized a defendant's duty of care when including a paragraph IV certification regarding patent validity, which can give rise to a viable willful infringement claim in an ANDA case. *Id.*

Abrika misinterprets *Yamanouchi* by suggesting the Federal Circuit held the defendant's (i.e., Danbury's) misconduct of filing a baseless certification did not justify a finding of willful infringement. (See Abrika's Opening Brief, at 4-5.) In fact, the language from *Yamanouchi* that Abrika quotes amounts to dicta because the Federal Circuit did not reverse the district court's ruling, and Abrika's strained interpretation of

this dicta is contrary to the Federal Circuit's concurrent statements quoted above regarding the ANDA filer's duty of care in making certifications pursuant to paragraph IV. The Federal Circuit in *Yamanouchi* neither barred willfulness claims in ANDA cases in general, nor prohibited willfulness claims premised upon baseless paragraph IV certifications in particular. Hence, *Yamanouchi* stands for the proposition that plaintiffs' allegations regarding willful infringement are viable.

### 2. The *Glaxo* Federal Circuit Case Did Not Overrule *Yamanouchi* or Otherwise Bar a Willful Infringement Finding.

*Glaxo Group Ltd. v. Apotex, Inc.*, 376 F.3d 1339 (Fed. Cir. 2004), does not foreclose a willfulness finding in an ANDA case under all circumstances. First, the holding of *Glaxo* does not overrule the holding of *Yamanouchi*. Both the earlier-decided *Yamanouchi* and later-decided *Glaxo* were decided by a Federal Circuit panel. Neither was an *en banc* decision. The Federal Circuit has held that prior panel decisions are binding precedent, which may only be overturned by an *en banc* ruling, not by a subsequent panel decision. *See Newell Cos., Inc. v. Kenney Mfg. Co.*, 864 F.2d 757, 765 (Fed. Cir. 1988) ("This court has adopted the rule that prior decisions of a panel of the court are binding precedent on subsequent panels unless and until overturned in banc."); *see also Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1567 (Fed. Cir. 1996); *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555 (Fed. Cir. 1991) ("To the extent that *Kennecott* conflicts with *Wilder*, we note that decisions of a three-judge panel of this court cannot overturn prior precedential decisions."). Hence, to the extent the holding in *Glaxo* contradicts that of *Yamanouchi*, *Yamanouchi* controls.

Second, in *Glaxo*, the Federal Circuit reversed a district court decision which predicated a finding of willfulness solely on the filing of the ANDA. However, the

defendant in *Glaxo*, unlike Abrika or the defendant in *Yamanouchi*, had not even made a paragraph IV certification. *See Glaxo*, 376 F.3d at 1344. ("Apotex's ANDA filing is atypical in that it did not contain a certification pursuant to 21 U.S.C. § 355(j)(2)(A)."). Thus, the facts of *Glaxo* on the one hand, and *Yamanouchi* (and the present situation) on the other, are quite different. Simply put, the defendant in *Glaxo*, unlike Abrika, had not made ***any*** required certifying statement that could otherwise be deemed baseless or non-meritorious for purposes of a willful infringement allegation. Subsequent language in the *Glaxo* opinion makes it clear that the Federal Circuit appreciated this distinction. *See* 376 F.3d at 1351 ("Apotex did not file a paragraph IV certification of any kind, ***let alone one that made baseless accusations of invalidity such as that filed in Yamanouchi.***") (emphasis added). *Glaxo*, therefore, does not preclude a finding of willfulness in ANDA cases in all circumstances. Thus, neither *Yamanouchi* nor *Glaxo* preclude a willful infringement claim for a baseless ANDA.

### 3. District Courts in New Jersey and Other Districts Have Refused to Dismiss Willful Infringement Contentions in ANDA Cases.

