UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CELGENE CORPORATION, NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS PHARMA A.G.,<br><br>Plaintiffs,<br>v.<br><br>ABRIKA PHARMACEUTICALS, INC., and ABRIKA PHARMACEUTICALS, LLLP,<br><br>Defendants. | Civil Action No. 06-741 (SLR) |

## ABRIKA'S REPLY BRIEF IN SUPPORT OF ITS
## RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS

Andre G. Bouchard (Bar No. 2054)
John M. Seaman (Bar No. 3868)
BOUCHARD MARGULES & FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Phone: (302) 573-3508
Fax: (302) 573-3501

OF COUNSEL:

John Will Ongman (*pro hac vice*)
AXINN VELTROP & HARKRIDER LLP
1801 K Street, Suite 411
Washington, DC, 20006-1322
Phone: (202) 912-4700
Fax: (202) 912-4701

Jonathan A. Harris (*pro hac vice*)
AXINN VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
Phone: (860) 275-8100
Fax: (860) 275-8101

*Attorneys for Defendants*

Dated: May 16, 2007

## TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................................. i

TABLE OF AUTHORITIES ............................................................................................ ii

INTRODUCTION ............................................................................................................ 1

ARGUMENT

    A. An ANDA Filing Cannot Support a Finding of Willful Infringement ............... 1

    B. District Courts in This District Bar Willful Infringement
       Allegations in ANDA Cases .................................................................................. 3

CONCLUSION ................................................................................................................. 5

# TABLE OF AUTHORITIES

### Cases

*Boehringer Ingelheim Int'l GmbH v. Barr Labs., Inc.*,
    2006 U.S. Dist. LEXIS 46835 (D. Del. July 6, 2006) .................................................. 4

*Celgene Corp. v. Teva Pharms. USA, Inc.*,
    412 F. Supp. 2d 439 (D.N.J. 2006) .................................................. 4

*Forest Labs., Inc. v. Ivax Pharmaceuticals, Inc.*,
    2007 U.S. Dist. LEXIS 18214 (D. Del. March 15, 2007) .................................................. 4

*Glaxo Group Ltd. v. Apotex, Inc.*,
    376 F.3d 1339 (Fed. Cir. 2004) .................................................. 2

*Item Development AB v. Sicor, Inc.*,
    2006 U.S. Dist. LEXIS 15386 (D. Del. March 31, 2006) .................................................. 4

*Wyeth Cardinal Health, Inc. v. Ranbaxy Labs. Ltd.*,
    448 F. Supp. 2d 607 (D.N.J. 2006) .................................................. 4

*Yamanouchi Pharmaceutical Co., Inc. v. Danbury Pharmacal, Inc.*,
    231 F.3d 1339 (Fed. Cir. 2000) .................................................. 2, 3

### Statutes and Rules

Fed. R. Civ. P. 12(c) .................................................. 5

## INTRODUCTION

In their Opposition to Abrika's motion for judgment on the pleadings, plaintiffs misinterpret binding Federal Circuit precedent, ignore case law from this District, and re-argue their unsuccessful motion for stay in a vain attempt to salvage willful infringement allegations they legally cannot maintain. The Federal Circuit, as well as courts in this District, preclude willful infringement based solely on Abbreviated New Drug Application ("ANDA") filings. Plaintiffs' assertion in their Complaint that Abrika's filing of its ANDA constitutes willful infringement is unsupportable as a matter of law. In fact, by failing to discuss or distinguish those Delaware cases that bar willful infringement allegations in ANDA cases, plaintiffs concede that such allegations are foreclosed in this District.

For these reasons, this Court should reject plaintiffs' unprecedented invitation to delay a decision on the merits of this issue pending Judge Wigenton's opinion on procedural motions in Delaware. Simply put, plaintiffs fail to state a claim upon which relief can be granted, and Abrika is entitled to judgment on the pleadings of no willful infringement as a matter of law.

## ARGUMENT

### A. An ANDA Filing Cannot Support a Finding of Willful Infringement

The Federal Circuit could not be more clear: filing an ANDA with a Paragraph IV certification cannot support a finding of willful infringement:

> Consequently, as suggested by *Yamanouchi*, we now hold that the mere fact that a company has filed an ANDA application or certification cannot support a finding of willful infringement for purposes of awarding attorney's fees pursuant to 35 U.S.C. § 271(e)(4).

