UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
_____
                                    )
CELGENE CORPORATION, NOVARTIS       )
PHARMACEUTICALS CORPORATION and     )
NOVARTIS PHARMA A.G.,               )
                                    )
        Plaintiffs,                 )
                v.                  )    Civil Action No. 06-741-SLR
                                    )
ABRIKA PHARMACEUTICALS, INC., and   )
ABRIKA PHARMACEUTICAL, LLLP,        )
                                    )
        Defendants.                 )
_____ )
```

REPLY BRIEF IN SUPPORT OF ABRIKA'S MOTION
FOR LEAVE TO AMEND ITS ANSWER AND COUNTERCLAIMS

Andre G. Bouchard (Bar No. 2054)          OF COUNSEL:
John M. Seaman (Bar No. 3868)
BOUCHARD MARGULES & FRIEDLANDER, P.A.     John Will Ongman (*pro hac vice*)
222 Delaware Avenue, Suite 1400           AXINN VELTROP & HARKRIDER LLP
Wilmington, DE  19801                     1801 K Street, Suite 411
Phone: (302) 573-3508                     Washington, DC, 20006-1322
Fax: (302) 573-3501                       Phone: (202) 912-4700
                                          Fax: (202) 912-4701

                                          Jonathan A. Harris (*pro hac vice*)
                                          AXINN VELTROP & HARKRIDER LLP
                                          90 State House Square
                                          Hartford, CT 06103
                                          Phone: (860) 275-8100
                                          Fax: (860) 275-8101

*Attorneys for Defendants*

Dated: May 16, 2007

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................... i

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION .................................................................................................. 1

ARGUMENT ......................................................................................................... 2

    I.   Abrika's Inequitable Conduct Allegations Set Forth The Who, What, When And
         Where With The Requisite Intent ................................................................... 3

        A.  WHO: Individuals Associated With Prosecution ................................... 3

        B.  WHAT: Withholding Of The '131 Patent And
            Change In Small Entity Status ...................................................... 5

        C.  WHEN: During the Pendency Of The Applications Leading
            To The Patents In-Suit ................................................................. 6

        D.  WHERE: Before the PTO ........................................................... 7

        E.  INTENT: Rule 9(b) allows intent to be pleaded generally ................... 7

    II.  Abrika's Originally Filed Allegations Were Sufficient ................................... 8

CONCLUSION ...................................................................................................... 9

## TABLE OF AUTHORITIES

### <u>Cases</u>

*Carino v. Stefan,*
    376 F.3d 156 (3d Cir. 2004) ............................................................................. 2

*EMC Corp. v. Storage Tech. Corp.,*
    921 F. Supp. 1261 (D. Del. 1996) ..................................................................... 5

*Gopez v. Shin,*
    736 F. Supp. 51 (D. Del. 1990) ......................................................................... 3

*Greiff v. T.I.C. Enterprises, L.L.C.,*
    No. Civ. 03-882, 2004 U.S. Dist. LEXIS 680 (D. Del. Jan. 9, 2004) ................... 3

*McGinley v. Franklin Sports, Inc.,*
    92 F. Supp. 2d 1216 (D. Kan. 2000) ................................................................. 6

*McGinley v. Franklin Sports, Inc.,*
    262 F.3d 1339 (Fed. Cir. 2001) ........................................................................ 6

*McKesson Information Solutions, LLC v. The Trizetto Group, Inc.,*
    2005 U.S. Dist. LEXIS 6733 (D. Del. April 25, 2005) ....................................... 5

*Procter & Gamble Co. v. Nabisco Brands, Inc.,*
    697 F. Supp. 1360 (D. Del. 1988) ..................................................................... 2

*Shane v. Fauver,*
    213 F.3d 113 (3d Cir. 2000) ............................................................................. 3

*Silicon Graphics, Inc., v. ATI Technology ULC,*
    2007 U.S. Dist. LEXIS 19401 (W.D. Wis. March 15, 2007) ........................... 3, 7

*Ulead Sys, Inc. v. Lex Computer & Mgmt. Corp.,*
    351 F.3d 1139 (Fed. Cir. 2003) ........................................................................ 6

