**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

CELGENE CORPORATION, NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS PHARMA AG,

Plaintiffs,

v.

ABRIKA PHARMACEUTICALS, INC. and ABRIKA PHARMACEUTICALS, LLLP,

Defendants.

Civil Action No. 06-741-SLR

**OPENING BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR A VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

OF COUNSEL:

Anthony M. Insogna
Lester J. Savit
JONES DAY
12265 El Camino Real
San Diego, CA 92130-4096
(858) 314-1200

F. Dominic Cerrito
JONES DAY
222 East 41st Street
New York, New York 10017-6702
(212) 326-3939

*Attorneys for Plaintiff Celgene Corporation*

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiffs*

Robert L. Baechtold
Henry J. Renk
Nicholas N. Kallas
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, New York 10112
(212) 218-2100

*Attorneys for Plaintiffs Novartis Pharmaceuticals Corporation and Novartis Pharma AG*

Dated: June 6, 2007

# TABLE OF CONTENTS


I. NATURE AND STAGE OF THE PROCEEDING .......... 1

II. SUMMARY OF ARGUMENT .......... 1

III. STATEMENT OF FACTS .......... 2

IV. ARGUMENT .......... 4

A. NOW THAT ABRIKA'S JURISDICTIONAL CHALLENGE IN NEW JERSEY HAS BEEN DENIED, THIS ACTION IS THE SECOND-FILED, DUPLICATIVE CASE. .......... 4

B. DEFENDANTS' DECLARATORY JUDGMENT COUNTERCLAIMS CANNOT JUSTIFY KEEPING THE CASE HERE. .......... 5

V. CONCLUSION .......... 8

# TABLE OF AUTHORITIES

## CASES

**Page(s)**

*Aluminum Co. of Am. v. Beazer E., Inc.*,
124 F.3d 551 (3d Cir. 1997)....................6

*Conafay by Conafay v. Wyeth Laboratories, a Div. of Home Products Corp.*,
793 F.2d 350 (D.C. Cir. 1988)....................7

*Erbamont, Inc. v. Cetus Corp.*,
720 F. Supp. 387 (D. Del. 1990)....................6

*Ferguson v. Eakle*,
492 F.2d 26 (3d Cir. 1974)....................4

*Government of Virgin Islands v. Neadle*,
861 F. Supp. 1054 (M.D. Fla. 1994)....................4

*Hoffman-LaRoche, Inc. v. Genpharm, Inc.*,
50 F. Supp. 2d 367 (D.N.J. 1999)....................4

*Interdigital Tech. Corp. v. OKI Am., Inc.*,
845 F. Supp. 276 (E.D. Pa. 1994)....................6

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*,
342 U.S. 180 (1952)....................6

*McGraw-Edison Co. v. Preformed Line Prods. Co.*,
362 F.2d 339 (9th Cir. 1966)....................6

*Ockert v. Union Barge Line Corp.*,
190 F.2d 303 (3d Cir. 1951)....................4

*Step-Saver Data Systems, Inc. v. Wyse Technology*,
912 F.2d 643 (3d Cir.1990)....................6

*United States v. Secord*,
43 F.3d 1469 (Table) (4th Cir. 1994)....................4

*United Sweetener USA, Inc. v. Nutrasweet Co.*,
766 F. Supp. 212 (D. Del. 1991)....................6

## STATUTES AND RULES

28 U.S.C. § 2201(a) ....................................................................................................6

Fed. R. Civ. P. 41 ....................................................................................................4

Fed. R. Civ. P. 41(a)(1) ....................................................................................................4

Fed. R. Civ. P. 41(a)(2) .................................................................................................... 4, 7

## I. NATURE AND STAGE OF THE PROCEEDING

This is the second of two identical patent infringement lawsuits filed by Plaintiffs Celgene Corporation ("Celgene"), Novartis Pharmaceuticals Corporation and Novartis Pharma AG (jointly "Novartis") against Defendants Abrika Pharmaceuticals, Inc. and Abrika Pharmaceuticals, LLLP's (jointly "Abrika"). The prior action was filed in New Jersey, where Abrika challenged the exercise of personal jurisdiction. On May 17, 2007, the judge in New Jersey found that Abrika was subject to jurisdiction.

On March 28, 2007, prior to the New Jersey court's ruling on jurisdiction, this Court entered a Scheduling Order. During the hearing on that day, the Court stated that it intended to stay or dismiss this action if personal jurisdiction was established in New Jersey. As jurisdiction now has been established in New Jersey, plaintiffs seek to dismiss this second-filed action.

