IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CELGENE CORPORATION, NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS PHARMA AG,<br><br>                    Plaintiffs,<br><br>           v.<br><br>ABRIKA PHARMACEUTICALS, INC. and ABRIKA PHARMACEUTICALS, LLLP,<br><br>                    Defendants. | )<br>)<br>)<br>)  Civil Action No. 06-741-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR A
VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

OF COUNSEL:

Anthony M. Insogna
Lester J. Savit
JONES DAY
12265 El Camino Real
Suite 200
San Diego, CA 92130-4096
(858) 314-1200

*Attorneys for Plaintiff Celgene
Corporation*

Robert L. Baechtold
Henry J. Renk
Nicholas N. Kallas
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, New York 10112
(212) 218-2100

*Attorneys for Plaintiffs Novartis
Pharmaceuticals Corporation
and Novartis Pharma AG*

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiffs*

Dated: June 27, 2007

## TABLE OF CONTENTS

|      |                                                                                                                                      | Page |
|------|--------------------------------------------------------------------------------------------------------------------------------------|------|
| I.   | INTRODUCTION                                                                                                                         | 1    |
| II.  | THE FACTUAL PREDICATES FOR A VOLUNTARY DISMISSAL ARE NOT DISPUTED                                                                    | 1    |
| III. | DUPLICATIVE ACTIONS SHOULD NOT BE MAINTAINED FOR THE PURPOSE OF SEEING WHICH ONE WILL GO TO TRIAL FIRST                              | 2    |
| IV.  | DEFENDANTS' ARGUMENTS FOR LITIGATING IN DELAWARE HAVE ALREADY BEEN HEARD AND REJECTED                                                | 4    |
| V.   | NEW JERSEY IS THE APPROPRIATE COURT TO HEAR ARGUMENTS ABOUT THE SCHEDULE FOR THE NEW JERSEY ACTION                                   | 6    |
| VI.  | CONCLUSION                                                                                                                           | 8    |

# TABLE OF AUTHORITIES

## CASES

**Page(s)**

*Confay by Confay v. Wyeth Laboratories, a Div. of Home Products Corp.*,
    793 F.2d 350 (D.C. Cir. 1986) ............................................................................................4

*Eichorn v. AT&T Corp.*,
    484 F.3d 644 (3rd Cir. 2007) ..............................................................................................3

## RULES

Fed. R. Civ. P. 16 ..............................................................................................................................3

Fed. R. Civ. P. 16.1 ...........................................................................................................................7

Fed. R. Civ. P. 26(f) ..........................................................................................................................7

Fed. R. Civ. P. 41(a) .........................................................................................................................4

## OTHER AUTHORITIES

C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2364 (1971) ................................4

I.  **INTRODUCTION**

Defendants do not dispute any of the predicate facts supporting Plaintiffs' request to dismiss this second-filed action in favor of the identical, first-filed action pending in New Jersey. Instead, they ask that the parties be compelled to engage in parallel and duplicative litigation in both venues solely for the purpose of assuring that trial occurs in New Jersey as early as the trial date set by this Court. This cumbersome and wasteful procedure should be rejected for three reasons. First, it is contrary to the express intentions of the Court at the time it entered the Scheduling Order. Second, all of Defendants' arguments for adopting this procedure were previously rejected by this Court when entering the Scheduling Order and by the New Jersey court when denying Defendants' motion to dismiss or transfer. Third, to the extent any of Defendants' arguments could possibly bear on the New Jersey schedule, it is up to the New Jersey judge to hear them and decide. The most efficient way for the parties to resolve their dispute is for the parties to be allowed to focus their attention and energies entirely on the New Jersey action unencumbered by continuing proceedings here.

Plaintiffs' motion should be granted and this case should be dismissed without prejudice.

II.  **THE FACTUAL PREDICATES FOR A VOLUNTARY DISMISSAL ARE NOT DISPUTED.**

Defendants do not dispute the predicate facts supporting Plaintiffs' motion for a voluntary dismissal without prejudice. Those facts are:

- An identical complaint was filed in New Jersey prior to the filing of this action in Delaware;

1

- Plaintiffs Celgene and Novartis Pharmaceuticals Corporation, as corporations headquartered in New Jersey, have legitimate reasons for bringing the action in New Jersey;[1]

- The New Jersey court found that Defendants were subject to personal jurisdiction;

- The New Jersey court denied Defendants' request to transfer the action to Delaware; and

- Defendants have filed an Answer and Counterclaim in New Jersey that raises the same defenses and seeks the same declaratory relief as sought in their pleadings filed in Delaware.

