

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Philip A. Rovner**
Partner
provner@potteranderson.com
302-984-6140   Direct Phone
302-658-1192   Fax

July 18, 2007

**BY E-FILE**

The Honorable Sue L. Robinson
United States District Court for
   the District of Delaware
U.S. Courthouse
844 N. King Street
Wilmington, DE  19801

        Re:    Celgene Corporation, *et al.* v. Abrika Pharmaceuticals, Inc., *et al.*,
             D. Del., C.A. No. 06-741-SLR

Dear Judge Robinson:

        This firm, along with Jones Day and Fitzpatrick, Cella, Harper & Scinto, represents plaintiffs Celgene Corporation, Novartis Pharmaceuticals Corporation and Novartis Pharma AG.  As you may recall, this is the second-filed patent infringement action between the parties.  The first-filed identical action is pending before Judge Susan Wigenton in New Jersey federal district court.

        The parties appeared before Your Honor by telephone for a Rule 16 scheduling conference on March 28, 2007.  The Scheduling Order set a discovery hearing for July 24, 2007, at 4:30 p.m.  The parties were informed by email from Your Honor's Case Manager, Rosanna DiMeo, that a scheduling conflict had arisen that required that the hearing be taken off the schedule.  For the reasons explained below, plaintiffs request that a discovery hearing not be re-scheduled.

        As Your Honor may recall, at the time of entry of the Scheduling Order, the first-filed New Jersey action was the subject of defendants' motion to dismiss for lack of personal jurisdiction.  Your Honor expressed an intent to dismiss this action if the personal jurisdiction motion in New Jersey was denied.  The New Jersey court subsequently denied the motion to dismiss and plaintiffs moved for a voluntary dismissal of the duplicative action pending before Your Honor.  If, as expected, Your Honor grants the motion, discovery in this court will be moot.

The Honorable Sue L. Robinson
July 18, 2007
Page 2

        The parties are proceeding to resolve the dispute in New Jersey. They have submitted a Joint Discovery Plan to New Jersey Magistrate Judge Madeline Cox Arleo, and met with her on July 10, 2007, to set a discovery schedule. The Joint Discovery Plan indicates that the parties will present any discovery disputes for her to decide. New Jersey Joint Discovery Plan, attached hereto as Exhibit A, at 6 ("Any unresolved discovery disputes will be presented to the Court for resolution.").

        The parties currently do not have any discovery disputes that need court intervention to resolve. Moreover, to the extent any discovery disputes arise in the next couple of weeks, the parties have agreed to present them to Judge Arleo in New Jersey. Hence, the parties have no need for a discovery hearing before Your Honor.

        We asked defendants to join this request. Initially, they would not agree until a written Scheduling Order was issued by Magistrate Judge Arleo. One day after receiving that Scheduling Order, defendants suddenly manufactured a list of vague discovery disputes they contend need Your Honor's attention. There was no reason why defendants could not have brought these purported disputes, if they were genuine, before Magistrate Judge Arleo when we appeared before her last week, or to seek relief in New Jersey as agreed in the New Jersey Joint Discovery Plan.

        In conclusion, the discovery hearing becomes moot if the pending, fully-briefed motion to dismiss is granted and, in any event, is unnecessary and wasteful of judicial resources in light of the status of the New Jersey action. Therefore, we respectfully request that the discovery hearing not be re-scheduled.

Respectfully,

Philip A. Rovner
provner@potteranderson.com

PAR/mes/807604
Enc.
cc: John M. Seaman, Esq. (w/encl.) – by ECF, E-mail and hand delivery
    John Will Ongman, Esq. (w/encl.) – by ECF and E-mail

# EXHIBIT A

**SAUL EWING**
Attorneys at Law
A Delaware LLP

Charles M. Lizza
Phone: (973) 286-6715
Fax: (973) 286-6815
clizza@saul.com
www.saul.com

July 6, 2007

**VIA ECF AND FEDEX**

The Honorable Madeline Cox Arleo
United States Magistrate Judge
Martin Luther King Jr. Federal Building
50 Walnut Street, Room 2060
Newark, New Jersey 07101

    Re:   *Celgene Corp., et al. v. Abrika Pharmaceuticals, Inc., et al.*
           Civil Action No. 06-5818 (SDW) (MCA)

           Joint Discovery Plan

Dear Judge Arleo:

    Enclosed is the parties' Joint Discovery Plan. We look forward to meeting with Your Honor at the Initial Scheduling Conference in this case on Tuesday, July 10, 2007 at 3:00 p.m.