Plaintiffs acknowledge that some district courts have interpreted *Glaxo* to bar willful infringement allegations in ANDA infringement cases. However, many district courts that have reviewed *Yamanouchi* and *Glaxo*, have come to the opposite view and denied motions just like Abrika's. For example, the District of New Jersey has held that filing a baseless ANDA can support a finding of willful infringement. *See Wyeth v. Teva Pharm. USA, Inc.*, Civ. No. 03-1293 (D.N.J. Aug. 5, 2004) (Savit Decl., Exh. C). In *Wyeth*, the accused infringer moved to stay discovery and to dismiss willfulness and

attorney's fee claims. The New Jersey court analyzed both *Yamanouchi* and *Glaxo* and concluded that *Glaxo* does not eliminate willful infringement:

> I've read this [*Glaxo*] decision, its language, and considered it in light of *Yamanouchi* and based on its reading the Court concludes that discovery could be permissible on issues of willfulness because there could be activity that would support willfulness on top of the filing of the ANDA. I understand the *Glaxo* case to be teaching that just the ANDA filing, without more, is not going to give you a finding of willfulness, but there could be circumstances that would support a finding of willfulness potentially, and that a dispositive motion on this point may be appropriate at the appropriate time, but for this purpose, and based on my reading of this case, it appears that the willfulness issue is still a proper issue to pursue. Whether or not the ANDA filing alone is enough is a different issue.

(Savit Decl., Exh. C, at 167.)

Abrika points out that plaintiffs have been on the losing end of this issue in another case against a different defendant. (Abrika's Opening Brief, at 1 and 6.) However, they also have been on the prevailing side of the issue against that same defendant. For example, in *Novartis Pharms. Corp. v. Teva Pharms. USA, Inc.*, 2005 U.S. Dist. LEXIS 39341 (D.N.J. Dec. 30, 2005) (emphasis added), the court stated:

> Novartis argues that Teva's reliance upon *Glaxo* is incorrect, and that *Yamanouchi* controls. This Court agrees. Although Teva is correct in stating that Glaxo stands for the proposition that an ANDA filing, without more, does not constitute willful infringement, it is possible that Novartis may be able to show activity in addition to the ANDA filing to support the issue of willfulness. ***As such, under Yamanouchi, Novartis is entitled to proceed with litigation under the current state of the pleadings.***

*Id.* at *6.

Similarly, in *Eisai Co., Ltd. v. Dr. Reddy's Labs., Ltd.*, et al., Civ. No. 03-9053 (S.D.N.Y. Oct. 12, 2004), Judge Lynch of U.S. District Court for the Southern District of

-8-

New York denied a motion to strike a claim for willfulness, finding that the *Glaxo* decision does not preclude a finding of willful infringement in an ANDA case:

> [The Federal Circuit does not] say that there can be no willful infringement in an ANDA case. If they did, it would be much clearer . . . . But I think they say that the mere filing of an application or certification – I will give you that for this round – can't be the basis for a finding of willfulness.

(Savit Decl., Exh. D, at 21:1-7.)

Thus, it is clear that many courts, including the District of New Jersey, have found that *Glaxo* does not foreclose a willfulness finding in an ANDA case under all circumstances.

### B. Abrika Should Not Be Allowed to Rush a Decision on This Issue Prior to the New Jersey Court's Determination as to Where the Case Will be Tried.

As noted above, an earlier complaint is pending before Judge Susan Wigenton in the District of New Jersey. Abrika quickly filed its answer in the later-filed present action and slowed the New Jersey action by filing a meritless jurisdictional challenge. And now, while awaiting the New Jersey court's ruling on the personal jurisdiction motion, Abrika seeks a judgment on the pleadings based on law that has been the subject of widely varying interpretations by the district courts. Abrika points to no reason why the willfulness issue must be ruled on now.

It makes more sense to allow Judge Wigenton to first resolve the question of where this case will proceed. Judge Wigenton should be allowed to determine the state of the pleadings if the case is going to proceed in New Jersey.