*Glaxo Group Ltd. v. Apotex, Inc.,* 376 F.3d 1339, 1350-51 (Fed. Cir. 2004). The court in *Glaxo* simply expanded on what was suggested in *Yamanouchi*, and the two cases taken together stand for the proposition that plaintiffs' allegations regarding willful infringement are not viable. *Id.*; *Yamanouchi Pharmaceutical Co., Inc. v. Danbury Pharmacal, Inc.*, 231 F.3d 1339, 1347 (Fed. Cir. 2000) ("An ANDA filing by its very nature is a 'highly artificial act of infringement,' therefore, the trial court need not have elevated the ANDA certification into a finding of willful infringement."). This binding precedent forecloses plaintiffs' ability to prevail on its allegations of willful infringement.

Plaintiffs' arguments that *Glaxo* does not foreclose a finding of willfulness in all ANDA cases is premised on a distinction without a difference. While it is true that the *Glaxo* case involved an ANDA without a paragraph IV certification, the court's holding is not so limited. In fact, the court explicitly states that the filing of "an ANDA application *or certification*" cannot support a finding of willful infringement. *Glaxo*, 376 F.3d at 1350-51 (emphasis added). Thus, it makes no difference if an ANDA applicant is required to make a paragraph IV certification or not — the Federal Circuit intended to preclude findings of willful infringement based solely on ANDA filings in all circumstances.

Plaintiffs' argument that *Yamanouchi* does not bar willful infringement claims in ANDA cases is similarly misplaced. In *Yamanouchi*, the Federal Circuit upheld the district court's award of attorney's fees, but refused to do so on the basis of willful infringement. To the contrary, the court admonished that the district court "need not have elevated the ANDA certification into a finding of willful infringement." *Yamanouchi*, 231 F.3d at 1347. Instead, the Federal Circuit upheld the award of attorney's fees

2

because the defendant's "misconduct in filing a wholly unjustified ANDA certification and misconduct during the litigation that followed warranted the district court's finding that this case was exceptional." *Id.*

Plaintiffs conflate allegations of willful infringement with those of exceptional case. The Federal Circuit's finding, in *Yamanouchi*, that a baseless ANDA certification can give rise to a finding that the case is exceptional is not the same as holding a baseless ANDA certification is an act of willful infringement. By refusing to elevate the defendants' egregious misconduct to the level of willful infringement, the *Yamanouchi* court, at the very least implied that willful infringement claims in ANDA cases cannot be premised on baseless certifications — a holding that was then made explicit in *Glaxo*.

Moreover, plaintiffs' Complaint does not allege any additional acts that if proven could support a finding of willful infringement. Although plaintiffs argue that their allegations of willful infringement are not limited to Abrika's ANDA filing, the only citation in support of that argument contradicts it — the only act of infringement alleged is the filing of the ANDA, and it is that act that plaintiffs allege is "willful and deliberate." (*See* Complaint, ¶¶ 20, 22, 25 and 27). Plaintiffs offer nothing more. Because the filing of an ANDA cannot, as a matter of law, support a finding of willful infringement, plaintiffs have failed to state a claim upon which relief can be granted, and Abrika is entitled to judgment on the pleadings.

B. District Courts in This District Bar
   Willful Infringement Allegations in ANDA Cases

In arguing that "many district courts" have allowed willful infringement allegations in ANDA cases, plaintiffs fall short on two fronts. Plaintiffs fail to cite any

cases from *this* District supporting their position.[1] And plaintiffs fail to distinguish the Delaware cases that bar willful infringement allegations in ANDA cases, including cases from this Court. *See, e.g., Item Development AB v. Sicor, Inc.*, 2006 U.S. Dist. LEXIS 15386 (D. Del. March 31, 2006) (Robinson, J.); *Forest Labs., Inc. v. Ivax Pharmaceuticals, Inc.*, 2007 U.S. Dist. LEXIS 18214 (D. Del. March 15, 2007) (Farnan, J.); *Boehringer Ingelheim Int'l GmbH v. Barr Labs., Inc.*, 2006 U.S. Dist. LEXIS 46835 (D. Del. July 6, 2006) (Jordan, J.). That can only mean one thing — plaintiffs recognize that courts in Delaware refuse to allow willful infringement in ANDA cases.

Seeking to escape this inevitable result, plaintiffs make a thinly-veiled attempt to re-argue their motion for stay by arguing that "Judge Wigenton should be allowed to determine the state of the pleadings if the case is going to proceed in New Jersey." (Pls.' Resp. 9, D.I. 52). Plaintiffs cite no legal precedent in support of their bizarre request. Plaintiffs also overlook the simple fact that the case is proceeding in this District, and this Court has ruled that it will move forward while Judge Wigenton considers Abrika's motion to dismiss in the District of New Jersey. It is not possible to predict when Judge Wigenton will rule on Abrika's motion to dismiss, and there is no reason to impede the progress of the case on the merits in the meantime.