## Statutes and Regulations

37 C.F.R. § 1.27(a)(2) ............................................................................... 6

37 C.F.R. § 1.27(h)(2) ............................................................................... 6

37 C.F.R. § 1.56 ............................................................................... 3, 4, 7

## Other Materials

Fed. R. Civ. P. 9(b) ............................................................................... 1, 3, 5, 8

Fed. R. Civ. P. 12(b)(6) ............................................................................... 3

## INTRODUCTION

To adequately plead inequitable conduct by omission under Fed. R. Civ. P. 9(b), Abrika is required to allege (1) material information; (2) knowledge chargeable to the patent applicant of the material information; and (3) intentional failure by the patent applicant to disclose such material information to the United States Patent and Trademark Office ("PTO"). By pleading the "who, what, when and where" of plaintiffs' inequitable conduct, along with an intent to deceive, Abrika has unquestionably satisfied the pleading standard imposed by Rule 9(b):

| WHO | Applicants – defined as the individuals involved in preparation and prosecution of the patents-in-suit |
|---|---|
| WHAT | Failure to disclose U.S. Pat. No. 5,229,131 ("the '131 patent") and a change in small entity status to the PTO |
| WHEN | During the pendency of the applications leading to the patents-in-suit |
| WHERE | Before the PTO |

Plaintiffs nonetheless erroneously assert that Abrika's charges of inequitable conduct are subject to being stricken or dismissed, positing a heightened pleading standard well beyond that required by Rule 9(b). Under plaintiffs' regime, Abrika must plead inequitable conduct down to very last detail, including an identification of the single bad actor responsible for the acts, the exact moment in time at which the inequitable conduct occurred and the circumstances and details surrounding plaintiffs'

intent to deceive the PTO by withholding material information. Yet, plaintiffs cite to no authority mandating this level of precision. And there is none – plaintiffs' position is contrary to the case law.

Furthermore, although the parties agree that the standards for deciding motions to strike or dismiss govern the Court's decision here – by determining the legal sufficiency of Abrika's proposed amendment – plaintiffs misconstrue these standards. Specifically, plaintiffs improperly delve into the merits of Abrika's claims of materiality and erroneous designation of small entity status during the pendency of the applications leading to the patents-in-suit. Under the correct standards, and construing all facts alleged by Abrika to be true, plaintiffs fall well short of proving Abrika's amendment will be futile despite any statement of the facts that could be proved in support of Abrika's inequitable conduct defense.

Accordingly, Abrika respectfully requests that this Court issue an order granting Abrika's Motion for Leave to Amend the Answer and Counterclaims.

## ARGUMENT

The standard for assessing Abrika's Motion for Leave to Amend its Answer and Counterclaims is the same as that applied to a motion to strike or dismiss.

Importantly, the purpose of a motion to strike or dismiss is to test the sufficiency of the pleading – not to decide the merits of the claim. Motions to strike and dismiss are disfavored. *See Procter & Gamble Co. v. Nabisco Brands, Inc.*, 697 F. Supp. 1360, 1362 (D. Del. 1988). When ruling on such motions, "the court must construe all facts in favor of the nonmoving party . . . and deny the motion if the defense is sufficient under the law." *Id.*; *see also Carino v. Stefan*, 376 F.3d 156, 159 (3d Cir. 2004). Courts should,

2

therefore, not grant a motion to strike "unless it appears to a certainty that . . . [the movant] would succeed despite any statement of the facts which could be proved in support of the defense." *Greiff v. T.I.C. Enterprises, L.L.C.*, No. Civ. 03-882, 2004 U.S. Dist. LEXIS 680 at *5 (D. Del. Jan. 9, 2004). For these reasons, the moving party on a motion to strike or dismiss bears the burden of proving that the allegations fail to state a claim upon which relief could be granted. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) ("In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6).") In this case, although Abrika is the moving party with respect to this Motion for Leave to Amend the Pleadings, it is plaintiffs' burden to prove that Abrika's proposed amendment would be futile.