## II. SUMMARY OF ARGUMENT

1. Plaintiffs seek to voluntarily dismiss their own patent infringement action without prejudice as duplicative of the complaint pending in New Jersey. Plaintiffs filed this "second" action to preserve a filing date in the event that personal jurisdiction could not be established in New Jersey. In light of the New Jersey court's ruling, this action is no longer necessary.

2. Defendants' assertion of counterclaims cannot justify maintaining this case in Delaware. First, the counterclaims merely seek a declaration of the merits of their patent infringement defenses and are not independent claims. The same counterclaims have been asserted in response to the New Jersey patent infringement action. Second, this Court should exercise its discretion to decline to hear declaratory judgment

counterclaims because there is no useful purpose to decide issues pending in an earlier-filed action. Finally, defendants are not prejudiced by dismissal.

## III. STATEMENT OF FACTS

Plaintiffs allege infringement of two Celgene patents, United States Patent Nos. 5,837,284 ("the 1998 '284 patent") and 6,635,284 ("the 2003 '284 patent") (jointly referred to as the '284 patents). On October 23, 2006, Abrika notified Plaintiffs that it had filed an Abbreviated New Drug Application ("ANDA") with the FDA seeking approval to market a generic version of Novartis's patented RITALIN LA drug product prior to expiration of Celgene's patents. The filing of such an ANDA is an act of patent infringement. Pursuant to the Hatch-Waxman Act, Plaintiffs were required to file a complaint for patent infringement within 45 days of receipt of Abrika's notice letter, or lose their right to an automatic 30-month stay of FDA approval of Abrika's ANDA.

On December 4, 2006, Plaintiffs filed their patent infringement action in New Jersey. To assure that personal jurisdiction would be established over the Defendants within the statutory 45-day period, Plaintiffs filed a complaint in this district as a protective measure. The complaint in Delaware is identical to the complaint filed in New Jersey. Plaintiffs served the New Jersey complaint, but not the Delaware complaint.

Even though it had not been served, Abrika answered the Delaware complaint. Abrika's answer included three affirmative defenses: i) the '284 patents are invalid by reason of Plaintiffs' alleged failure to satisfy the conditions of patentability; ii) the patents are unenforceable because Plaintiffs allegedly committed inequitable conduct by withholding material prior art during prosecution; and iii) Plaintiffs allegedly failed to allege that Abrika committed an act of infringement. Abrika also filed a counterclaim.

Nothing is sought in the counterclaim other than a declaration that its defenses to patent infringement have merit.

Abrika has been stalling in New Jersey. First, Abrika obtained an extension of time to respond to the complaint. Then it moved to dismiss the New Jersey action, claiming that it was not subject to personal jurisdiction. On May 17, 2007, the judge in New Jersey ruled that Abrika was subject to jurisdiction in New Jersey. (*See* Declaration of Philip A. Rovner filed contemporaneously herewith, Ex. A ("Rovner Decl."). Abrika filed its Answer and Counterclaim[1] on June 1, 2007. (*See* Rovner Decl., Ex. B). Abrika's counterclaims in the New Jersey action include the proposed amended patent unenforceability counterclaim currently the subject of a pending motion for leave to amend in this district. *Id.*

On March 28, 2007 this Court entered a Scheduling Order. During the telephonic hearing on that date, this Court made clear that the New Jersey action had priority if jurisdiction was established over Abrika in New Jersey: "[w]e in Delaware believe that a plaintiff's choice of forum is an appropriate priority…[s]o I would certainly respect the fact that the judge in New Jersey would choose to go forward there, and if she does, I will stay this case." (*See* Rovner Decl., Ex. C, at 3). Now that personal jurisdiction has been established, this action has become the second-filed, duplicative case, and should be dismissed.

[1] Abrika referred to its original and proposed amended pleadings as the plural counterclaims here, but as the singular counterclaim in New Jersey.

## IV. ARGUMENT

### A. NOW THAT ABRIKA'S JURISDICTIONAL CHALLENGE IN NEW JERSEY HAS BEEN DENIED, THIS ACTION IS THE SECOND-FILED, DUPLICATIVE CASE.