These facts, standing alone, compel a dismissal of this, the second-filed action, in favor of the first-filed action pending in New Jersey.

### III. DUPLICATIVE ACTIONS SHOULD NOT BE MAINTAINED FOR THE PURPOSE OF SEEING WHICH ONE WILL GO TO TRIAL FIRST.

Defendants argue that dismissal here will prejudice them if they do not receive a trial date in New Jersey as soon or sooner than the one here. The assumption underlying this argument is that the trial date set here granted a substantive right to Defendants. This is clearly wrong. The Court was aware of the New Jersey action when entering the Scheduling Order and expressly held that it would have no application to the other case:

> So when [the Scheduling Order] comes to me, I will enter it, but I will assume that, as officers of the Court, no mischief will come of it, and that *my intentions in entering this are not in any way to be construed as influencing the judge's decision in New Jersey in any way*.

D.I. #56, Exh. 1, at 8 (*emphasis added*).

---

[1] Contrary to Defendants' suggestion, the parties are more closely connected with New Jersey than Delaware. Plaintiffs Celgene Corporation's and Novartis Pharmaceuticals Corporation's headquarters are in Summit and East Hanover, New Jersey, respectively. Even Defendant Abrika Pharmaceuticals, Inc. is now closely connected with the state as it was purchased by Actavis, an Icelandic company with United States headquarters in Cranford, New Jersey, and now calls itself Actavis South Atlantic LLC.

2

Contrary to the Court's clear admonition, Defendants wasted no time in misusing the Order in exactly the way the Court sought to avoid - to try to influence Judge Wigenton's decisions in New Jersey. On March 30, 2007, two days after the Delaware scheduling hearing, Defendants submitted the Scheduling Order in support of their pending motion to dismiss or transfer. Judge Wigenton was not persuaded, found the Defendants subject to personal jurisdiction in New Jersey, and refused to transfer the case to Delaware.

Undeterred, Defendants submitted the Scheduling Order to the New Jersey court again, this time to try to influence scheduling. They stated:

> If this Court convenes a scheduling conference and enters a scheduling order that leads effectively and efficiently to a firm trial date no later than [the trial date set in Delaware] September 2, 2008, no prejudice will result. The parties could then jointly move to dismiss the Delaware action and the Paragraph IV litigation would proceed in New Jersey.

D.I. #56, at 3. Incredibly, Defendants now return to this Court seeking to enlist its assistance to put into place in New Jersey the Delaware schedule. The Court should decline. To do otherwise would usurp the broad discretion afforded to each district court to make and enforce its own scheduling order. *See Eichorn v. AT&T Corp.*, 484 F.3d 644, 650 (3rd Cir. 2007) (Fed. R. Civ. P. 16 gives the district courts wide latitude to manage pretrial matters, and to set deadlines.).

The priority rule is "first-to-file" and not "first-to-trial." Defendants already presented the request that the New Jersey court transfer the case to Delaware, and the question was fully briefed. The New Jersey court considered those arguments and denied the request in a written opinion. *See* New Jersey Ruling of May 15, 2007, attached as Exhibit A to the Declaration of Philip A. Rovner in support of Plaintiffs' Motion for a

3

Voluntary Dismissal Without Prejudice (D.I. 59). Defendants' unwillingness to accept that ruling has compelled it to now seek to litigate the same dispute in two courts.

The procedure proposed by Defendants of double tracking identical actions to see which one will go to trial first is completely unprecedented. Defendants fail to cite a single case in which a Rule 41(a) voluntary dismissal was denied because the same trial schedule cannot be assured in the pre-existing action. Indeed, the law is clear that a mere tactical disadvantage is not sufficient to defeat a voluntary dismissal. *Confay by Confay v. Wyeth Laboratories, a Div. of Home Products Corp.*, 793 F.2d 350, 353 (D.C. Cir. 1986), *quoting* C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2364 at 165 (1971). Hence, there is no legal support for continuing to litigate in both courts because of the possibility that the dispute will go to trial sooner here than in New Jersey.