                                                         Respectfully yours,

                                                          s/ *Charles M. Lizza*
                                                          Charles M. Lizza

CML/jg
cc:    Stuart Reiser, Esq.
        Victoria Pekerman, Esq.
        Jonathan Harris, Esq.
        John Ongman, Esq.
        Matthew J. Becker, Esq.
        William J. O'Shaughnessy, Esq.
        Nicole A. Corona, Esq.
        Henry J. Renk, Esq.
        Nicholas N. Kallas, Esq.
        Lester J. Savit, Esq.
            (All via e-mail)

| | |
|---|---|
| Charles M. Lizza<br>SAUL EWING LLP<br>One Riverfront Plaza<br>Newark, New Jersey 07102-5490<br>Telephone: (973) 286-6700<br><br>*Attorneys for Plaintiff Celgene Corporation*<br><br>William J. O'Shaughnessy<br>MCCARTER & ENGLISH<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, New Jersey 07102<br>Telephone: (973) 622-4444<br><br>*Attorneys for Plaintiffs Novartis Pharmaceuticals Corporation and Novartis Pharma AG* | Stuart Reiser<br>Victoria R. Pekerman<br>SHAPIRO & CROLAND<br>Continental Plaza II<br>Hackensack, New Jersey 07601<br>Telephone: (201) 488-3900<br><br>*Attorneys for Defendants Abrika Pharmaceuticals, Inc. and Abrika LLLP* |

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CELGENE CORPORATION, NOVARTIS PHARMACEUTICALS CORPORATION and NOVARTIS PHARMA AG,<br><br>Plaintiffs,<br><br>v.<br><br>ABRIKA PHARMACEUTICALS, INC. and ABRIKA PHARMACEUTICALS, LLLP,<br><br>Defendants. | Civil Action No. 06-5818 (SDW)<br><br>Hon. Susan D. Wigenton, U.S.D.J.<br>Hon. Madeline Cox Arleo, U.S.M.J.<br><br>**(FILED ELECTRONICALLY)** |

**JOINT DISCOVERY PLAN**

1. **Description Of The Case**

   Plaintiffs allege that defendants are willfully infringing U.S. Patents No. 5,837,284 and No. 6,635,284 (collectively "patents" or "the patents-in-suit"). The patents are directed to certain extended release dosage forms of methylphenidate and methods of treatment

using the dosage forms. Extended release methylphenidate capsule products are currently sold under the trademark RITALIN®LA. The alleged act of infringement is Defendants' filing of an Abbreviated New Drug Application ("ANDA") for FDA approval to market extended release methylphenidate capsule products prior to the expiration of the patents-in-suit. Defendants moved to dismiss the case based on an alleged lack of personal jurisdiction in New Jersey, and moved to transfer the case to Delaware. Both of those motions were denied.

Defendants answered the complaint and asserted a counterclaim on June 1, 2007. Defendants allege that the claims of the patents are not infringed and are invalid because the purported inventions of the patents-in-suit are disclosed in or otherwise taught by the prior art. Defendants further allege that the patents-in-suit are unenforceable based on inequitable conduct before the U.S. Patent and Trademark Office.

2.  **Settlement Discussions**

Settlement discussions have not taken place. The parties do not believe settlement discussions would be productive at this time.

3.  **Initial Disclosures**

Plaintiffs will serve their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on July 17, 2007. Defendants contend that initial disclosures are unnecessary in this case because they were exchanged in the Delaware action. However, because plaintiffs are serving an additional initial disclosure, defendants also will serve an initial disclosure on July 17, 2007.

4. **Discovery Already Exchanged**

Limited discovery was conducted relating to defendants' claim that they were not subject to personal jurisdiction. This included the production of documents relating to defendants' contacts with New Jersey and one deposition. In addition, the parties have served and responded to Interrogatories and Requests for Production on the merits.

5. **Motions Expected To Be Filed Prior To End of Discovery**

   (a) Plaintiffs have applied for leave to file a motion to strike and to dismiss allegations of inequitable conduct appearing in the Answer and Counterclaim. The grounds for the motion is that the allegations fail to meet the pleading requirement of Rule 9(b).

   (b) Defendants have applied for leave to file a motion to dismiss Abrika LLLP for failure to state claims against it, pursuant to Fed. R. Civ. P. 12(b)(6). In addition, defendants also have applied for leave to file a motion for judgment on the pleadings regarding plaintiffs' allegation that defendants' infringement was willful.

6. **Discovery Topics and Phases**

   (a) Discovery is needed on the following subjects:

   (1) Infringement or non-infringement of the patents-in-suit;
   (2) Willful infringement (defendants plan to apply for leave to move for judgment on the pleadings);
   (3) Invalidity or validity of the patents-in-suit;
   (4) Unenforceability or enforceability of the patents-in-suit (currently the subject of an application for leave to move to dismiss);
   (5) Laches and equitable estoppel;
   (6) Prosecution of the patents-in-suit;
   (7) Defendants' ANDA;
   (8) The development, proposed marketing and intended uses of defendants' proposed extended release methylphenidate products; and,
   (9) Any other claims, counterclaim, and/or defenses that are subsequently properly pled in a timely fashion.

   (b) Should discovery be conducted in phases?

**Plaintiffs' Proposal**: Plaintiffs request that the expert discovery be conducted as a separate phase after the Markman hearing. Terminology in the patent claims will need to

- 3 -

be interpreted in a Markman proceeding. Judicial efficiency is advanced by knowing the constructions of claim terms prior to the preparation of expert reports and depositions. Accordingly, plaintiffs request that the Markman hearing be scheduled after fact discovery, and that expert discovery be conducted immediately after the claim constructions have been issued by the Court. Plaintiffs propose a due date for initial claim construction briefs of March 17, 2008, and a due date for rebuttal claim construction briefs of March 31, 2008. Subject to the Court's calendar, the Markman claim construction hearing could be scheduled for mid-April, 2008.