### C. Plaintiffs Should Be Allowed To Develop The Factual Record In Discovery.

In any event, plaintiffs should be allowed the opportunity to fully develop the record on willful infringement. The scope of discovery for the pursuit of attorneys fees in patent cases is very similar to the scope of discovery for willful infringement – both look to a "totality of the circumstances." Compare *Kaufman Co., Inc. v. Lantech, Inc.*, 807 F.2d 970, 978-79 (Fed. Cir. 1986) (finding that "the willfulness *vel non* of infringement is determined by reviewing the totality of the circumstances...") with *Ultra-Temp Corp. v. Advanced Vacuum Sys., Inc.*, 189 F.R.D. 17, 19 (D. Mass. 1999) (discussing that a party seeking attorney fees under 35 U.S.C. § 285 "bears the burden of establishing, by clear and convincing evidence under a totality of the circumstances, that the instant case is 'exceptional'") (quoting *Queen's Univ. At Kingston v. Kinedyne Corp.*, 1996 WL 370170 at*1 (D. Kan. June 7, 1996)). If plaintiffs are allowed to pursue discovery on willfulness, it will add little additional time and effort to discovery in the case, and this would be consistent with this Court's prior rulings. See *AstraZeneca AB. v. Andrx Pharm., LLC*, C.A. No. 04- 80-SLR (D. Del. Aug. 11, 2004) (Savit Decl., Exh. E, at 2-3.)

Abrika cites to a ruling from this Court, *Item Development AB v. Sicor Inc.*, 2006 U.S. Dist. LEXIS 15386 (D. Del. Mar. 31, 2006), to support Abrika's position that it is entitled to judgment as a matter of law. However, in at least one prior case that takes into account the holdings of *Yamanouchi* and *Glaxo*, this Court has specifically stated that the filing of a baseless ANDA can be one factor in a willfulness determination. See *AstraZeneca* (Savit Decl., Exh. E, at 2-3.) Discovery concerning willfulness was allowed to proceed in that case. *Id.*

Here, plaintiffs have alleged willful infringement, in part, based on the filing of a baseless paragraph IV certification. Discovery may reveal additional facts, in addition to the baseless filing, to support plaintiffs' willfulness claim at trial. Plaintiffs should be entitled to proceed with discovery on the merits of their claim.

## CONCLUSION

Federal Circuit law does not bar a finding of willful infringement. District courts in New Jersey and other districts have refused to dismiss willfulness allegations in ANDA infringement cases. The question of whether this case will be tried in New Jersey is currently pending before District Judge Susan Wigenton, and the Court should defer making rulings that impact the pleadings until after that issue is resolved. In any event, discovery on this issue should be allowed to proceed. Hence, defendants' motion for judgment on the pleadings should be denied.

OF COUNSEL:

Anthony M. Insogna
Lester J. Savit
JONES DAY
12265 El Camino Real
Suite 200
San Diego, CA 92130-4096
(858) 314-1200

F. Dominic Cerrito
JONES DAY
222 East 41st Street
New York, New York 10017-6702
(212) 326-3939

*Attorneys for Plaintiff Celgene Corporation*

POTTER ANDERSON & CORROON LLP

By: /s/ Philip A. Rovner
    Philip A. Rovner (#3215)
    Hercules Plaza
    P. O. Box 951
    Wilmington, Delaware 19899
    (302) 984-6000
    provner@potteranderson.com

*Attorneys for Plaintiffs*

-12-

Robert L. Baechtold
Henry J. Renk
Nicholas N. Kallas
FITZPATRICK, CELLA, HARPER &
SCINTO
30 Rockefeller Plaza
New York, New York 10112
(212) 218-2100

*Attorneys for Plaintiffs Novartis
Pharmaceuticals Corporation and
Novartis Pharma AG*

Dated: May 9, 2007
794471

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on May 9, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Andre G. Bouchard, Esq.
John M. Seaman, Esq.
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
abouchard@bmf-law.com
jseaman@bmf-law.com

I hereby certify that on May 9, 2007 I have sent the foregoing document by E-mail to the following non-registered participants in the manner indicated:

| | |
|---|---|
| Jonathan A. Harris, Esq.<br>Chad A. Landmon, Esq.<br>Jo-Anne M. Kokoski, Esq.<br>Axinn, Veltrop & Harkrider LLP<br>90 State House Square<br>Hartford, CT 06103<br>jah@avhlaw.com;<br>cal@avhlaw.com; jmk@avhlaw.com | John Will Ongman, Esq.<br>Axinn, Veltrop & Harkrider LLP<br>1801 K Street<br>Suite 411<br>Washington, DC 20006-1322<br>jwo@avhlaw.com |

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

768868