Finally, whether or not plaintiffs are entitled to certain discovery is irrelevant to whether they are entitled to maintain their willful infringement allegations in this case. This is not a discovery dispute. Plaintiffs allege that Abrika willfully infringed the patents-in-suit by filing an ANDA, and filing an ANDA alone cannot support a finding of

---

[1] The New Jersey cases cited by plaintiffs are simply inapposite to this Court's decision. Even if they were somehow relevant, it is not the case that the District of New Jersey as a whole allows allegations of willful infringement in ANDA cases. In fact, several courts have properly followed Federal Circuit precedent and barred such allegations. *See, e.g., Wyeth Cardinal Health, Inc. v. Ranbaxy Labs. Ltd.*, 448 F. Supp. 2d 607, 612 (D.N.J. 2006); *Celgene Corp. v. Teva Pharms. USA, Inc.*, 412 F. Supp. 2d 439, 442 (D.N.J. 2006).

4

willful infringement as a matter of law. Before plaintiffs can be heard to complain they have been denied discovery, they should be required to plead a legally cognizable claim first.

## CONCLUSION

The only act of infringement alleged by plaintiffs is Abrika's submission of ANDA No. 78-458. Binding Federal Circuit precedent, which has been followed by courts in this District, holds that the filing of an ANDA cannot support a finding of willful infringement. Because Abrika's mere act of filing an ANDA cannot support a claim of willful infringement as a matter of law, plaintiffs' Complaint fails to state a claim upon which relief can be granted. For the above reasons, and those set forth in its Opening Brief, Abrika is entitled to judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) that it has not willfully infringed the patents-in-suit.

Dated: May 16, 2007

By: /s/ John M. Seaman
Andre G. Bouchard (Bar No. 2054)
John M. Seaman (Bar No. 3868)
BOUCHARD MARGULES & FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Phone: 302.573.3508
abouchard@bmf-law.com
jseaman@bmf-law.com

*Attorneys for Defendants Abrika Pharmaceuticals, Inc. and Abrika Pharmaceuticals, LLLP*

OF COUNSEL:

John Will Ongman
AXINN VELTROP & HARKRIDER LLP
1801 K Street, NW
Suite 411
Washington, DC 20006
Phone: 202.912.4700
jwo@avhlaw.com

Jonathan A. Harris
AXINN VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
Phone: 860.275.8100
jah@avhlaw.com

**CERTIFICATE OF SERVICE**

I, John M. Seaman, hereby certify that on May 16, 2007, I caused to be electronically filed a true and correct copy of the notice of the foregoing *Defendants' Reply Brief in Support of Rule 12(c) Motion for Judgment on the Pleadings* with the Clerk of Court by CM/ECF which will send notification of such filing to the following counsel of record:

Philip A. Rovner, Esquire
Potter Anderson & Corroon
1313 N. Market Street
Wilmington, DE 19801
*provner@potteranderson.com*

I further certify that on May 16, 2007, I caused copies of the foregoing document to be served by e-mail and by hand on the above-listed counsel and by e-mail and by U.S. Mail on the following non-registered participants.

Anthony M. Insogna, Esquire
Lester J. Savit, Esquire
JONES DAY
12265 El Camino Real, Suite 200
San Diego, CA 92130
858.314.1200
*aminsogna@jonesday.com*
*ljsavit@jonesday.com*
*nnkallas@jonesday.com*

F. Dominic Cerrito, Esquire
JONES DAY
222 East 41st Street
New York, New York 10017-6702
*fdcerrito@jonesday.com*

Robert L. Baechtold, Esquire
Henry J. Renk, Esquire
Nicholas N. Kallas, Esquire
FITZPATRICK, CELLA HARPER & SCINTO
30 Rockefeller Plaza
New York, NY 10112
*rbaechtold@fchs.com*
*hrenk@fchs.com*
*nkallas@fchs.com*

/s/ John M. Seaman
John M. Seaman (#3868) [jseaman@bmf-law.com]
BOUCHARD MARGULES & FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
302.573.3500
*Attorneys for Defendants Abrika Pharmaceuticals, Inc.
 and Abrika Pharmaceutical, LLLP*

{BMF-W0055263.}