Furthermore, Fed. R. Civ. P. 9(b) is to be read in conjunction with Rule 8(a), which requires short and concise pleadings. *Gopez v. Shin*, 736 F. Supp. 51, 54-55 (D. Del. 1990). Thus, Abrika is only required to plead the who, what, when and where of the alleged inequitable conduct.

Measured against this standard, plaintiffs simply cannot carry their burden of proof. Abrika's Motion for Leave to Amend should be granted.

I.    ABRIKA'S INEQUITABLE CONDUCT ALLEGATIONS SET FORTH
      THE WHO, WHAT, WHEN AND WHERE WITH THE REQUISITE INTENT

      A.    **WHO**: Individuals Associated With Prosecution

Abrika asserts that "Applicants," defined as "individuals involved with prosecution of the patent application," failed to fulfill their duties of candor under 37 C.F.R. § 1.56. Such an identification more than satisfies Abrika's burden under Rule 9(b). As the court in *Silicon Graphics, Inc., v. ATI Technology ULC*, 2007 U.S. Dist. LEXIS 19401 at *8-9 (W.D. Wis. March 15, 2007), a case in which the defendant alleged

that the plaintiff's corporation and/or its agents committed inequitable conduct, explained "although defendant's complaint does not identify those employees and agents by name, the complaint should leave plaintiff with little question about whom defendant alleges engaged in inequitable conduct."

Plaintiffs' sole basis for asserting that Abrika failed to adequately plead who committed inequitable conduct is Abrika's use of the phrase "individuals associated with prosecution" to identify the individual(s) guilty of inequitable conduct. Abrika's allegation, however, is specific in that it identifies the particular individuals of interest by category, all of whom plaintiffs can readily identify. This allegation plainly puts plaintiffs on sufficient notice to file responsive pleadings.

Indeed, plaintiffs can point to no authority establishing that a charge of inequitable conduct requires a specific identification of the single bad actor who committed the alleged wrong. Importantly, 37 C.F.R. § 1.56 states that the duty of candor applies to "each inventor named in the application, each attorney or agent who prepares or prosecutes the application and every other person who is substantively involved in preparation or prosecution of the application." Pursuant to this rule, the relevant individuals are easily identifiable and known to plaintiffs, including the named inventors Atul Mehta, Andrew Zeitlin, Maghsoud Dariani and their patent attorney John Caldwell. Contrary to plaintiffs' misplaced contention, there is no need to interview every person at the company.

4

B.    **WHAT**: Withholding Of The '131
<u>Patent And Change In Small Entity Status</u>

As plaintiffs concede in their Opposition, Abrika asserts that the above-identified individuals failed to disclose the '131 patent as well as a change in small entity status to the PTO.

In the District of Delaware, "pleadings that disclose the name of the relevant prior art and disclose the acts of the alleged fraud fulfill the requirements of Rule 9(b)." *McKesson Information Solutions, LLC v. The Trizetto Group, Inc.*, 2005 U.S. Dist. LEXIS 6733 at *7 (D. Del. April 25, 2005) (Robinson, J.) (*citing EMC Corp. v. Storage Tech. Corp.*, 921 F. Supp. 1261, 1263 (D. Del. 1996)). Defendants identified the relevant prior art reference and properly alleged that it is material.