Rule 41 of the Federal Rules of Civil Procedure concerns a plaintiff's request to dismiss its case. The purpose of this Rule is to freely allow voluntary dismissals unless the defendant will be unfairly legally prejudiced. *See Hoffman-LaRoche, Inc. v. Genpharm, Inc.*, 50 F. Supp. 2d 367, 371 (D.N.J. 1999). Dismissal on a motion under Rule 41(a)(2) is within the sound discretion of the court. *See Ferguson v. Eakle*, 492 F.2d 26, 28 (3d Cir. 1974); *Ockert v. Union Barge Line Corp.*, 190 F.2d 303 (3d Cir. 1951). Generally, a dismissal under Rule 41(a)(2) is without prejudice. Fed. R. Civ. P. 41(a)(2).

An identical action is currently pending in New Jersey. The New Jersey action involves the same parties, same complaint by Plaintiffs of patent infringement against Abrika, and the same patents. Because defendants have refused to stipulate to dismiss this case, plaintiffs have been forced to formally move to dismiss their own case.

Although it is unusual for a plaintiff to file identical complaints in two jurisdictions, courts recognize that at times plaintiffs must do so to protect themselves and assure that their claims are heard. *See Government of Virgin Islands v. Neadle*, 861 F.Supp. 1054, 1055 (M.D. Fla. 1994); *see also, United States v. Secord*, 43 F.3d 1469 (table) (4th Cir. 1994). Plaintiffs did just this. Plaintiffs intended to serve the Delaware complaint only if jurisdiction was not established over Abrika in New Jersey. Had Defendants not precipitously answered the complaint, Plaintiffs would be dismissing as of right pursuant to Fed. R. Civ. P. 41(a)(1).

This Court recognized the importance of allowing Plaintiffs to maintain this suit in New Jersey, stating "[w]e in Delaware believe that a plaintiff's choice of forum is an appropriate priority." (*See* Rovner Decl., Ex. C, at 3:17-19). The court noted that this is "particularly" the case (as it is in the present matter), "if the forum state is its state of incorporation, its home state." (*See* Rovner Decl., Ex. C, pg. 3:19-20). Furthermore, if the New Jersey court found personal jurisdiction to be established, this court stated it would be "fine with staying . . . [the] case or even **dismissing it** . . . ." (*See* Rovner Decl., Ex. C, pg. 8: 15-16) (*emphasis added*). This motion merely seeks the dismissal previously contemplated by the Court.

### B. DEFENDANTS' DECLARATORY JUDGMENT COUNTERCLAIMS CANNOT JUSTIFY KEEPING THE CASE HERE.

The pendency of Abrika's declaratory judgment counterclaims cannot justify keeping this case in Delaware. As mentioned above, the counterclaims are merely the flip-side of the patent infringement action. The complaint alleges that Abrika is infringing two patents, and the counterclaims request a declaration that Abrika does not have liability for patent infringement because either the patents are not infringed, invalid, or unenforceable. Indeed, Abrika already has filed the same counterclaims with its answer in New Jersey. (Compare Rovner Decl., Ex. B with D.I. #40, Attachment 1).[2]

[2] Abrika's motion for leave to amend its patent unenforceability counterclaim is pending here, while the allegations in that proposed Delaware counterclaim already have been filed in New Jersey. Hence, Abrika's counterclaim pleading is more advanced in New Jersey than it is here.

The court in New Jersey will adjudicate the declaratory judgment counterclaims along with the infringement claims and defenses.[3]

The assertion of the counterclaims are based entirely on declaratory judgment jurisdiction. Whether this court should maintain Abrika's counterclaims after dismissing Plaintiffs' claims is a question answered by the Federal Declaratory Judgment Act. *See McGraw-Edison Co.,* 362 F.2d 339, 342 (9th Cir. 1966). "The Act itself does not require a district court to declare the rights and legal relations of the parties. Rather, it explicitly notes that . . . [the court] *may* take such action." (emphasis added) *See United Sweetener USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212, 216 (D. Del. 1991) (*citing* 28 U.S.C. § 2201(a)). The Act therefore gives the district court full discretion and is an "authorization for jurisdiction, not a command." *Erbamont, Inc. v. Cetus Corp.*, 720 F. Supp. 387, 392 (D. Del. 1990).