## IV. DEFENDANTS' ARGUMENTS FOR LITIGATING IN DELAWARE HAVE ALREADY BEEN HEARD AND REJECTED.

The relatively short history of this litigation demonstrates the pitfalls of maintaining a second, duplicative case to resolve the same dispute between the same parties. As the Court is aware, the parties fully briefed Plaintiffs' motion to stay this action. Those same issues were briefed a second time as part of Defendants' motion to dismiss and transfer in New Jersey. Clearly, this is not an efficient way to resolve a dispute.

Defendants refusal to stipulate to dismiss this action is now their excuse for taking yet another crack with these same, worn-out arguments. Defendants' 22-page opposition brief is filled with points, authorities and arguments already made to this Court and in New Jersey. For example, Defendants proffered three reasons for abandoning the first-

4

filed rule. They all have repeatedly been the subject of prior briefing.[2] All of them already have been found to be losers.

First, Defendants claim that Hatch-Waxman Act Paragraph IV cases are entitled to special treatment that excludes them the first-filed priority rule.[3] In opposition to Plaintiffs' motion to stay this action, Defendants made this same argument.[4] For example, Defendants argued that the Hatch-Waxman Act requires that the action proceed expeditiously.[5] They repeated that argument to the New Jersey court as well in connection with their request to dismiss or transfer the case.[6]

Second, Defendants argue that dismissal of this action in favor of the New Jersey action will reward forum shopping.[7] Defendants previously made this argument in the briefing on the motion to stay.[8] Defendants made this same argument twice to the New Jersey court in support of their motion to dismiss or transfer.[9]

Third, Defendants oppose dismissal because the Delaware action purportedly has progressed considerably further than the New Jersey action.[10] This argument was made

---

[2] D.I. #60, at 6.

[3] *Id.* at 6 and 10-13.

[4] Memorandum of Law in Support of Defendants' Opposition to Plaintiffs' Motion to Stay or Strike, at 11-12 ("Defs' Opposition to Motion to Stay").

[5] *Id.*

[6] Reply Brief In Support of Defendants' Motion to Dismiss or Transfer, at 4-5 ("Defs' New Jersey Reply Brief") (Defendants argued that the more efficient venue is the more appropriate venue considering that the "overarching context for this action is the automatic 30 month stay of FDA approval.").

[7] D.I. #60, at 14-18.

[8] Defs' Opposition to Motion to Stay, at 6-9; (Defendants argued that "[p]laintiffs chose to file suit in Delaware and the applicable rules of law require them to live with that decision.").

[9] Brief in Support of Defendants' Motion to Dismiss or Transfer, at 13-14; and Defs' New Jersey Reply Brief, at 3.

[10] D.I. #60, at 6, 19.

5

here previously in opposition to the motion to stay.[11] The argument also appears at least twice in the New Jersey briefing.[12] Plaintiffs' opening brief for the current motion points out that Defendants themselves are to blame for any delays that have occurred in New Jersey.[13] This point is not denied in the opposition brief, nor have Defendants identified any delay attributable to Plaintiffs.

Defendants' three arguments have not previously persuaded this Court or the New Jersey court. Subsequent to briefing on the motion to stay here in Delaware, the Court stated that the first-filed rule would be respected in this Hatch-Waxman, Paragraph IV case.[14] Similarly, the New Jersey court denied Defendants' request to transfer to Delaware.[15] Defendants provide no reason for the courts to change their decision, nor is any changed circumstance identified that would justify such a reversal. Hence, the rulings previously rendered by the New Jersey court, that Defendants are subject to personal jurisdiction in New Jersey, and by this Court, that the first-filed rule will be respected in this case, should stand.

### V. NEW JERSEY IS THE APPROPRIATE COURT TO HEAR ARGUMENTS ABOUT THE SCHEDULE FOR THE NEW JERSEY ACTION.

In light of the prior rulings here and in New Jersey, it is now appropriate for further arguments regarding scheduling to be made to the New Jersey court. Indeed,

---

[11] Defs' Opposition to Motion to Stay, at 9-11; (Defendants asserted that Delaware is the appropriate forum because it is the first to establish jurisdiction.).