**Defendants' Proposal**: Defendants object to plaintiffs' proposal that Markman briefing not begin until after fact discovery has closed, on the grounds that (1) such a staggered schedule is unnecessary because Markman claim construction is substantively independent of fact deposition discovery, and therefore the Markman claim construction process can begin well prior to the close of fact discovery, and (2) such an approach will result in unnecessary delay. Defendants further object to plaintiffs' proposal that expert reports, under any circumstances, await the Court's Markman ruling. Although defendants are not opposed to conducting expert discovery after a prompt Markman ruling, the dependent deadlines in plaintiffs' proposed schedule create a likelihood that the litigation could lie dormant for a substantial period, thereby further delaying its resolution. Defendants propose that the parties exchange lists of claim terms requiring construction on December 1, 2007, and that the parties exchange proposed constructions for each of the terms in dispute on December 15, 2007. Defendants propose a due date for initial claim construction briefs of January 10, 2008, and a due date for rebuttal claim construction briefs of January 24, 2008. Subject to the Court's calendar, the Markman

-4-

claim construction hearing could be scheduled for mid-February. Defendants further propose that expert discovery commence immediately after the claim constructions have been issued by the Court, but in no event later than March 15, 2008.

(c) Number of interrogatories by each party to each other party: 40.

(d) Number of depositions to be taken by each party: 95 hours total deposition time.

(e) Expert reports on issues for which the party has a burden of proof due:

**Plaintiffs' proposal:** May 15, 2008, or 30 days after the issuance of the claim constructions, whichever is later.

**Defendants' proposal:** March 15, or 15 days after the issuance of claim constructions, whichever is earlier.

(f) Rebuttal expert reports due:

**Plaintiffs' proposal:** June 16, 2008, or 30 days after the issuance of the due date for the initial expert reports, whichever is later.

**Defendants' proposal:** 30 days after the due date for the initial expert reports.

(g) Motions to Amend or to Add Parties to be filed by August 10, 2007.

(h) Dispositive motions to be filed and served within 30 days of completion of expert discovery.

(i) Factual discovery to be completed by February 28, 2008.

(j) Expert discovery to be completed by:

**Plaintiffs' proposal:** 60 days after the due date for rebuttal expert reports.

**Defendants' proposal:** 30 days after the due date for rebuttal expert reports.

(k) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

The parties are currently negotiating a protective order to preserve the confidentiality of sensitive technical and business information.

(l) A pretrial conference will be scheduled:

> **Plaintiffs' proposal**: A pretrial conference will be scheduled after the claims have been construed.
>
> **Defendants' proposal**: July 15, 2008

(m) Non-jury trial.

(n) Trial date:

> **Plaintiffs' proposal:** A trial date will be scheduled after the claims have been construed.
>
> **Defendants' proposal:** September, 2008.

7. **Anticipated Discovery Problems**

The parties have exchanged letters regarding discovery disputes, which the parties hope to resolve without judicial intervention. Any unresolved discovery disputes will be presented to the Court for resolution.

8. **Special Discovery Needs**

Defendants contend that a witness resides in Canada.

9. **Special Procedures**

At this time, the parties do not anticipate the need for special procedures.

10. **Bifurcation**

The parties agree that this case is not appropriate for bifurcation of issues for trial.

11. **Trial By Magistrate Judge**

We do not consent to the trial being conducted by a Magistrate Judge.

Respectfully submitted,

Dated: July 6, 2007

SAUL EWING LLP

By: /s/ Charles M. Lizza
Charles M. Lizza
One Riverfront Plaza
Newark, New Jersey 07102-5490
Telephone: (973) 286-6700

– and –

Anthony M. Insogna
Lester J. Savit
JONES DAY
12265 El Camino Real, Suite 200
San Diego, California 92130-2083
Telephone: (858) 314-1200

*Attorneys for Plaintiff Celgene Corporation*

MCCARTER & ENGLISH

By: /s/ William J. O'Shaughnessy
William J. O'Shaughnessy
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone: (973) 622-4444

– and –

Henry J. Renk
Nicholas N. Kallas
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, NY 10112-3801
Telephone: (212) 218-2100

*Attorneys for Plaintiffs Novartis Pharmaceuticals Corporation and Novartis Pharma AG*

Dated: July 6, 2007

SHAPIRO & CROLAND

By: /s/ Stuart Reiser
Stuart Reiser
Victoria P. Pekerman
SHAPIRO & CROLAND
Continental Plaza II
411 Hacensack Avenue
Hacensack, NJ 07601
Telephone: (201) 488-3900

– and –

Jonathon A. Harris
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
Telephone: (860) 275-8100

– and –

John Will Ongman
AXINN, VELTROP & HARKRIDER LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 912-4700

*Attorneys for Defendants Abrika Pharmaceuticals, Inc. and Abrika Pharmaceuticals, LLLP*