Nevertheless, plaintiffs argue that Abrika's proposed amendment has not been pleaded with particularity because it fails to explain why the '131 reference is "more material than the cited art." In a misguided attempt to artificially heighten the standard for pleading inequitable conduct, plaintiffs prematurely argue the merits of the materiality of this reference. As this Court has previously held, an allegation of materiality, without the factual underpinnings justifying the materiality, is sufficient to avoid dismissal under the reach of Rule 9(b). *See McKesson*, 2005 U.S. Dist. LEXIS 6733 at *5-7. In any event, Abrika went further than what is required by *McKesson* and included factual allegations in support of its allegation of materiality, and the Court must consider these factual allegations to be true when deciding whether to allow Abrika's proposed amendment.

5

Abrika's allegation that "Applicants falsely declared that they qualified for small entity status with an intent to mislead the PTO" similarly satisfies the Rule 9(b) pleading standard. Plaintiffs do not assert otherwise.[1]

Instead, plaintiffs twist *McGinley v. Franklin Sports, Inc.*, 92 F. Supp. 2d 1216, 1221-1222 (D. Kan. 2000), *aff'd in part and rev'd in part*, 262 F.3d 1339 (Fed. Cir. 2001), in suggesting that payment of improper fees to the Patent Office cannot constitute inequitable conduct. *McGinley* does not stand for this broad proposition. In *McGinley*, the court denied the defendants' inequitable conduct claim after a trial on the merits, because, *inter alia*, the defendants failed to present evidence regarding the intent element of the inequitable conduct claim. *Id.* The court did not bar inequitable conduct arising from a failure to inform the PTO of a change in small entity status. Not only does the Federal Circuit hold to the contrary, *see Ulead Sys, Inc. v. Lex Computer & Mgmt. Corp.*, 351 F.3d 1139, 1144 (Fed. Cir. 2003), but 37 C.F.R. § 1.27(h)(2) specifically states "improperly establishing status as a small entity, or paying fees as a small entity, with an intent to deceive, shall be considered as a fraud practiced or attempted" on the PTO.

C.    **WHEN: During the Pendency Of The**
      <u>Applications Leading To The Patents In-Suit</u>

Defendants have also adequately identified the time period during which the alleged inequitable conduct took place. The duty to disclose material information to the PTO spans a period of time beginning with the filing of the patent application and

---

[1] Plaintiffs seem to assert that Abrika should have explained why plaintiffs were not entitled to small entity status. Although this is an incorrect characterization of the law, such an explanation is readily apparent from Abrika's pleading in any event. On at least two separate occasions, Applicants paid small entity fees in connection with the applications leading to patents-in-suit despite licensing the patents to Novartis, a large entity. 37 C.F.R. § 1.27(a)(2)(i) (defining a small entity to exclude entities licensing their intellectual property to large entities).

continues with respect to each pending claim until the claim is cancelled or withdrawn from consideration. *See* 37 C.F.R. § 1.56. As failure to disclose is a negative event, the failure occurred on each and every day the applications were pending. Plaintiffs' assertion that Abrika must identify a specific moment in time in which the inequitable conduct occurred finds no support in the pertinent case law.

D.    **WHERE:** Before the PTO

Plaintiffs do not appear to dispute that Abrika's assertions with respect to this element are sufficient. The duty of candor is required of applicants, their attorneys or agents and all other persons involved in preparation or prosecution of patent applications. The duty is owed to the PTO.

E.    **INTENT:** Rule 9(b) allows intent to be pleaded generally

Contrary to plaintiffs' misguided assertions, Abrika was not required to plead intent with particularity. Rule 9(b) states "malice, intent, knowledge, and other condition of mind of a person may be averred generally." *See also Silicon Graphics*, 2007 U.S. Dist. LEXIS 19401 at *11 ("Rule 9(b) provides specifically that 'intent . . . may be averred generally'").

Plaintiffs repeatedly assert that Abrika needed to allege the details and circumstances regarding Applicants' acts of intentional concealment. (Pl's. Opp. at 4, 11, D.I. 51). Once again, plaintiffs advance legal arguments without citing so much as a single case.