Courts should decline to maintain a declaratory action when it would "serve no useful purpose. . . ." and should only exercise its discretion "in accordance with sound judicial principles." *Interdigital Tech. Corp. v. OKI Am., Inc.*, 845 F. Supp. 276, 287 (E.D. Pa. 1994), *citing Step-Saver Data Systems, Inc. v. Wyse Technology*, 912 F.2d 643, 649 (3d Cir.1990); *McGraw-Edison Co. v. Preformed Line Prods. Co.*, 362 F.2d 339, 342 (9th Cir. 1966); *Aluminum Co. of Am. v. Beazer E., Inc.*, 124 F.3d 551, 560 (3d Cir. 1997) (noting that a court should decline to exercise jurisdiction if it determines that issuing a declaratory judgment would serve no useful purpose.). There is no useful purpose served

[3] Furthermore, maintaining a suit in this Court that comprises solely Abrika's counterclaims is a waste of judicial resources. *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952) (A district court should consider the "conservation of judicial resources and comprehensive disposition of litigation.")

by deciding counterclaims that are the same as those pending with the first-filed complaint in New Jersey.

The only prejudice stated by Abrika when it refused to stipulate to a dismissal was that it might not get to trial as quickly in New Jersey as it would in Delaware.[4] However, even if this were true, this is not a prejudice that would keep the case in Delaware. Dismissals under Rule 41(a)(2) "generally [are] granted in the federal courts unless the defendant would suffer some prejudice other than the prospect of a second lawsuit or some tactical disadvantage." *See Conafay by Conafay v. Wyeth Laboratories, a Div. of Home Products Corp.*, 793 F.2d 350, 353 (D.C. Cir. 1988). Defendants' preference for a particular venue, for whatever reason, simply is not a recognized reason for deciding a patent declaratory judgment counterclaim in a different venue than the underlying patent infringement complaint.

Moreover, Abrika is in no position to complain about delay. First, whatever delay occurred in New Jersey is entirely attributable to its own meritless motion to dismiss. Abrika made strategic decisions to try to avoid having this case tried in New Jersey. Any delays were the predictable result of challenging personal jurisdiction without a basis.

Second, this case is in its early stages. No protective order has been entered and no documents exchanged. In fact, proceeding solely in New Jersey, rather than laboring in two courts, as the parties have been doing since December, is bound to speed up the pace of the case.

Finally, as revealed in the New Jersey counterclaim, Abrika has now become Actavis South Atlantic LLC. (*See* Rovner Decl., Ex. B, at 2, 7). This reflects the

---

[4] This issue already has been presented to the New Jersey court by letter of June 5, 2007. A copy of that letter has been provided to the Court.

purchase of Abrika by Actavis, an Icelandic company with its United States headquarters in New Jersey. New Jersey is now a home state for the defendants. *Id.* There simply is no prejudice to the defendants for the entire dispute to be decided in New Jersey.

## V. CONCLUSION

There are now two cases pending in two different federal district courts to resolve a single dispute. Plaintiffs are seeking to voluntarily dismiss this action in favor of the first-filed action pending in New Jersey. Defendants already have filed the same declaratory judgment counterclaims in New Jersey and will not otherwise be prejudiced by resolving the dispute there. To the extent any delay has occurred, it is due to the defendants' own strategic decision to challenge jurisdiction in New Jersey. Thus, this case should be dismissed without prejudice.

OF COUNSEL:

Anthony M. Insogna
Lester J. Savit
JONES DAY
12265 El Camino Real
Suite 200
San Diego, CA 92130-4096
(858) 314-1200

F. Dominic Cerrito
JONES DAY
222 East 41st Street
New York, New York 10017-6702
(212) 326-3939

*Attorneys for Plaintiff Celgene Corporation*

POTTER ANDERSON & CORROON LLP

By: ______________________
Philip A. Rovner (#3215)
Hercules Plaza
P. O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiffs*

Robert L. Baechtold
Henry J. Renk
Nicholas N. Kallas
FITZPATRICK, CELLA, HARPER &
SCINTO
30 Rockefeller Plaza
New York, New York 10112
(212) 218-2100

*Attorneys for Plaintiffs Novartis Pharmaceuticals Corporation and Novartis Pharma AG*

Dated: June 6, 2007
799780

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on June 6, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Andre G. Bouchard, Esq.
John M. Seaman, Esq.
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
abouchard@bmf-law.com
jseaman@bmf-law.com

I hereby certify that on June 6, 2007 I have sent the foregoing document by E-mail to the following non-registered participants in the manner indicated:

Jonathan A. Harris, Esq.
Chad A. Landmon, Esq.
Jo-Anne M. Kokoski, Esq.
Axinn, Veltrop & Harkrider LLP
90 State House Square
Hartford, CT 06103
jah@avhlaw.com;
cal@avhlaw.com; jmk@avhlaw.com

John Will Ongman, Esq.
Axinn, Veltrop & Harkrider LLP
1801 K Street
Suite 411
Washington, DC 20006-1322
jwo@avhlaw.com

Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

768868