[12] Defs' New Jersey Brief in Support of Defendants' Motion to Dismiss or Transfer, at 14 (Defendants argued that Delaware is the preferred forum because "there are no jurisdictional disputes in Delaware that may delay a final decision on the merits."). Defs' New Jersey Reply Brief, at 1 (Defendants claimed that the Delaware action is further along.).

[13] D.I. # 59, at 7.

[14] D.I. #60, at 8:12-17.

[15] New Jersey Ruling of May 15, 2007.

those arguments already have been made. On June 5, 2007, Defendants wrote a letter to Judge Wigenton demanding a September 2, 2008, or earlier, trial date. This Court was copied on the lengthy letter and attachments. It makes many, if not all, of the arguments discussed above. *See generally*, D.I. #56. On June 15, 2007, Magistrate Judge Arleo distributed a "Letter Order Pursuant to Rule 16.1" that set a scheduling conference for July 10, 2007. The parties already conducted their Rule 26(f) conference and will submit a Joint Discovery Plan to the Magistrate Judge by July 6, 2007.

To the extent that any of Defendants' arguments warrant any further consideration when scheduling the New Jersey action, the June 5th letter assures that the New Jersey jurist assigned with setting the schedule has been presented with them. Indeed, on June 22, 2007, a week after being informed that Magistrate Judge Arleo would be setting the schedule in New Jersey, Defendants sent yet another copy of the June 5th letter directly to her.[16] Simply put, the Delaware case does not need to remain pending in order to assure that Defendants' arguments regarding the New Jersey case schedule are heard and decided by a competent jurist.

---

[16] That letter includes a copy of the transcript of the March 28, 2007, scheduling hearing that Defendants claim committed Plaintiffs to the same case schedule in New Jersey. The New Jersey court will be able to independently determine if that transcript supports Defendants' claim or, as Plaintiffs contend, the statement during the hearing merely reflected a willingness not to renegotiate the dates governing the Delaware case if the Delaware case was stayed and the New Jersey case was dismissed or transferred to Delaware.

7

## VI.  CONCLUSION

The first-filed action is pending in New Jersey.  Defendants have already filed their declaratory judgment counterclaims there and will not be prejudiced by resolving the dispute in New Jersey.  Keeping this case pending indefinitely for the purpose of supervising the discovery and trial schedule of the New Jersey action is contrary to prior rulings in this Court and in New Jersey, would waste judicial resources, and those of the parties.  Moreover, such a procedure is likely to slow down, not speed up, the resolution of the parties' dispute.  Thus, Plaintiffs' motion should be granted and this case should be dismissed without prejudice.

OF COUNSEL:

Anthony M. Insogna
Lester J. Savit
JONES DAY
12265 El Camino Real
Suite 200
San Diego, CA 92130-4096
(858) 314-1200

*Attorneys for Plaintiff Celgene Corporation*

Robert L. Baechtold
Henry J. Renk
Nicholas N. Kallas
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, New York 10112
(212) 218-2100

*Attorneys for Plaintiffs Novartis Pharmaceuticals Corporation and Novartis Pharma AG*
Dated:  June 27, 2007
804237

POTTER ANDERSON & CORROON LLP

By: _____
Philip A. Rovner (#3215)
Hercules Plaza
P. O. Box 951
Wilmington, Delaware  19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiffs*

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on June 27, 2007, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Andre G. Bouchard, Esq.
John M. Seaman, Esq.
Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
abouchard@bmf-law.com
jseaman@bmf-law.com

I hereby certify that on June 27, 2007 I have sent the foregoing document by E-mail to the following non-registered participants in the manner indicated:

| | |
|---|---|
| Jonathan A. Harris, Esq.<br>Chad A. Landmon, Esq.<br>Jo-Anne M. Kokoski, Esq.<br>Axinn, Veltrop & Harkrider LLP<br>90 State House Square<br>Hartford, CT 06103<br>jah@avhlaw.com;<br>cal@avhlaw.com; jmk@avhlaw.com | John Will Ongman, Esq.<br>Axinn, Veltrop & Harkrider LLP<br>1801 K Street<br>Suite 411<br>Washington, DC 20006-1322<br>jwo@avhlaw.com |

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

768868