II.    ABRIKA'S ORIGINALLY FILED ALLEGATIONS WERE SUFFICIENT

Plaintiffs disingenuously assert that Abrika has conceded to dismissal of its originally filed allegations of inequitable conduct under Fed. R. Civ. P. 9(b). As more

7

fully set forth in Abrika's Opening Brief in Support of its Motion for Leave, Abrika's original inequitable conduct allegations were not subject to the particularity requirements of Fed. R. Civ. P. 9(b).

Although plaintiffs sharply criticize Abrika's position, plaintiffs fail to cite a single case dismissing, for lack of particularity, inequitable conduct allegations based solely upon a failure to cite material information to the PTO. The cases cited by plaintiffs include allegations of affirmative fraudulent acts in connection with inequitable conduct. Abrika's allegations of inequitable conduct are limited to plaintiffs' failure to cite material information to the PTO and do not include allegations of affirmative fraudulent conduct. Thus, Abrika's original inequitable conduct allegations were not subject to Rule 9(b).

## CONCLUSION

For the foregoing reasons, the Court should grant defendants' Motion for Leave to

Amend the Answer and Counterclaims.


Dated: May 16, 2007           By:  /s/ John M. Seaman
                             Andre G. Bouchard (Bar No. 2054)
                             John M. Seaman (Bar No. 3868)
                             BOUCHARD MARGULES & FRIEDLANDER, P.A.
                             222 Delaware Avenue, Suite 1400
                             Wilmington, DE  19801
                             Phone: (302) 573-3508
                             abouchard@bmf-law.com
                             jseaman@bmf-law.com

                             *Attorneys for Defendants Abrika Pharmaceuticals, Inc.*
                             *and Abrika Pharmaceuticals, LLLP*

OF COUNSEL:

John Will Ongman
AXINN VELTROP & HARKRIDER LLP
1801 K Street, NW
Suite 411
Washington, DC 20006
Phone: (202) 912-4700
jwo@avhlaw.com

Jonathan A. Harris
AXINN VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
Phone: (860) 275-8100
jah@avhlaw.com

## CERTIFICATE OF SERVICE

I, John M. Seaman, hereby certify that on May 16, 2007, I caused to be electronically

filed a true and correct copy of the notice of the foregoing *Reply Brief in Support of Abrika's*

*Motion for Leave to Amend the Answer and Counterclaims* with the Clerk of Court by

CM/ECF which will send notification of such filing to the following counsel of record:

> Philip A. Rovner, Esquire
> Potter Anderson & Corroon
> 1313 N. Market Street
> Wilmington, DE 19801
> *provner@potteranderson.com*

I further certify that on May 16, 2007, I caused copies of the foregoing document to be

served by e-mail and by hand on the above-listed counsel and by e-mail and by U.S. Mail on the

following non-registered participants.

Anthony M. Insogna, Esquire
Lester J. Savit, Esquire
JONES DAY
12265 El Camino Real, Suite 200
San Diego, CA 92130
858.314.1200
*aminsogna@jonesday.com*
*ljsavit@jonesday.com*
*nnkallas@jonesday.com*

F. Dominic Cerrito, Esquire
JONES DAY
222 East 41st Street
New York, New York 10017-6702
*fdcerrito@jonesday.com*

Robert L. Baechtold, Esquire
Henry J. Renk, Esquire
Nicholas N. Kallas, Esquire
FITZPATRICK, CELLA HARPER &
SCINTO
30 Rockefeller Plaza
New York, NY 10112
*rbaechtold@fchs.com*
*hrenk@fchs.com*
*nkallas@fchs.com*

> /s/ John M. Seaman
> John M. Seaman (#3868) [jseaman@bmf-law.com]
> BOUCHARD MARGULES & FRIEDLANDER, P.A.
> 222 Delaware Avenue, Suite 1400
> Wilmington, DE 19801
> 302.573.3500
> *Attorneys for Defendants Abrika Pharmaceuticals, Inc.*
> *and Abrika Pharmaceutical, LLLP*

{BMF-W0055261.}